## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MELINDA SCOTT,<br>               Appellant,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>               Appellees. | <br><br><br>4th Cir. Case No. 21-2006<br><br><br>Va. W.D. Case No. 2:20-cv-14 |

**MOTION TO DISMISS AND**
**ALTERNATIVE MOTION FOR SUMMARY AFFIRMANCE**

NOW COMES Defendant/Appellee Joshua Moon, by counsel, and submits this Motion to Dismiss, and Alternative Motion for Summary Affirmance. In support of this Motion, Defendant Moon states as follows:

1) The *pro se* Plaintiff filed substantially similar claims before against the same defendant in the same Court. As the District Court held in this matter, before dismissing the *third* round of claims that is at issue in this suit: "The plaintiff has sought to sue Moon twice before in this court. In the earlier *pro se* actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress. *Scott v. Moon*, No. 2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan. 24, 2019) (dismissing action for failure to state a viable claim), *aff'd*, 773 F. App'x

138 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 478 (2019); *Scott v. Carlson*, No. 2:18CV00047, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), *aff'd*, 773 F. App'x 136 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 400 (2019)."

2) The District Court has certified, pursuant to Fed. R. App. P. 24(a)(3)(A), that the instant appeal "is not taken in good faith." That certification is found at ECF No. 79 in the record, and is also attached to this Motion for ease of reference as Exhibit A.

3) "The district court's certification that the appeal is taken in bad faith controls in the absence of some showing that the district court itself made such a determination in bad faith." *Harvey v. Taylor Country Farms, Ltd.*, No. 91-1849, 1992 U.S. App. LEXIS 16835, at *4 (4th Cir., July 20, 1992) (Unpub.), citing *Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939 (D.C. Cir. 1967); accord. *Spurlock v. Hurst*, 391 Fed. Appx. 257 (4th Cir. 2010). "Where the district court certifies that the appeal is not taken in good faith, it must show 'not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Harvey*, citing *Liles v. South Carolina Dep't of Corrections*, 414 F.2d 612, 614 n.1 (4th Cir. 1969).

4) The Appellant is not entitled to proceed *in forma pauperis* in this Court following the district court's certification that her appeal was not taken in good faith. Fed. R. App. P. 24 (a)(3), *accord.* 28 U.S.C. § 1915 (a)(3). The Appellant has not made a separate application to this Court for *in pauperis status* as required by Fed. R. App. P. 24 (a)(5).[1] Nor has the Appellant paid the required filing fee.

5) In the event that this Court declines to dismiss on the grounds that the Appellant has not established entitlement to proceed *in forma pauperis* and has not paid the filing fee, Appellee Moon moves in the alternative that this Court summarily affirm the District Court. Local Rule 27 (f)(1) provides that "Motions for summary affirmance or reversal filed prior to completion of briefing should include a showing that the issues raised on appeal are in fact manifestly unsubstantial and appropriate for disposition by motion." In the instant case, the issues are manifestly insubstantial because the District Court has already certified that the Appeal was not taken in bad faith and set forth the facts upon which that certification was made, including the fact that

---

[1] The time for Plaintiff to file an application with this Court for *in forma pauperis* status pursuant to Fed. R. App. P. 24 (a)(5) has not yet elapsed. Appellee Moon respectfully submits that if Plaintiff files such an application, this Court ought to deny it in light of the District Court's certificate that the appeal was not taken in good faith and because such an application is prohibited by 28 U.S.C. § 1915 (a)(3), which states that "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

the same Plaintiff previously sued the same defendant for the same conduct in the same court *twice*, with this Court affirming dismissals in both previous cases and the Supreme Court denying certiorari.

6) Local Rule 27 (f)(3) provides that this Court may suspend the briefing schedule pending a ruling on a motion for summary affirmance, but that a motion to suspend the briefing schedule must be made in a separate motion. As such, a separate motion requesting such relief is being filed contemporaneously herewith.

WHEREFORE, Appellee Joshua Moon moves that this appeal be dismissed, with costs, or alternatively moves that this Court summarily affirm the decision of the District Court.

Respectfully submitted this the 23rd day of September, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

> Melinda Scott
> 2014PMB87
> Post Office Box 1133
> Richmond, VA 23218

Dated: September 23, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*

## Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 32 (g), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32 (f), 793 words in length. I have relied upon Microsoft Word's word processor to establish that count.

Dated: September 23, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

| | |
|---|---|
| MELINDA SCOTT, <br>                  Plaintiff, <br> v. <br> WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*, <br>                  Defendants. | Case No. 2:20-cv-00014-JPJ-PMS |

**ORDER**

This matter is before the court on the following motions, all filed by the defendant Joshua Moon:

1. Motion To Require An Appeal Bond, (Docket Item No. 65);
2. Motion To Supplement The Record, (Docket Item No. 73); and
3. Motion To Take Judicial Notice, (Docket Item No. 74).

Based on the arguments and representations contained in the motions, it is **ORDERED** as follows:

1. Motion To Supplement The Record, (Docket Item No. 73), is **DENIED** because the undersigned has not considered, and will not consider, any facts or legal arguments contained in the pro se plaintiff's emails that have not been properly filed with the court on the court's docket; and

1

2.  Motion To Take Judicial Notice, (Docket Item No. 74), is **DENIED** because the Court of Appeal decision at issue is not relevant to the Motion To Require An Appeal Bond.

Regarding the Motion To Require An Appeal Bond, (Docket Item No. 65), being fully advised, having reviewed the briefs of the parties and the entire record herein, the court hereby **GRANTS** the Motion.

The court certifies, pursuant to Fed. R. App. P. 24 (a)(3)(A), that the plaintiff's appeal in this matter is not taken in good faith. As set forth in this court's Memorandum and Order of August 30, 2021, (Docket Item No. 61):

> Melinda Scott, a frequent pro se litigant in this and other courts, filed this action in forma pauperis asserting two separate causes of action. … The second claim, a pendent state cause of action, is against defendant Joshua Moon and four John or Jane Doe defendants. … It is asserted that Moon is the owner of a website in which the John or Jane Doe defendants posted derogatory remarks about the plaintiff and that they and Moon "each are responsible for contributing to [a] malicious phone call made to Wise Co.[Department of Social Services] that resulted in a home visit to the Plaintiff's house on June 22, 2020." … The plaintiff alleges that as a result she "experienced extreme emotional distress including anger and rage." …
> The plaintiff has sought to sue Moon twice before in this court. In the earlier pro se actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress. *Scott v. Moon*, No. 2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan. 24, 2019) (dismissing action for failure to state a viable claim), *aff'd*, 773 F. App'x 138 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 478 (2019); *Scott v. Carlson*, No. 2:18CV00047, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), *aff'd*, 773 F. App'x 136 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 400 (2019). …
> …

> The plaintiff's allegations do not meet the test of Virginia law [for a claim of intentional infliction of emotional distress]. Moreover, it is clear that she is speculating that Moon was involved in some way in the call to the local Department of Social Services. I will grant the Motion To Dismiss as to defendant Moon. Because the plaintiff's allegations are wholly insufficient, I will also dismiss the claims against the John and Jane Does pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Particularly in light of the plaintiff's repetitive meritless filings on this subject, I will dismiss the action with prejudice.

As found by Judge Jones as set out above, the plaintiff, in the present case, largely repeats allegations that were raised in her previous cases against the same defendant. As set out above, plaintiff's previous appeals have been rejected by both the Fourth Circuit and the U.S. Supreme Court, and there is no reason to believe her current appeal will be more successful than previous appeals on the same subject. Moreover, the plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law. *See* Docket Item No. 68 at 11-14. Having never requested any motions hearing in this matter, Plaintiff cannot appeal on the basis that no motions hearings were held. Plaintiff was not entitled to an evidentiary hearing on a 12(b)(6) motion. Lastly, Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent. A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (citations omitted).

For the foregoing reasons, this court hereby certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that the appeal is not taken in good faith. Pursuant to Fed. R. App. P. 24(a)(4)(B), the Clerk shall send notice of this certification to the Fourth Circuit Court of Appeals, to counsel of record and to the plaintiff.

**IT IS SO ORDERED** this 22nd day of September, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE