**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| MELINDA SCOTT, <br>                     Appellant, <br><br> v. <br><br> WISE COUNTY DEPARTMENT OF <br> SOCIAL SERVICES, *et al.*, <br><br>                     Appellees. | 4th Cir. Case No. 21-2006 <br><br> Va. W.D. Case No. 2:20-cv-14 |

**MOTION TO SUSPEND THE BRIEFING SCHEDULE
PURSUANT TO LOCAL RULE 27 (f)(3)**

NOW COMES Defendant/Appellee Joshua Moon, by counsel, and submits this Motion to Suspend the Briefing Schedule Pursuant to Local Rule 27 (f)(3). In support of this Motion, Mr. Moon states as follows:

1) Appellee Moon has filed a Motion to Dismiss, and Alternative Motion for Summary Affirmance, in this matter. In brief, this is a case in which the District Court has certified, pursuant to Fed. R. App. P.24 (a)(3)(A), that the appeal was not taken in good faith. The District Court's certification was based in part on the fact that the instant case largely repeats allegations raised in two previous cases dismissed by the same court, which dismissals were each affirmed on appeal to this Court and in which petitions for certiorari to the U.S. Supreme Court were denied. See Exhibit A.

2) Because the District Court has certified that this appeal was not taken in good faith, it is extraordinarily likely that the criteria to handle this case summarily pursuant to Local Rule 27 (f) are met.

3) Pending disposition of the Motion to Dismiss, and Alternative Motion for Summary Affirmance, this Court should suspend the briefing schedule such that the victim of a bad-faith appeal need not respond to the filings herein and bear the costs of litigation in which the Appellant's motives are questionable at best.

WHEREFORE, Appellee Joshua Moon moves that the briefing schedule be suspended pursuant to Local Rule 27 (f)(3).

Respectfully submitted this the 23rd day of September, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I will also deposit a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

>Melinda Scott
>2014PMB87
>Post Office Box 1133
>Richmond, VA 23218

Dated: September 23, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*

## Certificate of Compliance

I hereby certify, pursuant to Fed. R.App.P. 32 (g), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32 (f), 246 words in length. I have relied upon Microsoft Word's word processor to establish that count.

Dated: September 23, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division**

| | |
|---|---|
| MELINDA SCOTT,<br><br>                    Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>                    Defendants. | Case No. 2:20-cv-00014-JPJ-PMS |

**ORDER**

This matter is before the court on the following motions, all filed by the defendant Joshua Moon:

1. Motion To Require An Appeal Bond, (Docket Item No. 65);
2. Motion To Supplement The Record, (Docket Item No. 73); and
3. Motion To Take Judicial Notice, (Docket Item No. 74).

Based on the arguments and representations contained in the motions, it is **ORDERED** as follows:

1. Motion To Supplement The Record, (Docket Item No. 73), is **DENIED** because the undersigned has not considered, and will not consider, any facts or legal arguments contained in the pro se plaintiff's emails that have not been properly filed with the court on the court's docket; and

1

USCA4 Appeal: 21-2006     Doc: 6     Filed: 09/23/2021     Pg: 5 of 7
Case 2:20-cv-00014-JPJ-PMS Document 79 Filed 09/22/21 Page 2 of 4 Pageid#: 516

2. Motion To Take Judicial Notice, (Docket Item No. 74), is **DENIED** because the Court of Appeal decision at issue is not relevant to the Motion To Require An Appeal Bond.

Regarding the Motion To Require An Appeal Bond, (Docket Item No. 65), being fully advised, having reviewed the briefs of the parties and the entire record herein, the court hereby **GRANTS** the Motion.

The court certifies, pursuant to Fed. R. App. P. 24 (a)(3)(A), that the plaintiff's appeal in this matter is not taken in good faith. As set forth in this court's Memorandum and Order of August 30, 2021, (Docket Item No. 61):

> Melinda Scott, a frequent pro se litigant in this and other courts, filed this action in forma pauperis asserting two separate causes of action. … The second claim, a pendent state cause of action, is against defendant Joshua Moon and four John or Jane Doe defendants. … It is asserted that Moon is the owner of a website in which the John or Jane Doe defendants posted derogatory remarks about the plaintiff and that they and Moon "each are responsible for contributing to [a] malicious phone call made to Wise Co.[Department of Social Services] that resulted in a home visit to the Plaintiff's house on June 22, 2020." … The plaintiff alleges that as a result she "experienced extreme emotional distress including anger and rage." …
> The plaintiff has sought to sue Moon twice before in this court. In the earlier pro se actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress. *Scott v. Moon*, No. 2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan. 24, 2019) (dismissing action for failure to state a viable claim), *aff'd*, 773 F. App'x 138 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 478 (2019); *Scott v. Carlson*, No. 2:18CV00047, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), *aff'd*, 773 F. App'x 136 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 400 (2019). …
> …

2

> The plaintiff's allegations do not meet the test of Virginia law [for a claim of intentional infliction of emotional distress]. Moreover, it is clear that she is speculating that Moon was involved in some way in the call to the local Department of Social Services. I will grant the Motion To Dismiss as to defendant Moon. Because the plaintiff's allegations are wholly insufficient, I will also dismiss the claims against the John and Jane Does pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Particularly in light of the plaintiff's repetitive meritless filings on this subject, I will dismiss the action with prejudice.

As found by Judge Jones as set out above, the plaintiff, in the present case, largely repeats allegations that were raised in her previous cases against the same defendant. As set out above, plaintiff's previous appeals have been rejected by both the Fourth Circuit and the U.S. Supreme Court, and there is no reason to believe her current appeal will be more successful than previous appeals on the same subject. Moreover, the plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law. *See* Docket Item No. 68 at 11-14. Having never requested any motions hearing in this matter, Plaintiff cannot appeal on the basis that no motions hearings were held. Plaintiff was not entitled to an evidentiary hearing on a 12(b)(6) motion. Lastly, Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent. A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (citations omitted).

For the foregoing reasons, this court hereby certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that the appeal is not taken in good faith. Pursuant to Fed. R. App. P. 24(a)(4)(B), the Clerk shall send notice of this certification to the Fourth Circuit Court of Appeals, to counsel of record and to the plaintiff.

3

**IT IS SO ORDERED** this 22nd day of September, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE