AB

RECEIVED
2021 SEP 30 PH 1:42
U.S. COURT OF APPEALS
FOURTH CIRCUIT

# IN THE FOURTH CIRCUIT
## COURT OF APPEALS

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| APPELLANT. | ) |
| | ) |
| V. | )          Case No. 21-2006 |
| | ) |
| WISE CO. DSS, | ) |
| ET AL., | ) |
| | ) |
| APPELLEES. | ) |

## INFORMAL BRIEF

COMES NOW, the Appellant, Melinda Scott, and timely files this response

to the Fourth Circuit Court of Appeal's Order of September 14, 2021 to file an

informal brief. The Fourth Circuit ordered the Appellant to respond by October

8, 2021. This informal brief will conform to the Fourth Circuit's standards of

informal briefs[1] to include: (a) a jurisdiction statement, (b) issues for review,

(c) supporting facts and arguments, and (d) relief requested. It will also identify

prior appeals the Appellant has filed in the Fourth Circuit Court of Appeals. It

---

[1] ca4.uscourts.gov/appellateprocedureguide/briefing/APG-informailbriefing.html#pID0EGHA

will omit at this stage the case law and table of authorities upon which the Appellant will rely in her formal appeal brief, as the Fourth Circuit does not require the case law at this stage.

**Jurisdiction**. The Appellant has filed a Notice of Appeal from the Fourth District court for the Western District of Virginia. The Order and Judgment the Appellant has filed a Notice of Appeal for was entered into the district court docket on August 30, 2021 and signed by senior judge James P. Jones.

**Issues for Review.** The Appellant brings before this court the following issues for review:

1. The Appellant's case was dismissed by the fourth district on the basis that the Appellant did not meet the four (4) element test of a case of I.I.E.D with regard to Appellee Joshua Moon, Defendant Jane Doe 1 and Defendants John Does 1-3. The district court particularly brought attention to the second element of claims of I.I.E.D. However, the district court erred in ruling that "the Plaintiff's allegations do not meet the test of Virginia law" for claims of IIED (stated in Order and Opinion of August 30, 2021).

2. The Order and Opinion of August 30, 2021 did not address *all* of the facts set forth in the Appellant's Complaint. The Order and

Opinion of August 30, 2021 did not take into account all of the facts set forth in paragraphs 65 through 80 of the Appellant's Complaint. Instead, the district court erred in reducing the Plaintiff's IIED claims simply to "derogatory remarks" and a "malicious phone call" (Order and Opinion of August 30, 2021, ¶3).

3. The district court erred in stating that the Appellant linked only the "derogatory remarks" and the "malicious phone call" to the proximate cause of her claim of the intentional infliction of emotional distress (Order and Opinion of August 30, 2021, ¶3). Instead, the Appellant stated in her Complaint (¶65-80) that multiple actions of Appellee Joshua Moon, Defendant Jane Doe 1, and Defendant John Doe 3 were the proximate cause of her claim of the intentional infliction of emotional distress.

4. Civilized society does not tolerate repeated and ongoing malicious conduct targeted toward a specific individual by means of the internet.

5. The district court erred in failing to address in the Order of August 30, 2021 the constitutional violations of Defendants Joshua Moon

and John Does 1-2 presented in the Appellant's Complaint (ECF/docket #3, ¶46,52).

6.  The district court erred in stating that the Appellant is only "speculating" of Appellee Joshua Moon's contribution to the malicious phone call to a CPS agency, when paragraphs 65 through 80 of her Complaint set forth multiple facts demonstrating Appellee Joshua Moon's contributions to the malicious phone call to CPS.

7.  The district court erred in labeling the Appellant's Complaints and lawsuits "repetitive and meritless" with no supporting facts or case law to support such a statement. Further, this statement, like the ones that preceded it in the order of August 30, 2021 omits information in the Appellant's Complaint. Namely, that the content on the website which is the subject of this case "evolved" over a three year period, thus necessitating additional lawsuits over a course of time.

8.  The district court erred in dismissing the Appellant's case "with prejudice", as she maintains a constitutional right to file new causes of action that might arise. She also maintains a constitutional right of access to the courts.

9. The district did not apply the Federal Rules of Civil Procedure, the rulings of the Fourth Circuit and the rulings of the US Supreme Court regarding constructive notice and actual notice (service).

10. The district did not apply the rulings of the Fourth Circuit and the rulings of the US Supreme Court with regard to "excusable neglect" being a requirement to overturn an entry of Default.

11. The district court's unwillingness to apply binding case law and federal rules with regard to constructive notice, actual notice and "excusable neglect" was prejudicial to Appellant Scott.

12. The district court negligently or intentionally ignored the Appellant's request in her Complaint to serve discovery upon Jane Doe 1 and John Does 1-3.

13. Appellee Joshua Moon was properly served in accordance with the Federal Rules of Civil Procedure and Florida State laws.

14. Appellee Joshua Moon maintains sufficient ties to Florida that grant the Fourth District legal jurisdiction over him.

15. Appelle Joshua Moon does not qualify for immunity under CDA [47 USC] Section 230.

16. This case is not prohibited by the legal doctrines of *res adjudicata* or *collateral estoppel.* This is the first time Appellant Scott has brought a claim of I.I.E.D against Appellee Joshua Moon after a 3 year course of conduct maliciously aimed at Appellant Scott.

17. The Appellant was entitled to a hearing to present evidence and testimony regarding her Complaint.

18. The ruling of the district court of August 30, 2021 was an abuse of discretion, not founded upon case law, nor a proper finding of facts, or the Federal Rules of Civil Procedure.

19. Judge Jones had a judicial duty to recuse himself from the case.

**Prior Appeals.** Appellant Scott has twice appealed to the Fourth Circuit Court of Appeals. One case (19-1123) was filed for claims of Appropriation, Defamation and Negative/False light with Appellee Joshua Moon named as a defendant and it was solely revolving on the issue of CDA [47 U.S.C] Section 230 immunity. It was dismissed on the following grounds:

> "*We agree with the district court that Scott's complaint contained insufficient allegations that the Defendants provided illegal content about her or encouraged such content to be posted online.*"

The case was dismissed because the Appellant's complaint (at that time) lacked sufficient allegations to clearly state that Defendant Joshua Moon and New England resident Brian Zaiger did not qualify for immunity under CDA [47 U.S.C] Section 230. The second case (19-1011) was brought for 4th Amendment violations as a state actor against Appellee Joshua Moon, who posted information from courts not of record about Appellant Scott on his website. The appeal revolved around the issue of whether or not there were sufficient allegations in the Appellant's complaint (filed at that time) indicating that Defendant Joshua Moon and New York resident Andrew Carlson were state actors. The case was dismissed solely on the grounds that the Appellant's complaint did not contain sufficient allegations to qualify Appellee Joshua Moon as a state actor.

**Supporting Facts and Arguments.** This case is the first time Appellant Melinda Scott has sued Jane Doe 1 and John Does 1-3. This case represents the third time Appellant (Melinda) Scott has sued Defendant Joshua Moon in the Fourth District. None of the prior lawsuits against Appellee Joshua Moon were for the issue presented here: I.I.E.D. The prior lawsuits were for the Torts of Appropriation, Defamation, False/Negative Light, and 4th Amendment violations by a state actor.

The nature of the website that Appellee Joshua Moon owns is one that is fluid and not stagnant. The content is constantly growing and changing. The reverberating effects of Jane Doe 1's article have manifested in different ways over the course of several years. The repeated attacks from users of the website KiwiFarms.net and others in society have necessitated multiple lawsuits over the course of several years. The type of effects upon Appellant Melinda Scott do not exist at a stationary point in time. As more actions by Appellee Joshua Moon and others are taken, more lawsuits have had to arise. Additionally, one constant unchanging factor has necessitated Appellee Joshua Moon's accountability in the case: he is the owner of the socially abusive website he owns, KiwiFarms.net. He orchestrates all of the content of the website and is responsible for its existence.

The Appellant has ample case law documented in her personal notes to prove before this court that she has adequately stated in her Complaint facts that meet the four (4) part test of a claim of I.I.E.D against Appellee Joshua Moon, Jane Doe 1 and John Does 1-3. This case gives the court an opportunity to expand current I.I.E.D case law as it applies to the internet. There are staggering and important issues for society that this case could set a precedent for. This court has the opportunity to promote social justice in answering the question at large here: is long term social abuse by means of the internet, which is targeted against

a specific individual, and which subsequently affects that individual to experience

extreme emotional distress, actionable as the tort of Intentional Infliction of

Emotional Distress?

The Appellant properly served Appellee Joshua Moon under the Federal

Rules of Civil Procedure and Florida State law, which permits service at an

electronic mailbox. Florida Statute 48.031(6)(a) permits service to an electronic

mailbox when that is the best course of action for serving an individual or

business. The US Marshal's service sent proof of service back to the district court.

Appellant Scott determined that Joshua Moon's business electronic mailbox was

the best course of action because (a) Appellee Joshua Moon advertises on his

website publicly to be served as a business via this electronic mailbox (b) it made

it possible for Appellant Scott to serve Joshua Moon within the time requirements

set by the rules and (c) it eliminated any debate of residency. The legal standards

of the Supreme Court, Fourth Circuit and Fourth District do not permit

manipulation of the legal system by a defendant lying publicly about their service

address in order for a defendant to be a fugitive from service. Appellee Joshua

Moon, by counsel, told the district court in his filings that he was a resident of the

European Union but did not submit any evidence to support this assertion.

Joshua Moon also maintains ties to Florida, like being a registered Republican

under a Pensacola address, which could count him as a resident of Florida. As Appellant Scott saw in hindsight, she served his business electronic mailbox to prevent a lengthy debate over residency, and rightly so, as Appellee Joshua Moon made a squabble over residency, albeit with no evidence to support his claim.

Aside from *actual* notice that Appellee Joshua Moon received, he also had complete *constructive notice* of the lawsuit on July 10, 2020. This was noted in the Appellant's pleadings before the district court, namely in her Motions to Compel discovery. Appellant Scott provided to the district court the exact URLs showing where Appellee Joshua Moon made public statements that he knew a lawsuit was forthcoming. The legal standard of the Fourth Circuit and the US Supreme Court is that *constructive notice* requires a Defendant to act. Appellee Joshua Moon did not respond to the Appellant's lawsuit, despite having *constructive* notice since July 10, 2020, and *actual* notice since August 21, 2020, until a Default order was entered. He waited until an entry of Default was docketed by the district court and then he decided to respond.

Appellant Scott was unable to serve Defendants Jane Doe 1 and John Does 1-3 because the district court either negligently or intentionally did not respond to her request in her Complaint for permission to serve discovery requests upon

Appellee Joshua Moon prior to him being served by the US Marshal. This request for permission to engage in early, immediate discovery was contained within the pro-se form "Request for Relief" section, a part of the Complaint submitted by the Appellant to the district court. The district court accepted her complaint but did not take action on her request to serve discovery requests to Appellee Joshua Moon in order to serve Jane Doe 1 and John Does 1-3 in a timely manner, as required by the Federal Rules of Civil Procedure.

The district court entered in a Default on November 16, 2020, "based on the pleadings and a review of the record". That exact language was used in the judge's Order of November 16, 2020. The Order also stated that Appellant Scott would be entitled to a hearing. At that point, the district court had already reviewed the contents of Appellant Scott's Complaint and the US Marshal's notice of service. "Based on the pleadings and a review of the record" means that at this stage the district court accepted her Complaint as meeting the four (4) part test of an IIED claim against all mentioned Defendants, and that service was valid.

Having been alarmed by entry of the Default Appellee Joshua Moon decided to respond to the lawsuit on December 7, 2020. Appellant Scott filed pleadings in opposition to his position that he be entitled to vacate the entry of

Default. Despite being briefed by the Appellant on the legal standards of the Fourth Circuit and US Supreme Court regarding *constructive* notice requiring a Defendant to act in a timely manner, the district court vacated the entry of Default and withdrew Appellant Scott's opportunity to have a hearing to present evidence and testimony. Appellant Scott briefed the Fourth District court of the legal standard of constructive notice but her case law was ignored. This was an error on the part of the district court who is fully legally obligated to uphold the rulings of the Fourth Circuit and US Supreme Court's, including their rulings on *constructive* notice requiring a defendant to act. Appellee Joshua Moon did *not* respond to the lawsuit despite having full constructive notice that a lawsuit was forthcoming. He also did not respond even when he was given actual notice by the US Marshal. Appellee Joshua Moon was not entitled to a vacatur of the entry of Default, as a matter of law. He had no valid reason of "excusable neglect", which is one of the legal standards to overcome an entry of Default. The Fourth District ignored Appellant Scott's case law demonstrating that a Defendant have a valid reason of "excusable neglect" in order to overturn an entry of Default. The Fourth District erred in not upholding the Federal Rules of Civil Procedure, legal standards of the US Supreme Court rulings, and legal standards of the Fourth Circuit rulings, with regard to constructive, actual notice (service) of lawsuits and

"excusable neglect" requirement to overturn an entry of Default. Their failure to uphold these rulings and the rules was prejudicial to Appellant Scott.

Because the district court did not uphold the legal standards of constructive and actual notice (proper service) against Appelle Joshua Moon, the Appellant moved to recuse Judge James P. Jones. As a judge who is required to uphold the legal standards and rulings of the Fourth Circuit and US Supreme Court, it seemed very odd that Judge Jones would push those legal standards and case law rulings aside in favor of Appellee Moon's request to vacate the entry of Default. There was a shift away from deciding in an Order (November 16, 2020) that Appellant Scott's Complaint was sufficient, and that Joshua Moon had been properly served, "based on the pleadings and a review of the record" to a vacatur of the entry of Default. This shift was *not* based on adherence to *binding* case law and so it appeared to be the result of either (a) a conflict of interest between Counsel for Appellee Joshua Moon and the judge, or (b) bias against the Appellant or (c) both. Judge Jones' unwillingness to not properly adhere to the binding case law appeared to be prejudicial bias. Appellant Scott moved to recuse the judge for bias, on the basis of her gender, on March 1, 2021.

In her Motion for Recusal Appellant Scott pointed out Judge Jones' unwillingness to apply (a) the legal standards of constructive notice, (b) the legal

standards of actual notice through Florida Statute 48.031(6)(a), (c) the legal standard that the Defendant have a duty to prove that they didn't receive a Summons and Complaint and (d) prejudice against the Appellant by having no consistent reason for granting and then denying discovery requests against Appellee Joshua Moon.

On November 3, 2020, 3 months after she filed her Complaint, and 2 months after Joshua Moon was served, Judge Jones wrote that Appellant Scott didn't need the permission of the court to proceed with discovery. On November 16, 2020 Judge Jones, by court order, wrote that Appellant Scott had a right to proceed with discovery "based on the pleadings and a review of the record". On December 16, 2020 the Motion to Compel discovery from Joshua Moon was held in abeyance due to a pending Motion to Vacate the entry of Default against Appellee Joshua Moon even though Defendants Jane Doe 1 and John Does 1-3 were still defendants in the case. On February 16, 2021 her Motion to Compel was denied after the Default was vacated. The district court erred in putting her Motion to Compel request into abeyance on December 16, 2020 and erred in denying her discovery requests on February 16, 2021 even though the case had not yet been dismissed against Jane Does 1 and John Does 1-3.

Judge Jones did not respond to her Motion to Recusal nor did he recuse himself. Instead, he chose to rule on the merits of the case and issue an Order and Opinion on August 30, 2021. After vacating the Default on February 16, 2021, the district court decided to rule upon the merits of the Complaint on August 30, 2021. This decision by the district court to rule upon the merits of the Complaint meant that the district court decided: (a) service upon Appellee Joshua Moon was upheld as valid, (b) Appellee Joshua Moon does not qualify for immunity under CDA Section 230, as asserted in the Appellant's Complaint (¶76), and later brought up again in subsequent filings (c) that this cause of action is not barred by *res adjudicata* nor *collateral estoppel*, (d) the district court had jurisdiction over Appellee Joshua Moon and (e) the district court was the proper venue. All of these issues were brought up by Appellee Moon, by counsel, in his motion to vacate the entry of Default.

Judge Jones' Order and Opinion of August 30, 2021 can be construed as a correction of his bias by ruling upon the merits and not dismissing the case for lack of proper service, thereby upholding the legal standards of the Fourth Circuit and US Supreme Court with regard to (a) actual notice (service) through Florida Statute 48.031(6)(a), and (b) the legal standard that the Defendant have a duty to prove that they didn't receive a Summons and Complaint when the US Marshal's

service certified in a court record that they did. All of these were issues brought up in the Appellant's Motion for Recusal (March 1, 2021).

The fact that the district court decided to rule on the merits of the case, rather than dismiss it for lack of constructive notice or lack of proper service also brings into question why the entry of Default was vacated in the first place. Since constructive notice and actual service upon Appellee Joshua Moon existed and both are legally binding within the meaning of legal standards of the rulings of the Fourth Circuit, the rulings of the US Supreme Court, and the Federal Rules of Civil Procedure, then Appellant Scott was entitled to the entry of Default and a hearing. Even if the entry of Default was set aside and the district court decided to rule on the merits by hearing from both sides, the Appellant was still entitled to discovery and a hearing because service was valid. The district court was wholly inconsistent in its approach, treating the Appellant in a prejudicial manner.

However, although the district court's Order of August 30, 2021 finally upheld that *actual* service upon Joshua Moon was valid, and constructive notice was binding upon him, in accordance with *binding* case law, the district court then erred in omitting in the Order and Opinion of August 30, 2021 several of the facts about Appellee Joshua Moon, Defendant Jane Doe 1, and Defendants John Does 1-3 which were pled by Appellant Scott in paragraphs 65 through 80

of her Complaint. Paragraphs 65 through 80 of her complaint go far beyond the "derogatory remarks" and a "malicious phone call" to CPS referenced in the Order and Opinion of August 30, 2021 which dismissed the case.

Paragraphs 65 to 80 of the Appellant's Complaint describe in detail an intentional scheme by Appellee Joshua Moon, Defendant Jane Doe 1, and Defendants John Does 1-3. These same paragraphs go into further detail to describe their intentional scheme aimed at socially abusing, harming and injuring the Appellant through a targeted attack against the Appellant, by use of the internet, all of which spanned over the course of three years. The district court erred in overlooking many of the facts outlined by the Appellant in paragraphs 65 through 80 of her Complaint. These paragraphs also described, beyond mere speculation, how Appellee Joshua Moon contributed to the malicious phone call to CPS. Joshua Moon contributed to the malicious phone call because he is the one that makes it possible for KiwiFarms.net to exist. The Appellant adequately stated that he was the owner of the website in her Complaint.

The district court also ignored the constitutional violations alleged in the Appellant's Complaint against Appellee Joshua Moon, Defendant Jane Doe 1, and John Does 1-3. Those constitutional violations were put forth in the Appellant's Complaint in paragraphs 46 and 52 of the Complaint.

The omission of facts presented in paragraphs 65 through 80 of the Appellant's Complaint resulted in a dismissal mostly focusing on the second prong of a claim of I.I.E.D: that the conduct of the defendants must be outrageous and intolerable to be actionable under the tort of I.I.E.D. The judge failed to recognize the facts in paragraphs 65 through 80 which demonstrated clearly in the Appellant's Complaint that Appelle Joshua Moon's, Defendant Jane Doe 1's, and Defendants John Does 1-3's actions were so extreme and outrageous, going beyond all bounds of decency and are not tolerated by a civilized society. A socially abusive repeated and targeted attack against an individual by use of the internet is not tolerated by civilized society. Neither are malicious phone calls to CPS, which are a crime under Virginia law. Without an inclusion of *all* of these paragraphs (¶65-80), the judge did not rule on the *totality* of the facts.

At many points in the case, after the Notice of Appearance was filed by Counsel Matthew Hardin, the court began to show a pattern of prejudicial rulings against Appellant Scott. This may have been due to a conflict of interest between Counsel Hardin and Judge Jones. Appellant Scott contends that it was more likely due to gender bias, as noted in her Motion for Recusal. It was evident that she was not treated in an equal manner in this case because case law and federal

rules that are *binding* upon the Fourth District were ignored until she "sounded the alarm" in her Motion for Recusal. Even after that bias was corrected in the Order of August 30, 2021, the same judge managed to (a) not issue an order consistent with the legal standards of fact finding (b) ignore the totality of facts in the Appellant's Complaint and (c) rule on the merits without giving Appellant Scott the hearing she was entitled to as a matter of law. The district court error in ignoring *all* of the facts in Appellant Scott's Complaint resulted in the district court not seeing the totality of actions of Appellee Joshua Moon, Defendant Jane Doe 1 and Defendants John Does 1-3 for what they were: the intentional infliction of emotional distress.

Likewise, the ruling of August 30, 2021 was also an abuse of discretion by the district court. The legal conclusion that the Appellant's Complaint did not meet the second prong of a claim of I.I.E.D was not supported by actual findings on the totality of facts. It was a legal conclusion that did not take into account all applicable relevant case law from the Fourth Circuit and US Supreme Court with regard to claims of I.I.E.D. If Appellant Scott had been given her lawful right to a hearing, the opportunity to present the case law before the court would have arised. Further, it is unconscionable that a judge would dismiss with so little concern a crime committed by defendants. Making a malicious CPS call is not

tolerated by civilized society, so much so that it is codified as a crime under Virginia law. The judge also arbitrarily decided that the Appellant's case was "repetitive" and "meritless" without a single fact presented to support such words. These words ignored the *fact* that Appellant Scott had alleged in her Complaint that the effects of the abusive website KiwiFarms.net *evolved* over time. The word "meritless" defies the current legal standard in *Ashcroft* that a Plaintiff's allegations in a Complaint be accepted as true on their face. These words were likely written solely because the judge was offended that Appellant Scott motioned for recusal.

Lastly, the district court erred in dismissing the case with prejudice. The Appellant maintains a constitutional right to file new causes of action that may arise from an evolving and continual course of conduct by malicious defendants. This right to file is a basic and recognized right of any taxpayer and citizen, which the Appellant is. This right is an extension of case law set forth by the Fourteenth Amendment, well documented in case law from the US Supreme Court and in every Circuit and District court under it. It is so widely recognized as a basic right of the people, that it needs no expansion of discussion.

**Relief Requested.** In consideration of the totality of the Appellant's statements, facts and issues of appeal contained within this Informal Brief, the

Appellant asks that this court grant her a certificate of appealability, and

consequently, give her the opportunity to submit a full formal brief before the

Fourth Circuit Court of Appeals.


RESPECTFULLY,


Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this INFORMAL BRIEF to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com; and to Counsel for the Defendant Wise County Department of Social Services, Christopher Dadak, 415 S College Ave, Salem, VA 24153, and at christopherd@guynnwaddell.com, on this _28th_ day of SEPT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFIED MAIL

Melinda
PO BOX 1133
2014 PMB 87
Richmond, VA 23218

7020 1810 0000 5425 9217

Fourth C
Clerk,
Lewis F
1100 E.
Richm




U.S. POSTAGE PAID
FCM LG ENV
CHRISTIANSBURG, VA
24073
SEP 28, 21
AMOUNT
**$6.11**
R2304H108598-18

UNITED STATES
POSTAL SERVICE®

1000          23219

ircuit Court of Appeals

Ashley Brownlee

Powell Jr. Courthouse & Annex

Main St., Ste. 501

ond, VA 23219

SEP 30 2021

SPECTED