

IN THE FOURTH CIRCUIT
COURT OF APPEALS

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| | ) | |
| APPELLANT. | ) | |
| | ) | |
| V. | ) | Case No. 21-2006 |
| | ) | |
| WISE CO. DSS, | ) | |
| ET AL., | ) | |
| | ) | |
| APPELLEES. | ) | |

APPELLANT'S RESPONSE
TO
APPELLEE JOSHUA MOON'S MOTION TO DISMISS &
ALTERNATIVE MOTION FOR SUMMARY AFFIRMANCE

COMES NOW, the Appellant, Melinda Scott, and timely files this response to the Fourth Circuit Court of Appeal's Order of September 24, 2021 to file a response to Appellee Joshua Moon's Motion to Dismiss and Motion for Summary Affirmance. The Fourth Circuit ordered the Appellant to respond by October 8, 2021.

**Background and statement of facts.** The motion filed by Appellee Joshua Moon, by counsel, states a number of things that are not factually accurate. First, the Appellant will address the similar allegations in paragraph one (1) and five (5) of the Appellee's combined motions.

In paragraph one (1) and five (5) of the motion, the Appellee Moon, by counsel, claims that "The *pro-se* Plaintiff filed substantially similar claims before against the same defendant in the same Court" (¶1) and "the Plaintiff previously sued the same defendant for the same conduct in the same court twice..." (¶5). Firstly, although he uses the word "Plaintiff", Appellant Scott will assume in context of his words, that Appellee Defendant Moon, by counsel is referring to her, the *Appellant* in this case before this court. Notwithstanding, both of these statements made by Defendant Moon, by counsel, are false. Counsel Hardin who represents Appellee Joshua Moon has a history of making false statements in pleadings about the Appellant, in violation of Rule 11(b). This happened several times on the district court docket and was brought up in a prior pleading by the Appellant who filed it in the district court (ECF/docket #75).

As noted in her informal brief, also simultaneously filed with this court, the Appellant filed two (2) prior appeals that named Appellee Joshua Moon as a defendant. The cases filed with the Supreme Court are irrelevant because the

Supreme Court does not grant cases on the basis of merit. They grant cases based on ability of the Court to handle the caseload, which is less than 1% of people seeking relief before the Court. Appellant Scott will not address the Supreme Court petitions further for this reason.

The prior cases appealed to the Fourth Circuit Court of Appeals were two in number. One case (19-1123), which was filed was for the issue of Appropriation, Defamation and Negative/False light. Joshua Moon was granted immunity under CDA Section 230 because the Appellant's Complaint did not contain sufficient allegations demonstrating that Appellee Joshua Moon did not qualify for CDA [47 U.S.C] Section 230 immunity. It was dismissed by the Fourth Circuit on the following grounds:

> *"We agree with the district court that Scott's complaint contained insufficient allegations that the Defendants provided illegal content about her or encouraged such content to be posted online."*

The case was dismissed because the Appellant's complaint (in 2019) lacked sufficient allegations to clearly state that Defendant Joshua Moon and New England resident Brian Zaiger did not qualify for immunity under CDA [47

U.S.C] Section 230 according to the standards of *Nemet* and *Zoran*. The second case (19-1011) was for 4th Amendment violations as a state actor and revolved around the issue of whether or not there were sufficient allegations in the Appellant's Complaint indicating that Defendant Joshua Moon and New York resident Andrew Carlson were state actors. The Appellant sued Joshua Moon for publicly posting information from court documents from courts not of record about the Appellant and her minor children on his website KiwiFarms.net. The case was dismissed solely on the grounds that the Appellant's complaint did not contain sufficient allegations to qualify Appellee Joshua Moon as a state actor.

Neither of the previous appeals in the Fourth Circuit were filed for the Intentional Infliction of Emotional Distress. Appellee Joshua Moon, by counsel, is completely incorrect to say that the claims are "substantially similar". Appropriation, Defamation, Negative/False Light, and 4th Amendment violations as a state actor are not the same claim in any way as the Intentional Infliction of Emotional Distress (I.I.E.D).

The quotation from the district court's dismissal that Appellee Joshua Moon, by counsel, chose to use in paragraph (¶) one (1) of his motion doesn't demonstrate that prior appeals to the Court of Appeals were "substantially similar claims". For one, "emotional distress" is not recognized under case law as the

same as "the intentional infliction of emotional distress" (See *Knussman v. Maryland, 272 F. 3d 625 - Court of Appeals, Pegg v. Herrnberger, 845 F. 3d 112 - Court of Appeals, 4th Circuit 2017, 4th Circuit 2001, Norfolk & Western R. Co. v. Ayers, 538 US 135, US Supreme Court, 2003*). "Emotional distress" and "Intentional Infliction of Emotional Distress" are two different causes of action. Second, the district court's error in minimizing the Appellant's current Complaint to "derogatory remarks" is an "issue of review" listed within Appellant Scott's informal brief, simultaneously filed with this court. The district court erred in reducing the Appellant's current Complaint to "derogatory remarks" and therefore, the use of this quote by Appellee Joshua Moon is inappropriately used.

**District Court's Order of September 22, 2021 not in conformity with the law.** On September 22, 2021, the district court of the Western District of Virginia docketed an order granting Appellee Joshua Moon's Motion for an Appeal Bond. This order was wholly lacking in conformity with the legal standards of the Fourth Circuit and the US Supreme Court. It also cited no legal basis for an adverse party to motion a court to enforce an appeal bond. The dismissal of bad faith Complaints are "often made *sua sponte* prior to the issuance of process…" (*Neitzke v Williams, 490 US 319 US Sup. Court (1989) citing Franklin v. Murphy,* 745 F. 2d. 1221, 1226 (CA 9 (1984)).

The US Supreme Court has ruled that in order to certify an appeal is made in "bad faith" it must do so based upon "findings of frivolity" (*Anders v. California, 386 US 738 - Supreme Court 1967*). This ruling was upheld by the Fourth Circuit in *Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983*, and has been maintained as the standard ever since. Firstly, this legal standard of requiring a district court to set forth actual "findings of frivolity" requires the proper legal definition of the word "frivolous". The US Supreme Court has also supplied a definition for the word "frivolity" ("frivolous") in *Denton v. Hernandez, 504 US 25 - Supreme Court 1992*. In *Denton* the Court ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional". The Court in *Denton* went on to say that a Complaint is only considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'".

The judge's order of September 22, 2021 certifying a "bad faith" appeal from Appellant Scott did not point to a single fact which would qualify as a "finding of frivolity". Therefore, the order requiring an appeal bond and certifying "bad faith" does not conform with the rulings of the Supreme Court of the United States. Likewise, Appellee Joshua Moon's "Motion to Dismiss and

Alternative Motion for Summary Affirmation" echoes this "color of law" approach to the Appeal Bond. Second, the fourth district has a habit of ignoring binding case law in briefs presented by *pro-se* Appellant Scott, and this is an "issue for review" brought up in Appellant Scott's informal brief, simultaneously filed with this court.

Not only does the district court's Order of September 22, 2021 lack conformity with the legal standards of the rulings of the US Supreme Court, it also lacks conformity with the legal standards of the rulings of the Fourth Circuit. "The one common strand running through all these cases is that assessment of frivolousness ...are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate *factfinding*" (emphasis added) (*Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983* citing Hensley v. Eckerhart, 461 U.S. 424, ___, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983); see also, Smith v. Josten's American Yearbook, 624 F.2d 125 (10th Cir.1980); Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982), cert. granted, ___ U.S. ___, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983))". The district court's order of September 22, 2021 is completely void of any fact finding. It is merely a strand of conclusory statements unsupported by facts.

The district court's order of September 22, 2021 does not conform with the legal standards of the rulings of the Supreme Court with regard to what constitutes "bad faith". The US Supreme Court has ruled that "[I]n the absence of some *evident* improper motive, the applicant's good faith is established by the presentation of *any* issue not plainly frivolous." (emphasis added) (*Farley v United States,* 354 US 521, 77 S. Ct. 1371, 1 L. Ed. 2d 1529 - Supreme Court, 1957). That has been the uniform legal standard across the US, unchanged since that ruling, cited by circuit courts everywhere. *Farley* is binding law upon the Fourth District and yet despite being briefed on this case law they chose to ignore it when issuing the order of September 22, 2021. The fourth district did not outline any evidence pointing to an improper motive on behalf of Appellant Scott. Additionally, *Farley* also invokes the word "frivolous" and this requires going back to the legal definition of "frivolous" given in *Denton*. The district court's order of September 22, 2021 did not comply with the legal standard of *Farley*.

Appellee Joshua Moon cites *Harvey* to demonstrate that a district court "must show….that the issues raised are so frivolous that the appeal would be dismissed in the case of nonindigent litigant" (¶3). While Appellee Joshua Moon highlights that the district court *must* show a finding of frivolity, he only

undermines his own arguments in doing so. The district court, in the case of Appellant Scott, failed to set forth any factual findings of frivolity in its Order of September 22, 2021. Likewise, Appellee Joshua Moon's motions fail to show any facts for which a finding of frivolity could be sustained by the district court.

The US Supreme Court has ruled that "the good faith test must not be converted into a requirement of any preliminary showing of any degree of merit." (*Ellis v. United States 356 US 674 Sup. Ct. (1958)*). The district court's order, filed before the Appellant's informal brief was submitted to the court of appeals was prematurely written. In *Ellis* the US Supreme Court has ruled that a litigant is not legally bound to present any information to the district court showing what the appeal will contain. It is the duty of the district court to inspect the appeal brief for findings of frivolity. "It is not the burden of the Petitioner to show that his appeal has merit, in the sense that that he is bound, or even, likely to prevail ultimately" (*Coppedge v United States 369 US 438 Sup. Ct. (1962)*). Appellee Joshua Moon's motions, both in the district and circuit court, demanding that Appellant Scott demonstrate prior to her informal and formal brief that her appeal has merit are completely out of bounds of the legal standards of the US Supreme Court.

The district court also erred in stating the following in the order of September 22, 2021: "As found by Judge Jones as set out above, the plaintiff, in the present case, largely repeats allegations that were raised in her previous cases against the same defendant". Firstly, there were no "findings" by Judge Jones in his Order and Opinion of August 30, 2021. He stated in the Order that "[I]n the earlier pro se actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress". To stretch that statement into "largely repeats allegations" is a far stretch. The Appellant's current Complaint in the current case contained 15 detailed paragraphs that went far beyond "defamatory web postings". The district court erred in stating that the Appellant "largely repeated allegations". This is brought up under an "issue fo review" contained within the Appellant's informal brief, simultaneously filed with this court.

The district court also erred in stating that a previous appeal being dismissed in a court of appeals has any bearing on a "bad faith" determination. The district court cited no case law to support the legal conclusion that a prior dismissal in a court of appeals for a different cause of action falls under the legal definition of "frivolous" or "bad faith" for a current case.

The district court further erred in stating that "the Plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law". For one, the district court showed *no case law* demonstrating that they had a legal right to demand the Appellant reveal the contents of her future appeal brief to be submitted to the Court of Appeals. As cited above, the legal standard of the US Supreme Court is that a district court cannot ask for a preliminary showing of merits (*Ellis*). Further, the district court's statement regarding the Plaintiff's proposed appeal grounds are "unlikely to succeed as a matter of law" and the district court's statement that the "Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent" are not supported by any findings of facts, as required by the US Supreme Court rulings. These are merely arbitrary legal conclusions inserted in the order without any foundation in findings of fact.

An additional issue with the district court's order of September 22, 2021 is that it cites no legal basis or case law for retroactively removing a prior granted petition to proceed *in forma pauperis*. Appellant Scott was previously granted permission to proceed *in forma pauperis* by court order on July 13, 2020 (ECF/docket #3). As such, Appellant Scott is entitled as a right under the federal rules, and as a matter of law, to proceed *in forma pauperis* throughout the appeals process. She is not legally required to pay the Appeal Bond.

Appellee Joshua Moon cites *Harvey* to support his legal conclusion that the district court's order controls the narrative "in the absence of some showing that the district court itself made such a determination in bad faith" (¶3). Here in this response, Appellant Scott has adequately demonstrated that the district court's order of Sept. 22, 2021 certifying the Appellant's appeal was taken in "bad faith" because it did not conform with the rulings of the US Supreme Court and the Fourth Circuit. The reality is, it is not the Appellant, Melinda Scott who has appealed in "bad faith". Her informal brief, simultaneously filed with this court, demonstrates that her appeal has an arguable basis in law and fact. It is the district court of the Western District of Virginia who issued an order in "bad faith". The order of September 22, 2021 docketed by the Western District of Virginia federal district court was done in "bad faith", wholly lacking in conformity with the legal standards of the US Supreme Court rulings and the Fourth Circuit Court of Appeals rulings.

For the reasons stated herein, the order of September 22, 2021 issued by the district court is not legally valid.

**WHEREFORE**, in consideration of the legal standards of the US Supreme Court's rulings, the Fourth Circuit's rulings, and the statements and

facts contained here in the Appellant's Response, Defendant Moon's Motion to Dismiss the Appeal and Alternative Motion for Summary Affirmance should be DENIED. The Fourth Circuit should permit Appellant Scott to continue with her appeal in the Fourth Circuit *in forma pauperis.*

RESPECTFULLY,

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87 (VA ACP address)

Richmond, VA 23218

540-692-2342

mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this INFORMAL BRIEF to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com; and to Counsel for the Defendant Wise County Department of Social Services, Christopher Dadak, Guynn & Waddell PC, 415 S College Ave, Salem, VA 24153, and at christopherd@guynnwaddell.com, on this __28th__ day of SEPT., 2021.

SIGNED,

_/s/ M. Scott_

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87 (VA ACP address)

Richmond, VA 23218

540-692-2342

mscottw@gmu.edu

Melinda
PO BOX 1133
2014 PMB 87
Richmond, VA 23218

CERTIFIED MAIL

7020 1810 0000 5425 9217

Fourth
Clerk,
Lewis F
1100 E.
Richm

 

U.S. POSTAGE PAID
FCM LG ENV
CHRISTIANSBURG, VA
24073
SEP 28, 21
AMOUNT

**$6.11**

R2304H108598-18

1000      23219

ircuit Court of Appeals
Ashley Brownlee
    Powell Jr. Courthouse & Annex
 Main St., Ste. 501
ond, VA 23219

SEP 3 0 2021
SPECTED