# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MELINDA SCOTT,<br><br>      Appellant,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>      Appellees. | 4th Cir. Case No. 21-2006<br><br>Va. W.D. Case No. 2:20-cv-14 |

## JOSHUA MOON'S
## REPLY IN FURTHER SUPPORT OF
## MOTION TO DISMISS AND
## ALTERNATIVE MOTION FOR SUMMARY AFFIRMANCE

NOW COMES Defendant/Appellee Joshua Moon, by counsel, and submits this Reply in Further Support of his Motion to Dismiss, and Alternative Motion for Summary Affirmance. In further support of his Motion, Defendant Moon states as follows:

1) To the extent that the *pro se* Plaintiff/Appellant attempts to rewrite the history of this case and her numerous prior cases in the District Court, this Court, and the U.S. Supreme Court (to say nothing of her history of litigation in the state courts of Southwest Virginia), the rulings against her are now *res adjudicata* and/or part of the law of the case. Ms. Scott has litigated – repeatedly and *ad nauseum* – her claims against Mr. Moon. She

cannot now challenge, in the context of a Motion to Dismiss her appeal, the District Court's findings that her appeal is not taken in good faith.

2) Ms. Scott has not even attempted to address this Court's holdings that "The district court's certification that the appeal is taken in bad faith controls in the absence of some showing that the district court itself made such a determination in bad faith." *Harvey v. Taylor Country Farms, Ltd.*, No. 91-1849, 1992 U.S. App. LEXIS 16835, at *4 (4th Cir., July 20, 1992) (Unpub.), citing *Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939 (D.C. Cir. 1967); accord. *Spurlock v. Hurst*, 391 Fed. Appx. 257 (4th Cir. 2010). The Appellant has made no showing at all that the District Court itself made its determination in bad faith. It is understandable that Ms. Scott wishes that the District Court's certification that her appeal was not taken in good faith was not controlling. Nevertheless, the Appellant's wishes are less dispositive of the outcome than the actual holdings of the District Court and of this Court. This Court cannot simply ignore the District Court's certification, which was made after extensive briefing during which the Plaintiff/Appellant had the opportunity to present evidence and argument.

3) The Appellant has not addressed Mr. Moon's arguments that she is not entitled to proceed *in forma pauperis* in this Court following the district court's certification that her appeal was not taken in good faith, or the plain

language of the controlling appellate rule and federal statute. Fed. R. App. P. 24 (a)(3), *accord.* 28 U.S.C. § 1915 (a)(3). The Appellant has not *at any time* (including as of the filing of this Reply) made a separate application to this Court for *in forma pauperis* status as required by Fed. R. App. P. 24 (a)(5). Nor has the Appellant paid the required filing fee to date. In short, the Appellant is asking this Court to ignore the plain language of Fed. R. App. P. 24 (a)(3) and 28 U.S.C. § 1915 (a)(3) and to permit her to proceed *in forma pauperis* even following a District Court's certification that her appeal was taken in bad faith.

4) Ms. Scott has now separately (and risibly) appealed the District Court's determination that her appeal was taken in bad faith. While Ms. Scott may wish to appeal the District Court's certification, however, what she plainly cannot do is ignore that certification as she attempts to do in the context of the instant motion. The District Court has certified that Ms. Scott's appeal was taken in bad faith, and consequences necessarily flow from that certification both under the rules of court and under the statutory laws of the United States. This Court should enforce the law and the rules and dismiss Ms. Scott's appeal for failure to pay the requisite filing fee. Alternatively, this Court should review the Appellant's opening brief and its manifestly unsound legal reasoning, take judicial notice of the prior decisions of this

Court and the U.S. Supreme Court in previous appeals brought by Ms. Scott, and summarily affirm the District Court without forcing Mr. Moon to incur further costs.

WHEREFORE, Appellee Joshua Moon respectfully reiterates that this appeal should be dismissed, with costs, or alternatively that this Court should summarily affirm the decision of the District Court.

Respectfully submitted this the 5th day of October, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

>Melinda Scott
>2014PMB87
>Post Office Box 1133
>Richmond, VA 23218

Dated: October 5, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*

## Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 32 (g), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32 (f), 680 words in length. I have relied upon Microsoft Word's word processor to establish that count.

Dated: October 5, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*