## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MELINDA SCOTT,

$\qquad$ Appellant,

v.

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al.*,

$\qquad$ Appellees.

**4th Cir. Case No. 21-2006**

**Va. W.D. Case No. 2:20-cv-14**

## JOSHUA MOON'S
## MOTION FOR AN EXTENSION OF TIME

NOW COMES Defendant/Appellee Joshua Moon, by counsel, and moves for an extension of time to file his merits brief in this matter. In support of this Motion, Mr. Moon states as follows:

1)  The Appellant served her opening brief on the merits on September 28, 2021. The Appellee's brief would ordinarily be due on October 12, 2021.

2)  A Motion to Dismiss and Alternative Motion for Summary Affirmance is pending in this matter (and has been fully briefed), but has not yet been ruled upon. Any ruling granting that Motion would obviate the need for the Appellee to file a brief on the merits.

3) The *pro se* Plaintiff/Appellant has not paid the filing fee for her appeal and has not been granted *in forma pauperis* status in this Court. The District Court has certified that her appeal was not taken in good faith. ECF No. 79.

4) The District Court has granted Mr. Moon an extension of time through October 13, 2021 to file a Motion for his costs under Fed. R. Civ. P. 54 (d). ECF No. 64. The District Court granted a Motion to Require an Appeal Bond to be posted in this matter, but has not yet set the amount of the bond. ECF No. 79, ECF No. 84. Needless to say, the Appellant has not posted any bond.

5) Permitting the Appellee an extra 30 days to file his merits brief in this matter would serve the interests of justice and promote judicial economy in that:

   a. The parties and this Court need not address the merits of this case if the appeal is dismissed on procedural grounds for failure to pay the filing fee or for failure to pay the appeal bond.

   b. Requiring the Appellee to file a merits brief even after the District Court has certified that the appeal was not taken in good faith would only encourage the Appellant in what appears to be a continuing pattern of abuse of process, and escalate costs and burdens for all involved.

c. It is in the interest of judicial economy to allow the District Court to finalize its rulings on all matters, to include any motion(s) for an award of attorney's fees and/or compensation for costs that have arisen due to the Plaintiff/Appellant's vexatious litigation tactics, before this Court must address any appeal(s). Permitting the District Court to proceed as scheduled before proceeding with appellate briefing would conserve the resources of both courts and allow this case to proceed in a more orderly fashion.

d. Undersigned counsel for Appellee Moon is a solo practitioner facing briefing deadlines in both this Court and the District Court in this case along with other pressing matters. It is in the interests of justice to allow Mr. Moon extra time in order for his counsel to prepare a thoughtful and thorough merits brief in this Court without sacrificing time and attention that must be devoted to other filings in this case (at the District Court) and other matters.

WHEREFORE, Appellee Joshua Moon respectfully requests that his deadline to file a brief on the merits be extended through and including November 12, 2021, if this case remains pending on that date.

Respectfully submitted this the 6th day of October, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

### Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing

document with the Court's CM/ECF system, which will electronically serve

counsel of record. I have also deposited a true and correct copy of the foregoing

document into the U.S. Mail, with First Class postage prepaid, directed to:

>   Melinda Scott
>   2014PMB87
>   Post Office Box 1133
>   Richmond, VA 23218

Dated: October 6, 2021

>   /s/Matthew D. Hardin
>   Matthew D. Hardin
>   *Counsel for Joshua Moon*

## Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 32 (g), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32 (f), 533 words in length. I have relied upon Microsoft Word's word processor to establish that count.

Dated: October 6, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*