# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MELINDA SCOTT,<br><br>       Appellant,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>       Appellees. | 4th Cir. Case No. 21-2006<br><br>Va. W.D. Case No. 2:20-cv-14 |

## JOSHUA MOON'S
## SECOND MOTION TO DISMISS

NOW COMES Defendant/Appellee Joshua Moon, by counsel, and submits this Motion to Dismiss the Plaintiff/Appellant's second appeal in this matter, which was noted on September 27, 2021 (ECF No. 81). In support of this Motion, Defendant Moon states as follows:

1) The Plaintiff/Appellant initially appealed from the judgment of the District Court in favor of the Defendant/Appellee. ECF No. 67. After the District Court certified that Ms. Scott's appeal was not taken in good faith, and Mr. Moon moved for imposition of an appeal bond, Ms. Scott decided to appeal two more decisions of the District Court. ECF No. 81. To date, Ms. Scott has neither paid the appellate filing fees nor filed a motion with this Court requesting to proceed *in forma pauperis*.

2) Ms. Scott's latest Notice of Appeal is nothing more than an attempt to end-run the Federal Rules of Appellate Procedure. Specifically, Ms. Scott attempts to appeal the District Court's ruling granting Mr. Moon additional time to file a motion for costs and fees in that court pursuant to Fed. R. Civ. P. 54 (d), and further attempts to appeal the District Court's certification that her earlier appeal was not taken in good faith.

3) The District Court granted Mr. Moon until October 13, 2021 to file a Motion seeking his costs and fees incurred at the trial court level. ECF No. 64. Mr. Moon has not yet filed that Motion, and the District Court has not yet granted or denied that Motion. As such, an appeal of the District Court's mere order granting Mr. Moon additional time in which to file a Motion for fees and costs is premature. This Court's "appellate jurisdiction is generally limited to final orders from district courts." *Cannon v. Vill. of Bald Head Island*, 891 F.3d 489, 507 (4th Cir. 2018). Should Mr. Moon eventually prevail in his Motion for fees and costs in the District Court, he has no doubt that Ms. Scott will again appeal to this Court and to the U.S. Supreme Court, as has been her pattern in the numerous vexatious and oppressive cases she has filed to date. Nevertheless, Ms. Scott's attempt to appeal on an interlocutory basis before the District Court can rule on Mr. Moon's forthcoming motion is premature.

4) Ms. Scott further attempts to appeal the District Court's certification that her initial appeal was not taken in good faith. There again, Ms. Scott asks this Court to exceed its appellate jurisdiction. Fed R. App. P. 24 (a)(3)(A) states that a District Court can certify that an appeal is not taken in good faith. Such a certification operates, both under the Federal Rules of Appellate Procedure and under 28 U.S.C. § 1915 (a)(3), to revoke Ms. Scott's privilege to proceed *in forma pauperis*. Fed R. App. P. 24 (a)(5) provides the <u>exclusive</u> procedural remedy[1] for an appellant who seeks to challenge a certification that her appeal was taken in bad faith: she can file a motion at the appellate court with various supporting documentation. Instead of taking that route, Ms. Scott has elected to clog this Court's docket with yet another Notice of Appeal. It must be dismissed.

WHEREFORE, Appellee Joshua Moon respectfully requests that this Court dismiss the appeal(s) noted by Ms. Scott on September 27, 2021.

Respectfully submitted this the 6th day of October, 2021,

JOSHUA MOON

---

[1] Appellee Moon notes that Fed R. App. P. 24 (a)(5) appears to be in tension with 28 U.S.C. § 1915 (a)(3), which Mr. Moon would argue constrains the ordinary discretion of an appellate court to grant motions to proceed *in forma pauperis*. Nevertheless, even assuming *arguendo* that this Court has the lawful discretion and jurisdiction to allow an appellant to proceed *in forma pauperis* after a District Court has certified that an appeal is taken in bad faith, Ms. Scott has made no such motion.

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

>Melinda Scott
>2014PMB87
>Post Office Box 1133
>Richmond, VA 23218

Dated: October 6, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*

# Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 32 (g), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32 (f), 639 words in length. I have relied upon Microsoft Word's word processor to establish that count.

Dated: October 6, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*