RECEIVED

IN THE FOURTH CIRCUIT 2021 OCT 12  PM 3: 38
COURT OF APPEALS
'S. COURT OF APPEALS
FOURTH CIRCUIT

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| APPELLANT. | ) |
| | ) |
| V. | ) |
| | ) |
| WISE CO. DSS, | ) |
| ET AL., | ) |
| | ) |
| APPELLEES. | ) |

Case No. 21-2006

## APPELLANT'S REPLY
## TO
## APPELLEE MOON'S SECOND MOTION TO DISMISS

COMES NOW, the Appellant, Melinda Scott, and timely files this reply to

the Fourth Circuit Court of Appeal's Order of October 6, 2021 to file a response

to Appellee Moon's supplemental Motion to Dismiss. The Fourth Circuit ordered

the Appellant to respond by October 18, 2021. In this reply Appellant Scott will

highlight the attempt of Counsel Hardin to operate under "color of law" instead

of the legally binding precedents of the US Supreme Court and Fourth Circuit.

As typical of his many superfluous motions, his failure to do adequate case law

research before he files with the court is why his motions are void of case law to

support his legal conclusions. Appellant Scott will demonstrate in this reply how

Counsel Hardin's motions written on behalf of his client, Appellee Moon, do not

conform with the legally binding precedents of the US Supreme Court and the

Fourth Circuit.

**28 USC §636 and Local (district) Rule 73.** According to USC 28

§636(b)(4) each district court "shall establish rules pursuant to which magistrate

judges shall discharge their duties". Under Local Rule 73 of the Western District

of Virginia a magistrate judge may only preside over "any or all" civil case

proceedings "upon the consent of the parties".  The district court did not obtain

the consent of Appellant Scott to have a magistrate oversee *all* the proceedings in

her case post-judgment in the district court. At this stage of the case, it appears

that the case has been handed fully over to a magistrate judge. Therefore, any

order that has been issued post-judgment by a magistrate judge in the case is

void, including all of the orders to which Appellee Moon, by counsel, refers to in

his "Second Motion to Dismiss".

**Order of September 22, 2021 facially invalid.** Notwithstanding, even if

this court would review the orders of the district court signed by a magistrate

judge, the Order of September 22, 2021 issued by the district court addressing

the Appeal Bond issue was facially invalid. It did not conform with the legal

standards of the rulings of the Supreme Court of the US and the rulings of the Fourth Circuit.

On September 22, 2021, the district court of the Western District of Virginia docketed an order granting Appellee Joshua Moon's Motion for an Appeal Bond. This order was wholly lacking in conformity with the legal standards of the Fourth Circuit and the US Supreme Court. It also cited no legal basis for an adverse party to motion a court to enforce an appeal bond. The dismissal of bad faith Complaints are "often made *sua sponte* prior to the issuance of process…" (*Neitzke v Williams, 490 US 319 US Sup. Court (1989) citing Franklin v. Murphy,* 745 F. 2d. 1221, 1226 (CA 9 (1984)).

The US Supreme Court has ruled that in order to certify an appeal is made in "bad faith" it must do so based upon "findings of frivolity" (*Anders v. California, 386 US 738 - Supreme Court 1967)*. This ruling was upheld by the Fourth Circuit in *Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983,* and has been maintained as the standard ever since. Firstly, this legal standard of requiring a district court to set forth actual "findings of frivolity" requires the proper legal definition of the word "frivolous". The US Supreme Court has also supplied a definition for the word "frivolity" ("frivolous") in *Denton v. Hernandez, 504 US 25 - Supreme Court 1992.* In *Denton* the Court

ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional". The Court in *Denton* went on to say that a Complaint is only considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'".

The judge's order of September 22, 2021 certifying a "bad faith" appeal from Appellant Scott did not point to a single fact which would qualify as a "finding of frivolity". Therefore, the order requiring an appeal bond and certifying "bad faith" does not conform with the rulings of the Supreme Court of the United States. Likewise, Appellee Joshua Moon's "Motion to Dismiss" echoes this "color of law" approach to the Appeal Bond.

Not only does the district court's Order of September 22, 2021 lack conformity with the legal standards of the rulings of the US Supreme Court, it also lacks conformity with the legal standards of the rulings of the Fourth Circuit. "The one common strand running through all these cases is that assessment of frivolousness ...are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate *factfinding*" (emphasis added) (*Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983* citing Hensley v. Eckerhart, 461 U.S. 424, ___, 103 S.Ct. 1933, 1941, 76

L.Ed.2d 40, 53 (1983); see also, Smith v. Josten's American Yearbook, 624 F.2d

125 (10th Cir.1980); Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982), cert.

granted, ___ U.S. ___, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983))". The district

court's order of September 22, 2021 is completely void of any fact finding. It is

merely a strand of conclusory statements unsupported by facts.

    The district court's order of September 22, 2021 does not conform with the

legal standards of the rulings of the Supreme Court with regard to what

constitutes "bad faith". The US Supreme Court has ruled that "[I]n the absence of

some *evident* improper motive, the applicant's good faith is established by the

presentation of *any* issue not plainly frivolous." (emphasis added) (*Farley v

United States*, 354 US 521, 77 S. Ct. 1371, 1 L. Ed. 2d 1529 - Supreme Court,

1957). That has been the uniform legal standard across the US, unchanged since

that ruling, cited by circuit courts everywhere. *Farley* is binding law upon the

Fourth District and yet despite being briefed on this case law they chose to ignore

it when issuing the order of September 22, 2021. The fourth district did not

outline any evidence pointing to an improper motive on behalf of Appellant

Scott. Additionally, *Farley* also invokes the word "frivolous" and this requires

going back to the legal definition of "frivolous" given in *Denton*. The district

court's order of September 22, 2021 did not comply with the legal standard of
*Farley.*

The US Supreme Court has ruled that "the good faith test must not be
converted into a requirement of any preliminary showing of any degree of merit."
(*Ellis v. United States 356 US 674 Sup. Ct. (1958)*). The district court's order,
filed before the Appellant's informal brief was submitted to the Court of Appeals,
was prematurely written. In *Ellis* the US Supreme Court has ruled that a litigant is
not legally bound to present any information to the district court showing what
the appeal will contain. It is the duty of the district court to inspect the appeal
brief for findings of frivolity. "It is not the burden of the Petitioner to show that
his appeal has merit, in the sense that that he is bound, or even, likely to prevail
ultimately" (*Coppedge v United States 369 US 438 Sup. Ct. (1962)*). Appellee
Joshua Moon's motions, both in the district and fourth circuit court, demanding
that Appellant Scott demonstrate prior to her informal and formal brief that her
appeal has merit are completely out of bounds of the legal standards of the US
Supreme Court.

The district court also erred in stating the following in the order of
September 22, 2021: "As found by Judge Jones as set out above, the plaintiff, in
the present case, largely repeats allegations that were raised in her previous cases

against the same defendant". Firstly, there were no "findings" by Judge Jones in his Order and Opinion of August 30, 2021. He stated in the Order that "[I]n the earlier pro se actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress". To stretch that statement into "largely repeats allegations" is a far stretch and a false statement. The Appellant's current Complaint in the current case contained 15 detailed paragraphs that went far beyond "defamatory web postings". The district court erred in stating that the Appellant "largely repeats allegations". It's a false statement inserted into an order which was *not* formed from proper inquiry of the facts.

The district court also erred in stating that a previous appeal being dismissed in a court of appeals has any bearing on a "bad faith" determination. The district court cited no case law to support the legal conclusion that a prior dismissal in a court of appeals for a different cause of action falls under the legal definition of "frivolous" or "bad faith" for a current case.

The district court further erred in stating that "the Plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law". For one, the district court showed *no case law* demonstrating that they had a legal right to demand the Appellant reveal the contents of her future appeal brief to be

submitted to the Court of Appeals. As cited above, the legal standard of the US Supreme Court is that a district court cannot ask for a preliminary showing of merits (*Ellis*). Further, the district court's statement regarding the Plaintiff's proposed appeal grounds are "unlikely to succeed as a matter of law" and the district court's statement that the "Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent" are not supported by any findings of facts, as required by the US Supreme Court rulings. These are merely arbitrary legal conclusions inserted in the order without any foundation in findings of fact.

An additional issue with the district court's order of September 22, 2021 is that it cites no legal basis or case law for retroactively removing a prior granted petition to proceed *in forma pauperis.* Appellant Scott was previously granted permission to proceed *in forma pauperis* by court order on July 13, 2020 (ECF/docket #3). As such, Appellant Scott is entitled as a right under the federal rules, and as a matter of law, to proceed *in forma pauperis* throughout the appeals process. She is not legally required to pay an appeal bond, nor is she legally obligated to file another petition to proceed *in forma pauperis.*

Appellant Scott has adequately demonstrated that the district court's order of Sept. 22, 2021 certifying the Appellant's appeal was taken in "bad faith" did not conform with the rulings of the US Supreme Court and the Fourth Circuit.

The reality is, it is not the Appellant, Melinda Scott who has appealed in "bad faith". Her informal brief filed with this court demonstrates that her appeal has an arguable basis in law and fact. It is the district court of the Western District of Virginia who issued an order in "bad faith". The order of September 22, 2021 docketed by the Western District of Virginia federal district court was done in "bad faith", wholly lacking in conformity with the legal standards of the US Supreme Court rulings and the Fourth Circuit Court of Appeals rulings. It is an order that was crafted under "color of law".

For the reasons above, the order of September 22, 2021 issued by the district court is facially invalid and not legally enforceable.

**Legal standard for consolidated appeals.** In his Second Motion to Dismiss Counsel Hardin claims that sequentially filed appeals are an attempt to circumnavigate the Federal Rules of Appellate Procedure. In reality, this statement is a projection of his own attempts at circumnavigating legally binding precedents and rules, which is a repeated pattern of behavior demonstrated in Counsel Hardin's filings before this court and the district court. He repeatedly files motions without case law to support what he says. The Fourth Circuit's legally binding precedents also show that Counsel Hardin's claim that sequentially filed appeals do not transfer jurisdiction to a higher court is completely erroneous.

The Fourth Circuit has also set a legal precedent for cases in which litigants

filed multiple appeals to the Court of Appeals and both were consolidated under

the jurisdiction of the appeals court. In *Wicomico Nursing Home v. Padilla, 910*

*F. 3d. 739, Court of Appeals, Fourth Circuit, 2018* the Plaintiff, *Wicomico*

*Nursing Home,* "timely appealed the court's order" dismissing their case.

*Wicomico Nursing Home* also then filed a Rule 59 motion to alter or amend the

order, which was also denied. They then "timely appealed the district court's

order denying their Rule59(e) motion, and *the two appeals were consolidated*."

(emphasis added). The Court of Appeals determined that their court "has

jurisdiction over the consolidated appeal under 28 USC §1291". Likewise,

Plaintiff Scott's sequential appeals are not barred from being under the

jurisdiction of the Fourth Circuit Court of Appeals simply because they were

filed in a sequential order. The Fourth Circuit Court of Appeals has jurisdiction

over appeals filed sequentially, as evident in *Wicomico Nursing Home v Padilla.*

   *Wicomico Nursing Home v Padilla* was not the only time multiple appeals

were heard together under the jurisdiction of the Fourth Circuit. In *Kumar v.*

*Republic of Sudan,* the defendant appealed both the default judgments *and* the

denial of its post-judgment motions (*Kuma v. Republic of Sudan, 880 F. 3d.*

*144, Court of Appeals, Fourth Circuit, 2018).* Both were accepted by the Fourth Circuit Court of Appeals and they exercised jurisdiction over the case.

**Legal standard for appealing post-judgment orders.** Counsel Hardin's failure to examine adequately the case law of the Fourth Circuit is why his most recent motion contains yet another grave error: his claim that post-judgment orders are not appealable. The Fourth Circuit has stated otherwise: "[T]his court has found post-judgment orders to be 'final' for purposes of §1291 in a variety of criminal and civil contexts". (*US v Doe, 962 F. 3d. 139, Court of Appeals, 4th Circuit 2020* citing *Sportmart, Inc. v. Wolverine World Wide, Inc. 601 F.2d 313, 316 (7th Cir. 1979)*). Further, in *US v Doe* the court clarified that "[M]ost post-judgment orders are final decisions within the ambit of 28 USC §1291 as long as the district court has completely disposed of the matter". The only orders not appealable are "ministerial or administrative" and an Order on an Appeal Bond does not fall under either of those two (2) designations: "[O]rders entered post-judgment in ordinary civil litigation...are generally appealable, unless they are ministerial or administrative, such as post-judgment discovery" (*US v Doe*).

The US Supreme Court has issued similar rulings. "Although 28 USC §1291 vests the courts of appeals with jurisdiction over appeals only from "final decisions" of the district courts, "a decision 'final' within the meaning of §1291

does not necessarily mean the last order possible to made in a case" (*Mitchell v Forsyth, 472 US 511 1985* citing *Gillespie* v. *United States Steel Corp.*, *379 U.S. 148, 152, (1964))*. The Order of September 22, 2021 was not "the last order possible to be made in a case" and is certainly still appealable, according to the legal standards of the rulings of the US Supreme Court, as noted in *Mitchell and Gillespie.* "Thus a decision of a district court is appealable if it falls within "that small class which finally determine claims of right, separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"" (*Gillespie* citing *Cohen v Beneficial Industrial Loan Corp.*, 337 U.S., at 546). At the very heart of the Appeal Bond issue are Plaintiff Scott's "claims of right", "too important to be denied review". Certainly a litigant's rights are of utmost importance, "too important to be denied review".

**Appellee Moon's false claims of "vexatious" and "oppressive" litigation**. In his Second Motion to Dismiss Appellee Moon, by counsel, tries to label Appellant Scott as "vexatious" and "oppressive: (¶3). An arbitrary label, unsupported by proper *legal definitions*, is not factual. Once again, Appellee Moon, by counsel, fails to establish that the Appellant is actually "vexatious" or

"oppressive" according to the legal standards of Virginia state law, the Fourth

Circuit, and US Supreme Court. This misuse of labels is just another attempt by

Appellee Moon, by counsel, to try to make stuff up as he goes. He likes to use

legal jargon, but fails to do so appropriately using proper legal definitions set by

binding case law.

**Defendant Moon not prejudiced by the absence of an Appeal Bond.**

Even with an appeal bond not paid, Defendant Moon is not prejudiced. The

Court of Appeals ruled that the absence of an appeal bond payment doesn't

prejudice the opposing party. "FCI's failure to comply with the bond did little to

prejudice the plaintiffs" (*Schmidt v FCI ENTERPRISES LLC* citing *Azizian, 499

F 3d. At 962)*. Here, Defendant Moon, by counsel, has failed to show any way in

which he would be prejudiced by Plaintiff Scott's challenging the validity of the

Appeal Bond Order of September 22, 2021. An opposing party's dismay that

they may not be able to recover any of their expenses does not suffice as

"prejudice". "The Plaintiff's (perhaps rightly) fear that they will be unable to

recover any of the compensation they may be due if they prevail on appeal

because of FCI's insolvency. But on this record, that can hardly amount to

prejudice" (*Schmidt v FCI ENTERPRISES LLC, 3 F. 4th 94, Court of Appeals,

Fourth Circuit, 2021)*.

**Fourth Circuit does not dismiss meritorious appeals for inability to pay.** The Fourth Circuit court of Appeals does not bar the filing and review of an Appellant's meritorious appeal brief simply because of an Appellant's inability to pay. "And we are hesitant to foreclose a meritorious appeal based on the appellant's alleged inability to pay" (*Schmidt v FCI ENTERPRISES LLC* citing *Lindsey v Normet, 405 US 56, 79, 92 S. Ct. 862, 31 L. Ed. 2d. 36 (1972))*. Defendant Moon's counsel's attempt to halt or end the Plaintiff's appeal by imposing an appeal bond will not result in freezing or dismissing the appeal. Even if an appeal bond would go unpaid, the Plaintiff's brief has already been filed with the Fourth Circuit Court of Appeals. It is now in the discretion of the Court of Appeals to decide whether or not her appeal is meritorious.

**Appellant Scott was granted leave to proceed *in forma pauperis*.** On July 13, 2020 Appellant Scott was granted leave to proceed *in forma pauperis* by the Western District Court of Virginia. She therefore, pursuant to Fed. Rule of App. Proc. 24(a)(2), has a legal right to continue to proceed *in forma pauperis* as she proceeds with her appeal in the Fourth Circuit Court of Appeals.

**WHEREFORE**, in consideration of the laws of the US, rules of appellate procedure, binding legal precedent from the US Supreme Court, binding legal precedent from the Fourth Circuit, and the totality of facts stated herein, this court

should DENY Appellee Moon's second Motion to Dismiss which is an attempt at imposing a course of conduct under "color of law".

SIGNED RESPECTFULLY,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
(VA ACP address (Va Code 2.2-515.2))
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this ___8th___ day of OCT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFIED

Melinda Scott
PO BOX 1133
Richmond, VA 23218



7018 1130 0000 3

Clerk
Fourth Cir
Lewis F. Po
1100 E. M
Richmo





U.S. POSTAGE PAID
FCM LG ENV
GATE CITY, VA
24251
OCT 08, 21
AMOUNT

$5.31

R2305K140577-04

1000        23219

...it Court of Appeals

...ell Jr. Courthouse & Annex

...in St.   Ste. 501

..., VA 23219

INSPEC...
OCT 12 2021