# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MELINDA SCOTT, <br><br> Appellant, <br><br> v. <br><br> WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*, <br><br> Appellees. | 4th Cir. Case No. 21-2006 <br><br> Va. W.D. Case No. 2:20-cv-14 |

## APPELLEE JOSHUA MOON'S
## INFORMAL BRIEF

NOW COMES Defendant/Appellee Joshua Moon, by counsel, and submits this Informal Brief.

### I. Introduction

Plaintiff/Appellant Melinda Scott is what the District Court very charitably called "a frequent pro se litigant." ECF No. 61. The instant claims mirrored claims she had previously filed in federal court[1] against Mr. Moon no less than three times. *Id*. Those claims were all dismissed and upheld on appeal, including by this Court.

---

[1] Ms. Scott has also sued Mr. Moon in state Court for the same basic allegations. ECF Nos. 55 and 90.

In her instant case, Ms. Scott filed two separate notices of appeal and raises approximately 19 purported Assignments of Error ("Issues for Review"). The District Court committed no error, but this Court need not even review its holdings on the merits because Ms. Scott has flagrantly disregarded the rules governing *in forma pauperis* appeals and has not paid the requisite filing fee following the District Court's determination that her appeal was not taken in good faith. ECF No. 79. An appeal taken in bad faith is almost inherently an appeal which is also frivolous under Rule 38, and so Mr. Moon is concurrently filing a Motion seeking an award of his attorney's fees and costs.

II.  Argument

This Court cannot consider the merits of Ms. Scott's appeal because she has flagranty ignored a controlling decision of the District Court that her appeal was not taken in good faith and that she is not entitled to proceed *in forma pauperis*. But even if this Court were to consider the merits, it is readily apparent that this claim, like the numerous other claims Ms. Scott has filed in this Court and others, is not only meritless but also frivolous and oppressive.

### A) This Court Cannot Consider the Merits of Ms. Scott's Claims

This is a case in which the District Court has certified, pursuant to Fed. R. App. P.24 (a)(3)(A), that the appeal was not taken in good faith. ECF No. 79. The District Court's certification was based in part on the fact that the instant case

largely repeats allegations raised in two previous cases dismissed by the same court, which dismissals were affirmed on appeal to this Court and in which petitions for certiorari to the U.S. Supreme Court were denied.

The District Court's certification that this appeal was not taken in good faith operates, both under the Federal Rules of Appellate Procedure and under 28 U.S.C. § 1915 (a)(3), to revoke Ms. Scott's privilege to *proceed in forma pauperis*. The District Court's determination that an appeal is taken in bad faith is ordinarily conclusive of that issue. "The district court's certification that the appeal is taken in bad faith controls in the absence of some showing that the district court itself made such a determination in bad faith." *Harvey v. Taylor Country Farms, Ltd.*, No. 91-1849, 1992 U.S. App. LEXIS 16835, at *4 (4th Cir., July 20, 1992) (Unpub.), citing *Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939 (D.C. Cir. 1967); accord. *Spurlock v. Hurst*, 391 Fed. Appx. 257 (4th Cir. 2010).

This Court should refuse to address Ms. Scott's claims on the merits because she has serially refused to comply with this Court's rules and procedures for seeking *in forma pauperis* status and the District Court's certification therefore controls here. This Court should grant the pending motions to dismiss and require Ms. Scott to show cause why she should not pay the costs of her frivolous appeal(s) pursuant to Rule 38.

**B) Ms. Scott's Claims are Meritless**

To the extent that this Court wishes to entertain any of Ms. Scott's claims on their merits despite the posture of this case, Mr. Moon addresses the merits of each of Ms. Scott's 19 assignments of error below, in turn.

**1. The District Court did not Err in Determining that Ms. Scott's Claims for Intentional Infliction of Emotional Distress Fail as a Matter of Law.**

Ms. Scott's claims for the Intentional Infliction of Emotional Distress are set forth in only 15 paragraphs of a 25 page complaint. Mr. Moon addressed the facial insufficiency of those paragraphs for purposes of stating a claim for the Intentional Infliction of Emotional Distress at ECF No. 51, p. 16. Ms. Scott's Informal Brief attempts to rewrite the factual allegations in the Complaint and to re-cast her legal conclusions as factual in nature.

Many of the Plaintiff's allegations in her Complaint regarding the Intentional Infliction of Emotional Distress do not relate to Mr. Moon. For example, Paragraph 68 is a sentence that fails to identify any specific actor who undertook any specific action. Paragraphs 69, 70, 71, 74, and 75 do not allege action on the part of Mr. Moon. Paragraph 72 mentions Mr. Moon's name, but fails to allege any action on his part and contains only conclusory allegations that various individuals had a "plan" to engage in unspecified conduct. Paragraph 73 indicates that Mr. Moon is "responsible for contributing" to a phone call, but does not indicate how he

allegedly "contributed" to the phone call in question. In paragraphs where the Plaintiff does make specific factual allegations against Mr. Moon, her allegations generally consist of non-actionable conduct, such as the ownership of a website.

That the Appellant wishes she had stated a claim for the Intentional Infliction of Emotional Distress is not surprising. She has entirely failed, however, to point to any factual allegations which would give rise to such a claim against Mr. Moon.

2. **The District Court Adequately Addressed Paragraphs 65 Through 80 of the Plaintiff's Complaint.**

The Appellant complains that the District Court did not engage in a more detailed analysis of Paragraphs 65 through 80 of her Complaint. Perhaps the District Court's brief analysis arose from the Complaint's own brevity with respect to such allegations. Perhaps the District Court made quick work of the Plaintiff's Complaint because it was so very facially inadequate. Perhaps the District Court's brief opinion is a sign that, not unlike the victims of Ms. Scott's *pro se* crusades, the District Court itself was exasperated by "repetitive and meritless" litigation.

Regardless of why the District Court's opinion dismissing Ms. Scott's Complaint was short, the District Court nevertheless explained in its brief opinion the basis for its decision dismissing Ms. Scott's claims. Because the District Court's decision was not "totally incapable of meaningful appellate review,"

*United States v. Wilkinson*, 590 F.3d 259, 270 (4th Cir. 2010), the District Court did not err merely by virtue of its brevity.

3. **The District Court did not err in Characterizing the Plaintiff's Complaint against Mr. Moon.**

Ms. Scott claims on appeal that the District Court incorrectly characterized her Complaint and that her Complaint linked "multiple actions" of Joshua Moon and others to her claims for Intentional Infliction of Emotional Distress. Unfortunately, Ms. Scott doesn't elaborate regarding what those actions might have been, and her Complaint similarly sheds no light on what actions Ms. Moon might have taken, in what way, to give rise to a claim for the Intentional Infliction of Emotional Distress. To the extent that Ms. Scott fails to identify the alleged facts that the District Court failed to acknowledge and accurately characterize, she has abandoned her own claims. See *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

4. **The Plaintiff's Fourth Assignment of Error is Conclusory.**

The Appellant's Fourth Assignment of Error reads, in its entirety, "Civilized society does not tolerate repeated and ongoing malicious conduct targeted toward a specific individual by means of the internet." This assignment of error is so conclusory as to approach incomprehensibility. The District Court appears to have made no ruling to the contrary which is subject to review in this Court. And the

"repeated and ongoing malicious conduct" at issue is not specified by the Appellant. This Court should refuse to consider the Fourth Assignment of Error in the absence of further detail.

5. **The District Court did not Err in Failing to Address Constitutional Claims that were not Raised in the Complaint and would have Failed Regardless as a Matter of Law.**

The Appellant claims that she raised Constitutional Claims against Mr. Moon and that the District Court failed to address those claims. But the Appellant's Complaint in the District Court never raised such claims, and this Court has already rejected such claims in one of the previous cases brought by the same litigant against the same defendant.

The Complaint in this matter began with the heading "CAUSE OF ACTION I - Violation of Constitutional Rights by Defendant Wise County Department of Social Services." ECF No. 2, p. 8. Thereafter, the Plaintiff detailed various ways she felt her Constitutional rights were violated by the Wise County Department of Social Services. All such claims were dismissed by the District Court at ECF No. 14. The Plaintiff argued for the first time in her response to Mr. Moon's Motion to Dismiss, and reiterates on appeal, that two paragraphs in her complaint alleged that Mr. Moon is responsible for the violations of her Constitutional rights, despite the complaint's heading.

The two paragraphs of the Complaint that Ms. Scott cites for her belief that she alleged a Constitutional violation against Mr. Moon contain the same operative sentence relating to Mr. Moon: "Defendant Joshua Moon, John Doe 1, and John Doe 2 gave a social worker alleged information about the Plaintiff using the social worker's employee email address." But Ms. Scott has never explained how contacting an unnamed social worker at an email address constitutes a Constitutional cause of action against Mr. Moon.

Assuming, *arguendo*, that Ms. Scott had raised a Constitutional cause of action against Mr. Moon, despite the plain language of her Complaint, such a cause of action would have been fatally flawed because Mr. Moon is a private citizen with no governmental role. Ms. Scott might once have been mistaken about the facial deficiency of such a claim against a private citizen, but this Court has already illuminated her in *Scott v. Carlson et al.*, Case No. 19-1011 ("Scott's complaint contains no indication that… Defendant Moon could be considered a state actor capable of violating her Fourth Amendment rights.").

Ms. Scott's decision to claim Mr. Moon is a state actor in this appeal after failing to make such claims in her District Court Complaint and following this Court's previous determination to the contrary is indicia that Ms. Scott's claims in this matter are not only incorrect, but frivolous and made in bad-faith.

6. **The District Court Correctly Held that Ms. Scott's Complaints against Mr. Moon are Speculative.**

The District Court held that Ms. Scott was "speculating" that Mr. Moon contributed to a phone call. The Complaint in this matter contained no information stating what specific actions Mr. Moon took, and in what way he allegedly "contributed" to the call. In light of the Complaint and its utter lack of anything other than conclusory and non-actionable allegations against Mr. Moon, the District Court's decision to characterize Ms. Scott's accusations as "speculative" was, if anything, a charitable characterization of Ms. Scott's complaint.

7. **The District Court Accurately Characterized the Plaintiff's Complaints as "Repetitive and Meritless" Because the Plaintiff's Complaints are "Repetitive and Meritless."**

The Appellant argues that the District Court erred by calling her repeated complaints against Mr. Moon "repetitive and meritless." But the record reveals that the District Court used the words "repetitive and meritless" to describe Ms. Scott's complaints only because such complaints are, in fact, "repetitive and meritless."

This Court is familiar with two of Ms. Scott's previous suits against the same defendant: *Scott v. Carlson et al.*, Case No. 19-1011, and *Scott v. Moon*, Case No. 19-1123. The District Court noted in its opinion and order at ECF No. 61 that it was adjudicating the third round of federal claims brought by Ms. Scott against

Mr. Moon,[2] and Mr. Moon detailed at ECF No. 55 and 90 that there were numerous additional state claims.

A quick Pacer search reveals that Ms. Scott has at least 4 cases on this Court's docket: *In re: Melinda Scott*, Case No. 18:1140 (in which Ms. Scott sought an order of mandamus against the District Court and various state court officials in Southwest Virginia following an order granting sanctions against her in the Buchanan County General District Court), *Scott v. Carlson et al.*, Case No. 19-1011, *Scott v. Moon*, Case No. 19-1123, and the instant case. The District Court's dockets reveal numerous additional suits.

All of Ms. Scott's federal claims against Mr. Moon have been dismissed, yet she continues to file new suits year after year. Against this backdrop, it is hard to imagine how it could possibly have been erroneous for the District Court to characterize Ms. Scott's filings as "repetitive and meritless."

---

[2] The District Court appears to have inadvertently forgotten to include *Scott v. Wise Co. Commonwealth's Attorney et al.*, Case No. 2:17-cv-23 (W.D. Va. 2017), a case in which Ms. Scott sued federal and state prosecutors to force the extradition and prosecution of a resident of New York, and named Mr. Moon as a co-defendant.

## 8. Dismissal "With Prejudice" is Routine and Does not Violate the Constitution

Perhaps most indicative of the frivolous nature of Ms. Scott's appeal and her oppressive litigation tactics is Ms. Scott's Eighth Assignemt of Error: According to Ms. Scott, "The district court erred in dismissing the Appellant's case 'with Prejudice', as she maintains a constitutional right to file new causes of action that might arise. She also maintains a constitutional right of access to the courts."

Ms. Scott has repeatedly insisted she is suing for new causes of action, even as she has continually recycled fundamentally the same claims under various legal theories in state and federal courts since at least 2017 to harass the same individual. As this Court held in *Mueller v. Specialized Loan Servicing, LLC*, 669 F. App'x 644, 644 (4th Cir. 2016):

> "In general… a dismissal for failure to state a claim is with prejudice. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits."); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

It should be no surprise to Ms. Scott that on her third attempt to sue the same defendant for the same basic claims in the same court, and following two previous dismissals without prejudice, the District Court elected to bring some finality and repose in the form of a dismissal with prejudice. Such dismissals with prejudice are

routine and have never been held to amount to a violation of the Constitution. Ms. Scott cites no authority to the contrary.

9. **The District Court Committed No Error with Respect to Service of Process.**

Ms. Scott argues in her Ninth Assignment of Error that the District Court erred with respect to constructive notice and actual notice of service of process. Ms. Scott's brief doesn't elaborate regarding what specific errors she believes the District Court committed or what authority the District Court allegedly contravened. The Appellant's entire argument appears to be premised on an attempt to overturn the District Court's decision to vacate an entry of default at ECF No. 56, but the Appellant fails to explain how that decision was in error.

This Court should either consider the allegations in Ms. Scott's Ninth Assignment of Error to have been abandoned, or alternatively should affirm on the basis that the District Court's order at ECF No. 56 was well within the discretion and authority of the District Court.

10. **The District Court was not required to find "Excusable Neglect" in order to overturn a facially improper entry of default against a Defendant under Rule 55.**

Similar to her Ninth Assignment of Error, Ms. Scott's Tenth Assignment of Error relates to a vacated entry of default against Mr. Moon. In addition to all the

failings set forth above, however, including Ms. Scott's failure to establish what precedent, statute, or rule the District Court allegedly violated, Ms. Scott also invents an "excusable neglect" requirement that is not present in any Fed. R. Civ. P. 55 analysis.

Liberally construing the *pro se* Appellant's pleadings and briefs and giving her every benefit of every doubt, it appears that Ms. Scott is making an argument based upon Fed. R. Civ. P. 60 (b)(1), even though no final judgment was ever entered in her favor. The rule that the District Court actually applied in this case is Fed. R. Civ. P. 55 (c), which contains no requirement for a showing of "excusable neglect."

This Court should reject Ms. Scott's Tenth Assignment of Error out of hand either because Ms. Scott has failed to adequately develop any argument that an error was committed on the basis of any statutory, precedential, or other authority, or alternatively because the District Court properly applied Fed. R. Civ. P. 55 (c) and properly chose not to apply Fed. R. Civ. P. 60(b)(1).

## 11. Appellant Baldly Accuses the District Court of Refusal to Apply the Rules of Civil Procedure of Relevant Precedent, but cites no Rule or Precedent that the District Court Violated.

Ms. Scott's Eleventh Assignment of Error, like many of her other "Issues for Review," accuses the District Court of failure to follow the law, but fails to explain

what allegedly binding case law or rules the District Court might not have followed. This Court should consider any arguments Ms. Scott may have had to have been abandoned for failure to adequately brief such arguments or address purported errors.

**12. The District Court did not Err with Respect to Discovery.**

Ms. Scott's Twelfth Assignment of Error addresses the District Court's purported failure to *sua sponte* order discovery against various John Doe defendants. As a practical matter, it is unclear how Ms. Scott believes she would have been able to issue discovery requests to unidentified and unidentifiable individuals, even if the District Court had transformed itself from a neutral tribunal into a zealous advocate for Ms. Scott's imagined claims.

Nevertheless, the record shows that the District Court did not, in fact, ignore Ms. Scott's requests for discovery. At ECF No. 17, the District Court noted that it had no involvement in Ms. Scott's ability to conduct discovery and urged her to proceed with whatever discovery she anticipated. Following serial litigation misconduct on Ms. Scott's part, and as indicated by ECF Nos. 48 and 35, the District Court was eventually forced to stay discovery. See ECF No. 56. Ms. Scott may disagree with the District Court's decision, but she is flatly incorrect to say that it ignored her requests. The District Court carefully contemplated Ms. Scott's requests and ruled within its lawful discretion.

### 13. The District Court did not Err with Respect to Service of Process.

Ms. Scott's Thirteenth Assignment of Error alleges that Mr. Moon was properly served. Ms. Scott does not elaborate regarding how the District Court erred in this regard. Nor does she elaborate regarding what decision of the district court she seeks to challenge.

The eventual dismissal in this case was not based upon Fed. R. Civ. P. 12 (b)(5). It is thus unclear from Ms. Scott's brief what ruling of the District Court she is appealing, and on what basis. This Court should therefore reject her Thirteenth Assignment of Error.

### 14. To the Extent that Ms. Scott argues that Mr. Moon's ties to Florida grant the "Fourth District" jurisdiction over Mr. Moon, Ms. Scott's Claims are Incomprehensible.

Ms. Scott's Fourteenth Assignment of Error is flatly incomprehensible. The Appellant argues that Mr. Moon has ties to Florida, and therefore that the "Fourth District" has jurisdiction over him. But the District Court did not rule regarding Mr. Moons ties to Florida. And Florida is not located in the Fourth Circuit. To the extent that Ms. Scott's arguments cannot be understood, they must be rejected.

## 15. The District Court did not Rule on the Basis of Immunity Under the Communications Decency Act, and No Error Can Be Assigned to a Hypothetical Ruling that the Court did not Make.

Ms. Scott's Fifteenth Assignment of Error alleges that Mr. Moon is not immune from liability under the Communications Decency Act. Mr. Moon disagrees (see ECF No. 76, citing a recent decision involving a case filed against him in the U.S. District Court for the District of Utah). Nevertheless, whether Mr. Moon qualifies for immunity under the Communications Decency Act was not a topic upon which the District Court ruled and is therefore not a topic upon which the District Court could possibly have erred. This Court should therefore ignore Ms. Scott's Fifteenth Assignment of Error.

## 16. The District Court did not Rule on the Basis of *Res Adjudicata* or Collateral Estoppel, and No Error Can Be Assigned to a Hypothetical Ruling that the Court did not Make.

Ms. Scott's Sixteenth Assignment of Error alleges that neither *res adjudicata* nor collateral estoppel bar Ms. Scott's claims. As with Ms. Scott's Fifteenth Assignment of Error, Mr. Moon disagrees. However, yet again, the District Court did not rule upon issues of *res adjudicata* or collateral estoppel. The District Court cannot have committed error in a decision that it did not make. This Court should therefore ignore Ms. Scott's Sixteenth Assignment of Error.

## 17. There is no Right to an Evidentiary Hearing on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)

In Ms. Scott's Seventeenth Assignment of Error, she makes the novel claim that she was entitled to an evidentiary hearing on her complaint. Ms. Scott is wrong in at least two ways: First, no evidentiary hearings are held on 12(b)(6) motions to dismiss because the pleaded facts are assumed, for purposes of such motions, to be true. Second, the local rules for the Western District require the parties to arrange and schedule hearings if they wish to be heard. See W.D. Va. Local Rule 11 (b). As the District Court noted at ECF No. 79, Ms. Scott never requested a hearing.

The Plaintiff cannot complain on appeal that she never received what she failed even to request at the District Court. This Court should reject her Seventeenth Assignment of Error both because the District Court committed no error and because the Appellant waived her right to complain on appeal by failing to raise the relevant issue in the District Court.

## 18. The District Court did not Abuse its Discretion.

Ms. Scott's Eighteenth Assignment of Error states that the District Court's order of August 30, 2021 was an abuse of discretion. But again, Ms. Scott fails to identify what the discretion of the district court was and how the district court abused that discretion. In the absence of a developed legal argument, Mr. Moon

cannot adequately respond and this Court cannot review the record in search of error.

**19. The Presiding Judge had no Duty to Recuse.**

Ms. Scott repeatedly moves to recuse judges who fail to rule in her favor. See, e.g., ECF No. 15, 58, 59. When that doesn't work, she also files civil claims against such judges. See, e.g., *Scott v. Lyall et al.*, Case No. 2:17-cv-50 (W.D. Va.), *In re: Melinda Scott*, Case No. 18-1140 (4th Cir.).

In this case, Ms. Scott made all sorts of salacious and undignified accusations against the presiding judge, but failed to present a scintilla of evidence for her wild and shifting claims. As the District Court noted at ECF No. 79, "Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent. A judge need not recuse himself because of 'unsupported, irrational, or highly tenuous speculation.' *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (citations omitted)."

### B) Conclusion

For the reasons set forth above, Appellee Joshua Moon respectfully requests that this Court affirm the judgment of the District Court and dismiss the appeal. He also requests that this Court deem this appeal to have been frivolous and award fees under Fed. R. App. P. 38.

Respectfully submitted this the 12th day of November, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I will also deposit a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

> Melinda Scott
> 2014PMB87
> Post Office Box 1133
> Richmond, VA 23218

I will further send a copy of the foregoing to Ms. Scott by email addressed to mscottw@masonlive.gmu.edu.

Dated: November 12, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*

# Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 32 (g), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32 (f), 4,263 words in length. I have relied upon Microsoft Word's word processor to establish that count.

Dated: November 12, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*