IN THE FOURTH CIRCUIT
COURT OF APPEALS

| | |
|---|---|
| MELINDA SCOTT,    ) | |
| ) | |
| APPELLANT.    ) | |
| ) | |
| V.    ) | Case No. 21-2006 |
| ) | |
| WISE CO. DSS,    ) | |
| ET AL.,    ) | |
| ) | |
| APPELLEES.    ) | |

## APPELLANT'S INFORMAL REPLY BRIEF
## TO APPELLEE JOSHUA MOON

**Leave to file Reply Brief.** COMES NOW, the Appellant, Melinda Scott,

and timely files this Informal Reply Brief. The Fourth Circuit Court of Appeals'

Briefing Order of September 14, 2021 permitted the Appellant to file an Informal

Reply Brief within ten (10) days of an Informal Response Brief. Appellant was

electronically served an Informal Respose Brief from Appellee Joshua Moon on

November 12, 2021.

# I. APPELLANT SCOTT NOT REQUIRED TO PAY APPEAL BOND

**Appellant Scott's *IFP* status was not revoked.** No order from the district court revoked Appellant Scott's *IFP* status. Therefore, under Rule 24(a)(3) of the Federal Rules of Appellate Procedure Appellant Scott is not required to pay an appeal bond. She is entitled as a matter of law to proceed in the Fourth Circuit Court of Appeals without paying an appeal bond.

**District Court appeal bond Order of September 22, 2021 made in bad faith.** In his Informal [Response] Brief (titled with the misnomer "Informal Brief", but as Appellee, more properly called "Response Brief"), Appellee Joshua Moon, by counsel asserts that: "The district court's certification that the appeal is taken in bad faith controls in the absence of some showing that the district court itself made such a determination in bad faith." (*Harvey v. Taylor Country Farms, Ltd., No. 91-1849, 1992 U.S. App. LEXIS 16835, at *4 (4th Cir., July 20, 1992) (Unpub.), citing Maloney v. E.I. Du Pont de Nemours & Co., 396 F.2d 939 (D.C. Cir. 1967); accord. Spurlock v. Hurst, 391 Fed. Appx. 257 (4th Cir. 2010).*" Here in this case before us, the district court's certification that Appellant Scott's appeal <u>was made in bad faith and therefore, cannot control</u> -- because just

as *Harvey* points out, it can only control when it <u>cannot</u> be shown that "the district court...made such a determination in bad faith". Below Appellant Scott will outline the ways in which the Western District Court of Virginia did <u>not</u> comply with Federal law and the Federal Rules of Civil Procedure when fashioning the Appeal Bond Order of September 22, 2021.

**District Court appeal bond Order of September 22, 2021 void.** In his Informal [Response] Brief (titled with the misnomer "Informal Brief", but as Appellee, more properly called "Response Brief"), Appellee Joshua Moon asserts that "Ms. Scott has flagrantly disregarded the rules governing *in forma pauperis* appeals and has not paid the requisite filing fee following the District Court's determination that her appeal was not taken in good faith" (page 2, ¶1). Appellant Scott denies that she owes an appeal bond, for the same reasons stated in her Informal Opening Brief and subsequent responses to Appellee Joshua Moon's motions to dismiss, previously filed with this appeals court. Appellee Joshua Moon has repeatedly made this assertion in opposition to what federal law and federal rules of procedure govern. He believes that following the law and rules is optional.

The main reason Appellant Scott does not owe the appeal bond is because the district court fashioned the appeal bond order without following the rules,

legally binding case law precedents, and federal law 28 USC 636, as described

below. Firstly, the Appeal Bond Order of the district court was signed by a

magistrate judge without the prior consent of the Appellant to magistrate judge

jurisdiction. Without the Appellant's consent to a magistrate judge, a magistrate

judge had no authority to make orders in the case. Under federal law 28 USC

636(c)(1) a litigant's consent is required for magistrate judge jurisdiction in civil

cases. Likewise, 28 USC §636(b)(4) and the Western District Court Local Rule

73 ("Magistrate Judges") require written consent of the litigants involved to have

a Magistrate Judge oversee *any and all* proceedings in a civil case. The Appellant

Melinda Scott never gave her consent for a magistrate judge to oversee any

proceeding in her case.

Further, 28 USC 636(c)(1) and Federal Rule of Civil Procedure 73 requires

the district court to notify the parties of the case of their opportunity to consent

and "advise them that they are free to withhold consent without adverse

substantive consequences" (Fed. Rule of Civ. Proc. 73). "To signify their

consent, the parties must jointly or separately file a statement consenting to the

referral" (Fed. Rul. Civ. Proc. 73). Appellant Scott was never notified by the

district court of her opportunity to consent, nor did she ever file any written

statement consenting to magistrate judge jurisdiction. Therefore, the Order of the

district court signed September 22, 2021 (ECF/docket #79) is void. It does not conform with the Federal Rules of Civil Procedure *nor* 28 USC 636. According to the rulings of the Supreme Court, Appellant Scott is not legally obligated to follow any court order which violates *due process* laws.

The Supreme Court has ruled that an order is void if it is not obtained by *due process* of law. "A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933)... it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980)" (*United Student Aid Funds, Inc. v. Espinosa, 559 US 260 - Supreme Court 2010*). If a court has no authority to make an order, the order is void on that count too. "When [...] a court of the United States undertakes, by its process of contempt, to punish a man for refusing to comply with an order which that court had no authority to make, the order itself, being without jurisdiction, is void, and the order punishing for the contempt is equally void. * * *" (*Beauchamp v. United States, 76 F. 2d 663 - Circuit Court of Appeals, 9th Circuit 1935* citing *Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 726, 28 L. Ed. 1117; Ex parte Terry, 128 U. S. 289, 9 S. Ct. 77, 32 L. Ed. 405; In re Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216*)."

**Appeal Bond Order of September 22, 2021 facially defective.** Further, the Appeal Bond Order of September 22, 2021 was facially defective. It did not even set an appeal bond amount. Even when Appelle Joshua Moon motioned the district court on October 5, 2021 to modify his motion which led to the Order of September 22, 2021 (a new motion to set the appeal bond amount), he did not request leave of permission of the court to first do so, as required by Federal Rule 15(d). The district court never granted his motion and no appeal bond amount was ever set. Apparently, the appeal bond was set at zero dollars by default.

**District Court did not follow legally binding precedents and case law.** Notwithstanding, the Appeal Bond Order of September 22, 2021 did not conform with the legally binding precedents of the US Supreme Court nor the Fourth Circuit. It also cited no legal basis for an adverse party to motion a court to enforce an appeal bond. The dismissal of bad faith Complaints are "often made *sua sponte* prior to the issuance of process…" (*Neitzke v Williams, 490 US 319 US Sup. Court (1989) citing Franklin v. Murphy,* 745 F. 2d. 1221, 1226 (CA 9 (1984)).

The US Supreme Court has ruled that in order to certify an appeal is made in "bad faith" it must do so based upon "findings of frivolity" (*Anders v. California, 386 US 738 - Supreme Court 1967*). This ruling was upheld by the

Fourth Circuit in *Arnold v. Burger King Corp*. (719 F. 2d 63 - Court of Appeals, 4th Circuit 1983), and has been maintained as the standard ever since. Firstly, this legal standard of requiring a district court to set forth actual "findings of frivolity" requires the proper legal definition of the word "frivolous". The US Supreme Court has also supplied a definition for the word "frivolity" ("frivolous") in *Denton v. Hernandez, 504 US 25 - Supreme Court 1992*. In *Denton* the Court ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional". The Court in *Denton* went on to say that a Complaint is only considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'".

The district court did not comply with the legally binding precedents in *Anders v California* (US Supreme Court), *Arnold v Burger King Corp* (Fourth Circuit), and *Denton v Hernandez* (US Supreme Court). The Appeal Bond Order of September 22, 2021 certifying a "bad faith" appeal from Appellant Scott did not point to a single fact which would qualify as a "finding of frivolity". It was a long string of conclusory remarks unsupported by any findings of facts. Therefore, the district court order requiring an appeal bond and certifying "bad faith" does not conform with the rulings of the Supreme Court of the United

States and the Fourth Circuit. Likewise, Appellee Joshua Moon's repeated demands to enforce an illegally crafted order echoes this "color of law" approach to the Appeal Bond.

Not only does the district court's Order of September 22, 2021 lack conformity with the legal standards of the rulings of the US Supreme Court, it also lacks conformity with the legal standards of the rulings of the Fourth Circuit. "The one common strand running through all these cases is that assessment of frivolousness ...are best left to the sound discretion of the trial court after a *thorough evaluation of the record and appropriate factfinding*" (emphasis added) (*Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983 citing Hensley v. Eckerhart, 461 U.S. 424, ___, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983); see also, Smith v. Josten's American Yearbook, 624 F.2d 125 (10th Cir.1980); Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982), cert. granted, ___ U.S. ___, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983))*". The district court's order of September 22, 2021 is completely void of <u>any</u> fact finding. The district court did not do a "thorough evaluation of the record" *nor* "appropriate fact finding". The order was  merely a strand of conclusory statements unsupported by facts. The order was actually drafted by Appellee Joshua Moon's attorney and then submitted by email to the magistrate judge, even though there

is no legal precedent to support the idea that an attorney can petition the court in this manner. The magistrate judge simply signed off on the attorney's proposed order without any "evaluation of the record" or "appropriate fact finding", hence the reason the order lacks even a basic paragraph outlining "findings of fact".

However, the district court's bad faith does not stop there. In addition to a refusal to follow the legally binding precedents of the US Supreme Court and Fourth Circuit with regards to the accepted legal definition of "frivolous", the district court also refused to follow the legally binding precedents of the US Supreme Court with regard to what constitutes "bad faith". The US Supreme Court has ruled that "[I]n the absence of some *evident improper motive,* the applicant's good faith is established by the presentation of *any* issue not plainly frivolous." (emphasis added) (*Farley v United States, 354 US 521, 77 S. Ct. 1371, 1 L. Ed. 2d 1529 - Supreme Court, 1957*). That has been the uniform legal standard across the US, unchanged since that ruling, cited by Federal Circuit courts everywhere. *Farley* is binding law upon the Fourth District and yet despite being briefed on this case law by Appellant Scott, they chose to be prejudicial to Appellant Scott and ignore the case law when issuing the order of September 22, 2021. The Fourth District did not outline *any evidence* pointing to an "improper

motive" on behalf of Appellant Scott. They wouldn't find any evidence because the Appellant never once demonstrated an improper motive for filing her case.

Additionally, *Farley* also invokes the word "frivolous" and this requires going back to the legal definition of "frivolous" given in *Denton*. Due to the fact that the district court did not apply the legal standards in *Denton*, it likewise did not comply with the legal standard of *Farley*. The Appeal Bond Order does not use the word "frivolous" anywhere. On this count, the district court failed to comply with *Farley* by it's failure to show any evidence whatsoever that Appellant Scott's Complaint and Appeal were "frivolous".

Yet, even with their failure to comply with the legally binding precedents in *Farley* as well, the district court's bad faith in making the order did not stop there. The US Supreme Court has ruled that "the good faith test must not be converted into a requirement of any preliminary showing of any degree of merit." (*Ellis v. United States 356 US 674 Sup. Ct. (1958)*). The district court's order, filed <u>before</u> the Appellant's Informal Opening Brief was submitted to the Fourth Court of Appeals, was <u>prematurely</u> written. In *Ellis* the US Supreme Court has ruled that a litigant is not legally bound to present any information to the district court showing what the appeal will contain. It is the duty of the district court to inspect the appeal brief for findings of frivolity. "It is not the burden of the

Petitioner to show that his appeal has merit, in the sense that that he is bound, or even, likely to prevail ultimately" (*Coppedge v United States 369 US 438 Sup. Ct. (1962)*). Appellee Joshua Moon's motions demanding that Appellant Scott demonstrate *prior* to her Informal Opening Brief that her appeal has merit are completely out of bounds of the legal standards of the US Supreme Court as set forth in *Ellis*. The district court supported his "color of law" approach to the process, in a manner fully prejudicial to Appellant Scott. They permitted an attorney to draft an order that did not comply with the legal standards of the US Supreme Court and they signed off on it, despite it being altogether illegal.

**Assignments of error in the Appeal Bond Order of Sept. 22.** The magistrate judge, who did not make any attempt to evaluate the record", also erred in stating the following in the order of September 22, 2021: "As found by Judge Jones as set out above, the plaintiff, in the present case, largely repeats allegations that were raised in her previous cases against the same defendant". Firstly, there were no "findings" by Judge Jones in his Order and Opinion of August 30, 2021. The magistrate judge signed off on a statement contrary to what the record states. What Judge Jones actually stated in the Order dismissing the case was that "[I]n the earlier *pro se* actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing

her emotional distress". To stretch that statement into "largely repeats allegations" is a far stretch and a false statement. The Appellant's current Complaint in the current case contained 15 detailed paragraphs that went far beyond "defamatory web postings". The magistrate judge, who had no authority of law to even be signing an order, erred in stating that the Appellant "largely repeats allegations". It's a false statement inserted into an order which was not formed from proper inquiry of the facts.

The magistrate judge, who never had authority to sign an order in the first place, also erred in stating that a previous appeal being dismissed in a court of appeals has any bearing on a "bad faith" determination. The district court cited <u>no</u> case law to support the legal conclusion that a prior dismissal in a court of appeals for a different cause of action falls under the legal definition of "frivolous" or "bad faith" for a current case. The proper accepted legal definitions of "frivolous" and "bad faith" are set forth in *Denton, Ellis and Coppedge,* as cited above. The district court made no attempt to comply with these legal precedents when invoking the term "bad faith".

The district court further erred in stating that "the Plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law". For one, the district court showed <u>no</u> case law demonstrating that they had a legal right to

demand the Appellant reveal the contents of her future appeal brief to be submitted to the Court of Appeals. As cited above, the legal standard of the US Supreme Court is that a district court <u>cannot</u> ask for a preliminary showing of merits (*Ellis*). Further, the district court's statement regarding the Plaintiff's proposed appeal grounds are "unlikely to succeed as a matter of law" and the district court's statement that the "Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent" are not supported by any findings of facts, as required by the US Supreme Court rulings. These are merely <u>arbitrary</u> legal conclusions inserted in the order without any foundation in findings of fact.

**District court, not Appellant Scott, acted in bad faith.** Appellant Scott has adequately demonstrated above that the district court's Appeal Bond Order of Sept. 22, 2021 did not conform with the rulings of the US Supreme Court and the Fourth Circuit. The reality is, it is <u>not</u> the Appellant, Melinda Scott who has appealed in "bad faith". Her Informal Opening Brief filed with this court demonstrates that her appeal has an arguable basis in law and fact. It is the district court of the Western District of Virginia who issued an Appeal Bond Order in bad faith. A district court is bound to follow federal law, federal rules, and legally binding case law. As demonstrated above, the district court did <u>not</u> follow federal law 28 USC 636(c)(1), 28 USC 636(b)(4), nor federal rule 73, nor any of the

legally binding precedents of *Neitzke, Denton, Anders v California, Arnold v Burger King Corp, Farley, Ellis* or *Coppedge.* The district court's refusal to follow federal law, federal rules and binding legal precedents was wholly prejudicial to Appellant Scott. Any prejudice against a litigant is automatically bad faith shown from a court who is legally obligated to be a neutral territory without bias. The Appeal Bond Order of September 22, 2021 docketed by the Western District of Virginia federal district court was done in bad faith, wholly lacking in conformity with the law. It is an order that was crafted under "color of law". As such, under the legally binding precedent of *Harvey,* that order <u>cannot</u> control because Appellant Scott has adequately stated herein all the ways in which the district court showed bad faith when signing off on the order.

For all the reasons herein outlined above, the Appeal Bond Order of September 22, 2021 issued by the Western District Court is void and not legally enforceable.

## II.    NO LEGAL PRECEDENT FOR DISMISSING APPEALS FOR LACK OF APPEAL BOND PAYMENT

**Fourth Circuit does not dismiss meritorious appeals for inability to pay.** The Fourth Circuit court of Appeals does not bar the filing and review of an Appellant's meritorious appeal brief simply because of an Appellant's inability to pay. "And we are hesitant to foreclose a meritorious appeal based on the appellant's alleged inability to pay" (*Schmidt v FCI ENTERPRISES LLC* citing *Lindsey v Normet, 405 US 56, 79, 92 S. Ct. 862, 31 L. Ed. 2d. 36 (1972)*).

## III.    *PRO-SE* COMPLAINT TO BE LIBERALLY CONSTRUED

**Appellee Joshua Moon's erroneous conclusions about Order of August 30, 2021.** In his Informal [Response] Brief (titled with the misnomer "Informal Brief", but as Appellee, more properly called "Informal Response Brief"), Appellee Joshua Moon asserts that the purpose of the district court stating that the Appellant was a "frequent *pro se* litigant" was to state that her claims were already brought up in a previous case. This conclusion of Appellee Joshua

Moon, by counsel, is erroneous. The reason for the mention of the Appellant's prior experience in federal court was because the district court is required to construe a *pro se* litigant's Complaint *liberally* (*Estelle v. Gamble, 429 U.S. 97, 106 (1976), Scott v. Carlson, Case No. 2:18CV47, 4 (W.D. Va. Dec. 11, 2018)*), and should not be dismissed without opportunity to amend the Complaint - *unless* it can be shown that the *pro se* litigant has legal knowledge that would otherwise hold the litigant to a different standard. Because Appellant Scott has filed several federal court cases in the last 5 years, Judge Jones decided to not (a) honor the Appellee Joshua Moon's motion for a more definitive statement (b) did not permit her leave to amend her Complaint and (c) did not construe her Complaint liberally. He held Appellant Scott to a higher standard and noted that by mentioning she was a "frequent *pro-se* litigant".

## IV.  LEGAL STANDARD FOR THE WORD "FRIVOLOUS"

**Appellee Joshua Moon, by counsel, does not define "frivolous" and "oppressive" according to their accepted legal definitions.** Appellee Joshua Moon, by counsel, continues to try to assert the view that Appellant Scott's Complaint and Appeal are "frivolous". Although this is what the Appellee Joshua

Moon would like to believe, his opinion is not based in reality. For one, no order or opinion from the district court called Appellant Scott's Complaint or Appeal "frivolous". Secondly, the US Supreme Court has supplied the definition of "frivolous" in *Denton v Hernandez*. In *Denton* the Court ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional" (*Denton v Hernandez, 504 US 25 - Supreme Court 1992*). The Court in *Denton* went on to say that a Complaint is only considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'" (*Denton v Hernandez, 504 US 25 - Supreme Court 1992*). Under this legal standard, Appellant Scott's Complaint and Appeal do not qualify as "frivolous". Neither can it be said that Appellant Scott's Complaint and Appeal are "oppressive", as Appellee Joshua Moon actually, in fact, engaged in the malicious conduct described within Appellant Scott's Complaint and Appeal.

## V.     ASSIGNMENTS OF ERROR (19 ASSIGNMENTS OF ERROR)

## A. ASSIGNMENT OF ERROR 1: 4 ELEMENTS OF I.I.E.D

**Docket 51 not acknowledged in contents of order and opinion of August 30, 2021.** In his Informal [Response] Brief Appellee Joshua Moon, by counsel, raises the issue of his request to the district court to dismiss Appellant Scott's claim of I.I.E.D. However, the Order of August 30, 2021 does not acknowledge any of Appellee Joshua Moon's reasons for objecting in docket #51. As pointed out in her Informal Opening Brief, the district court dismissed the claim of I.I.E.D while only focusing on element number 2 of claims of I.I.E.D (page 3), pinning the entire dismissal on whether or not a malicious phone call to CPS was not tolerated by civilized society; an issue that was never raised by Appelle Joshua Moon in docket #51, page 16-17.

This very fact, that the court would grant Appellee Joshua Moon's Motion to Dismiss, even without citing a single issue referenced in that Motion to Dismiss is further evidence that the Order and Opinion was based upon prejudice against Appellant Scott, and is further reason to support Appellant Scott's assignment error of #19: that Judge Jones had a judicial duty to recuse himself.

**Appellee Joshua Moon's Counsel Does Not Represent Jane Doe 1 And John Does 1-3.** However, the prejudicial rulings against Appellant Scott did not stop there. The prejudicial way in which the case was dismissed in a sweeping generalization made without any actual reference to contents within the Motion to Dismiss (docket #51) was only one form of prejudicial ruling. The prejudice of Judge Jones against Appellant Scott was also demonstrated in the way he dismissed the claims of Jane Doe 1 and John Does 1-3 even though they were never represented by the same counsel who wrote the Motion to Dismiss (docket #51) on behalf of his client Appellee Joshua Moon. As pointed out in her Informal Opening Brief, the district court dismissed claims against Jane Doe 1 and John Does 1-3 on the basis of Appellee Joshua Moon's "Motion to Dismiss". However, Counsel for Appellee Joshua Moon never entered a Notice of Appearance for Jane Doe 1 and John Does 1-3. The court erred in dismissing claims against all 5 defendants of I.I.E.D. when only one of them was represented by counsel who filed a Motion to Dismiss for his client, Appellee Joshua Moon. Whether or not Appellant Scott had a valid claim of I.I.E.D against Appellees Jane Doe 1 and John Does 1-3 was not properly decided by the district court who allowed the claims against Appellees Jane Doe 1 and John Does 1-3 to be dismissed by a counsel who never filed a notice of appearance for them.

**Sufficient facts stated regarding Appellee Joshua Moon stated in Complaint.** Paragraphs 65 through 80 of her Complaint have sufficient facts stated in which Appellee Joshua Moon acted in a course of conduct hostile to Appellant Scott. Appellee Joshua Moon's blanket denial of those facts, followed by contradictory admissions in his Informal [Response] brief that the Appellant did in fact make statements of fact describing the conduct of Joshua Moon are absurd, twisted and unavailing. The Appellant need not burden this court with repeating the statements of fact in paragraphs 65 through 80 of her Complaint because her Complaint is readily available to this court for viewing.

## B. ASSIGNMENT OF ERROR 2: DISTRICT COURT DID NOT ADDRESS THE TOTALITY OF FACTS IN APPELLANT'S COMPLAINT

In his Informal [Response] Brief Appellee Joshua Moon, by counsel, makes a sweeping denial that the district court ignored many of the facts in the Appellant's Complaint. His sweeping denials represent no facts showing that the district court did in fact address the totality of facts. The motive of the district court is irrelevant. The district court is legally obligated to do their job and

address the totality of facts in any case, criminal or civil. There is no excuse for a district court treating a litigant in a prejudicial manner by skipping around facts presented in a Complaint. This prejudicial manner in which Judges Jones treated Appellant Scott's Complaint is only further proof supporting Appellant Scott's 19th assignment of error: Judge Jones had a judicial duty to recuse himself for prejudice against Appellant Scott.

## C. ASSIGNMENT OF ERROR #3: DISTRICT COURT IGNORING PARAGRAPHS 65-80 *AND* ERRED IN REDUCING COMPLAINT TO "DEROGATORY REMARKS":

In his Informal [Response] Brief Appellee Joshua Moon, by counsel, claims that Appellant Scott "doesn't elaborate what those actions might have been" and thus "has abandoned her own claims". To the contrary, Appellant Scott adequately stated that in her Informal Opening Brief that the multiple actions are described in paragraphs ¶65-80. Appellant Scott stated that clearly. The Appellant need not burden this court with repeating the statements of fact in paragraphs 65 through 80 of her Complaint because her Complaint is readily available to this court for viewing. The Appellant Scott is under no obligation to

set forth anything else because the facts of paragraphs 65 to 80 can be reviewed

by any judge without the Appellant using up briefing space to repeat all them.

Appellee Joshua Moon's assertions otherwise are not founded in any rule

or case law. He vaguely cites *Edwards v City of Goldsboro*, without any reference

to any citation from the case law. *Edwards v City of Goldsboro* does not support

his claims.

## D. ASSIGNMENT OF ERROR 4: SECOND ELEMENT OF IIED

In his Informal [Response] Brief Appellee Joshua Moon tries to state that

the concise nature of how the fourth assignment of error was stated by Appellant

Scott nullifies its claim. There is no legal precedent for his claim. The

"Assignment of Error" section is not specified by any rule to look any certain

way. Further, the "Assignment of Error" section does not need to be used as the

place for expansion of details. That is delegated to the "Facts and Argument"

section -- in which by common sense, a litigant infers from "Argument" that that

is the place to expand in detail.

## D. ASSIGNMENT OF ERROR 5: CONSTITUTIONAL VIOLATIONS IGNORED IN ORDER OF AUGUST 30, 2021

In his Informal [Response] Brief Appellee Joshua Moon, by counsel, alleges that the Appellant is speaking of constitutional claims of action against Joshua Moon and John Does 1-2. Appellant Scott did not state that. Regardless of the reason for incorporating the information in paragraphs 46 and 52 in the Complaint, the court had a duty to address them in weighing the totality of facts.

## E. ASSIGNMENT OF ERROR 6: DISTRICT COURT ERROR OF "SPECULATION"

Appellee Joshua Moon's statements regarding the 6th assignment of error are again a sweeping generalization. The *fact* is that that the Appellant stated exactly the ways in which Appellee Joshua Moon contributed to the malicious phone call to CPS between paragraphs 65 to 80.

Further, Judge Jones pinpointing this one particular issue, of whether or not Appellant Scott speculated or not goes back to a previous docket issue in which Appellee Joshua Moon, by counsel, tried to force Appellant Scott into

producing evidentiary facts regarding her claim that Joshua Moon was involved in the malicious CPS call *before* a hearing. Counsel for Joshua Moon wrote in a pleading that Appellant Scott was only "speculating". In response, Appellant Scott upheld her right not to have to present evidentiary facts before a hearing. In retaliation to her Motion to Recuse, Judge Jones usurped this one point of conflict when issuing the Order and Opinion of August 30, 2021. The prejudicial manner in which Judge Jones attempted to hold Appellant Scott accountable for not presenting evidentiary facts without a hearing is further proof to support her assignment of error #19 - Judge Jones had a judicial duty to recuse himself for prejudice against the Appellant.

## F.  ASSIGNMENT OF ERROR 7:  NO FACT TO SUPPORT THE LEGAL CONCLUSION "REPETITIVE AND MERITLESS"

In his Informal [Response] brief Appellee Joshua Moon, by counsel, makes the claim that the Appellant's Complaint's are "in fact, repetitive and meritless". Yet, not surprisingly, he makes this statement as a legal conclusion which is then followed by no facts to support his claim. He supports the district court's unfounded conclusion because it benefits his case, not because he can

actually point to any <u>facts</u> which would support such a statement. Like the district court, it is a prejudicial statement with the goal of reaching a desired end, no matter how unethical the means of getting there.

This assertion by Appellee Joshua Moon defies basic common sense and logic. Simple logic is the key here: There's a simply logical truth and legal right here which Appellee Joshua Moon seeks to absurdly deny exists: if a person does an action in 2017, they can be sued in 2017 and beyond, depending on the statute of limitations. If a person does a new action in 2018, they can be sued again in 2018 and beyond, depending on the statute of limitations. If a person does a new action in 2019, they can be sued against in 2019 and beyond, depending on the statute of limitations. Appellee Joshua Moon has been sued more than once by Appellant Scott because he and others he influences to do his "dirty work" keep doing new actions that necessitate new lawsuits.

As she mentioned in her Informal Opening Brief, Appellee Joshua Moon's actions do not exist at a stationary point in time. New actions done by him have warranted new lawsuits. Judge Jones words that Appellant Scott's Complaints are "repetitive and meritless" were simply a retaliatory action for her Motion to Recuse. Those words defied binding case law that states a even a Complaint which is dismissed on a Rule 12 motion can still have an "arguable basis in law"

(*Denton*). Judge Jones' words incorporated in his Opinion and Order of August 30, 2021 were not intellectually honest words based on facts and case law. They were simply were written to strike back at the Appellant for asserting her right to have an impartial bench trial and a judge who wasn't biased.

## G. ASSIGNMENT OF ERROR 8: DISMISSAL WITH PREJUDICE PREJUDICIAL TO APPELLANT SCOTT'S RIGHTS

In his Informal [Response] Brief Appellee Joshua Moon has again incorrectly used the word "frivolous" and "harass" outside of their accepted legal definitions. This is a pattern of behavior of Appellee Joshua Moon, by counsel: to try to accuse the Appellant of conduct for which he only arbitrarily uses labels, unsupported by any accepted legal definitions nor facts that would fall in line with accepted legal definitions. Further, he falsely claims that Appellant Scott has "recycled fundamentally the same claims". The record shows otherwise: Appellant Scott only previously brought claims for Appropriation, Defamation, False Light and 4th Amendment violations by a state actor. Appellee Joshua Moon would like to believe it's the same claims, but that doesn't make his claim accurate, especially a claim he constantly repeats without presenting any facts.

Further, as noted in her Informal Opening Brief, the district court's ruling to dismiss the case with prejudice was done with the aim of preventing any new causes of action against Appellee Joshua Moon, not to settle the case at hand. It was an extension of prejudicial ruling against Appellant Scott. Appellee Joshua Moon cites *Mueller v. Specialized Loan Servicing, LLC, 669 F. App'x 644, 644 (4th Cir. 2016),* but the case undermines his own argument. In *Mueller,* the Fourth Circuit Court of Appeals stated that ""The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." However, in the Appellant's case before the district court, the merits of the case were not ruled upon. The totality of the facts were ignored and the Appellant was denied a hearing, which she was entitled to as a matter of law, since service had been effectuated by a US Marshal.

## H. ASSIGNMENT OF ERROR 9: SERVICE OF PROCESS

In his Informal [Response] Brief Appelle Joshua Moon, by counsel, tries to fault the Appellant's Informal Opening Brief for want of case law. However, the Informal Briefing rules of the Fourth Circuit order that <u>no</u> case law is to be cited

in the Informal Opening Brief[1]. Appellant Scott is not required to cite case law in her Informal Opening Brief.

Further, Appelle Joshua Moon again falsely claims that her 9th assignment of error does not explain in detail. This is erroneous, as her "Facts and Argument" section clearly states that the district court took a contradictory "flip flop"' and prejudicial approach in applying the rules of service with regard to the Appellant's case. The manner in which they did this was adequately described in multiple pages of the "Facts and Argument" section.

## I. ASSIGNMENT OF ERROR TEN (10): "EXCUSABLE NEGLECT" LEGAL STANDARD NOT FOLLOWED BY DISTRICT COURT

In his Informal [Response] Brief Appelle Joshua Moon absurdly claims that the district court was not legally bound to follow binding legal precedents regarding a valid reason of "excusable neglect" <u>required</u> for a litigant to show they qualify for a vacatur of an entry of Default. Again, Appellee Joshua Moon, by counsel, tries to fault the Appellant for not citing case case law, even though

---

[1] ca4.uscourts.gov/appellateprocedureguide/briefing/APG-informailbriefing.html

the instructions of the Fourth Circuit state that an Informal Opening Brief need

not include case law, which can be reserved for the Formal Brief.

Appellant Scott adequately brief the district court on the legal standard of

"excusable neglect" being the binding legal standard upon litigant, should they

desire a vacatur of an entry of Default (docket/ECF #43, 44, 47). These

documents are readily available to the appeals court for viewing. Yet, despite

being briefed multiple times that the binding legal precedents required Appellee

Joshua Moon to show a valid reason of "excusable neglect" for why he did not

respond to the Appellant's Complaint after being served by a US Marshal, the

district court chose not to uphold the legal standards of the Fourth Circuit and US

Supreme Court, yet again. Just as the district court did not follow the legally

binding precedents of the US Supreme Court and Fourth Circuit when making

an Appeal Bond Order, they didn't follow legally binding case law with regard to

the legal standards of "excusable neglect". Appellee Joshua Moon had absolutely

no valid reason for why he did not respond to the Summons and Complaint

which was served by a US Marshal, but the district court did not care about

upholding this legal standard on Appellee Joshua Moon. Apparently, the rules

did not apply to Appellee Joshua Moon in the district court. This was another

way in which the district court ruled in a manner prejudicial to Appellant Scott,

which is further support of Appellant Scott's 19th assignment of error: Judge Jones had a judicial duty to recuse himself.

## J. ASSIGNMENT OF ERROR ELEVEN (11): DISTRICT COURT DID NOT FOLLOW THE FED. RULES OF CIVIL PROCEDURE AND BINDING LEGAL PRECEDENTS

In his Informal [Response] Brief Appellee Joshua Moon, by counsel, absurdly claims that the Appellant did not go into detail about what rules and case law the district court did not follow. This is an absurd denial of the fact that Appellant Scott's "Facts and Argument" section goes into plenty of details about how exactly the district court did not follow the rules and binding legal precedents. Further, the record is open for review and Appellant Scott adequately stated in her Informal Opening Brief the exact docket numbers where she briefed the district court in which the case law was ignored.

# K. ASSIGNMENT OF ERROR TWELVE (12): DISTRICT COURT'S
# ERROR IN DISCOVERY

In his Informal [Response] Brief Appellee Joshua Moon, by counsel, claims that Appellant Scott "is flatly incorrect to say that it ignored her requests." "It" being the district court. This is just a blanket denial not supported by the facts. The fact is that Appellant Scott asked the district court in the "Request for Relief" section of her Complaint to serve discovery requests *immediately* upon Appellee Joshua Moon for the IPs of Jane Doe 1 and John Does 1-3. The Appellant asked this because she needed to serve Jane Doe 1 and John Does 1-3 *within* the deadline for serving defendants. The date of that request was July 8, 2020 and was listed in the "Request for Relief" section on the Complaint. By October 2020, the district court had still not responded. That is a fact.

When the Appellant brought this to the district court's attention, they then stated she could proceed with discovery requests upon Appellee Joshua Moon (November 3, 2020). Then, after Appellant Scott served discovery requests upon Appellee Joshua Moon, the Appellant's Motion to Compel was held in abeyance (December 16, 2020) even though (a) service had been effectuated, (b) Jane Doe 1 and John Does 1-3 had not filed a motion to dismiss, and (c) all Jane/John

Does were unrepresented by counsel. The Motion to Compel was then denied (February 16, 2021), despite the fact that the case had not yet been dismissed, service was effectuated, and Jane Doe 1 and John Does 1-3 were not represented by counsel. Appellee Joshua Moon's motion to dismiss, filed by *his* counsel of record was being treated as though it was filed for all Jane/John Does 1-3, even though no notice of appearance had been filed for them.

## J. ASSIGNMENT OF ERROR THIRTEEN (13): SERVICE WAS VALID

In his Informal [Response] Brief, Appellee Moon, by counsel claims that Appellant Scott did not elaborate how the district court erred with regard to service. To the contrary, Appellant Scott adequately stated in her "Facts and Argument" section the exact ways the district court failed to follow binding legal precedents and the rules and issued an inconsistent, prejudicial ruling with regard to actual service upon Appellee Joshua Moon.

Appellee Joshua Moon was served by a US Marshal and it was docketed (docket/ECF #5). However, the district court was not concerned with upholding the rules and legal standards of service. They did not require Appellee Joshua Moon to explain to the district court how the Summons and Complaint magically

disappeared and why he did not respond in a timely manner, as required by the 5

elements required to overturn a Default. The district court was adequately briefed

on the legally binding precedents of the 5 elements required to overturn a

Default, but they were not concerned with the legal standard that it is *the duty of*

*the Defendant to prove* that they did <u>not</u> get the Summons and the Complaint.

Appellee Joshua Moon did <u>not</u> state any valid "excusable neglect", but the district

court overturned the entry of Default because apparently the rules don't apply to

Appellee Joshua Moon.

In keeping with this prejudicial standard against Appellant Scott, the

district court decided to rule upon the merits of the case, without a hearing, on

August 30, 2021, even though Appellee Joshua Moon was properly served.

## K. ASSIGNMENT OF ERROR FOURTEEN (14): JURISDICTION ON THE BASIS OF DIVERSITY OF CITIZENSHIP

In his Informal [Response] Brief Appellee Joshua Moon, by counsel,

claims that Appellant Scott's mention of Appellee Joshua Moon's Floridian ties

creating diversity of citizenship for jurisdiction is incomprehensible. Appellant

Scott expanded in her "Facts and Argument" section that "Joshua Moon also

maintains ties to Florida, like being a registered Republican under a Pensacola address, which could count him as a resident of Florida." (page 9/10). That is very clear and straightforward.


## L. ASSIGNMENT OF ERROR FOURTEEN (15):
## 47 USC Section 230 IMMUNITY


If Appellee Joshua Moon was immune under 47 USC 230, then the district court would have noted that in the dismissal. They did not dismiss the case upon Section 230 immunity because Joshua Moon was *not* immune under 47 USC 230, and rightly so. Appellant Scott included an entire paragraph in her Complaint pointing out exactly *why*, under the Fourth Circuit standards in *Nemet* and *Zoran*, Joshua Moon does not qualify for immunity (¶76).

Appellee Joshua Moon, by counsel, cites a case from Utah in which Joshua Moon was recently sued (docket/ECF #76). The case was in another federal circuit, not the Fourth Circuit. However, in that case, the Plaintiff, Russell Greer, did not include allegations as to *why* Joshua Moon was not immune. The court had no other option but to give Joshua Moon Section 230 immunity when they did not have the facts showing *why* Joshua Moon does not qualify for immunity.

Russell Greer had plenty of facts he *could* have put in his Complaint against

Joshua Moon, he just neglected to do so. If Plaintiff Greer inserted a paragraph or

more describing  why Joshua Moon was more of a distributor than an internet

service provider, the outcome of his case would have looked different.

That court also chose to give Plaintiff Rusell Greer permission to file

electronically and also wrote that they "sympathized" with Mr. Greer's plight

with regard to the "vile" things Appellee Joshua Moon was doing to him (page

12 of the judge's Opinion). "The court sympathizes with Mr. Greer's plight.

Based on his complaint, it sounds like people on Kiwi Farms have said vile

things about him and made his life miserable". Interestingly, in the case of the

Appellant, Appellant Scott was arbitrarily denied the right to file electronically

(docket/ECF #46) and she was also shown prejudice - and not sympathy - from

the Western District Court. This glaringly different approach — from one judge in

another federal district court toward another victim of Joshua Moon's who took

on a case against Appellee Joshua Moon -- and with how the Western District

Court treated Appellant Scott in a prejudicial manner, is further proof of

Appellant Scott's 19th assignment of error: Judge Jones had a judicial duty to

recuse himself.

## M. ASSIGNMENT OF ERROR SIXTEEN (16):

### *RES ADJUDICATA* and *COLLATERAL ESTOPPEL*

If the district court believed this case was barred by *res adjudicata* or the

doctrine of *collateral estoppel* it would have been noted in the dismissal as a

reason for the dismissal. As noted in the "Facts and Argument" section of

Appellant Scott's Informal Opening Brief, it was not mentioned in the dismissal

because the case was not barred by either of these doctrines.

## N. ASSIGNMENT OF ERROR SEVENTEEN (17): HEARING

Appellee Joshua Moon, by counsel, falsely claims that "Ms. Scott never

requested a hearing". Firstly, in anticipation of a Zoom face hearing, Appellant

Scott filed a "Notice and Request of Breastfeeding Accommodation"

(docket/ECF #21). Second, the judge ordered the Clerk to schedule the hearing:

"The Clerk shall schedule a bench hearing" (docket/ECF #19, November 16,

2020). When Appellant Scott called to ask what date the hearing was scheduled,

she was advised by the Clerk that it was postponed until the judge ruled on the

Motion to Dismiss. Either way, it was the duty of the Clerk to schedule the

hearing, and that was decided by court order. It was not the duty of Appellant Scott to ask the clerk to schedule it. The clerk had orders from the Judge to do so.

## N. ASSIGNMENT OF ERROR EIGHTEEN (18): ABUSE OF DISCRETION

Appellant Scott has adequately stated in her "Facts and Argument" section - the proper place for detailed expansion of one's argument - the ways in which the district court abused its discretion in the case. Appellant Scott need not repeat that here.

## O. ASSIGNMENT OF ERROR NINETEEN (19):
## JUDICIAL DUTY OF RECUSAL

In his Informal [Response] Brief, Appellee Joshua Moon makes a false statement that Appellant Scott attempts to recuse any judge that doesn't rule in her favor and that she also files civil claims against judges for the same. This is a false statement and a lie. For one, Appellant Scott has had several federal cases dismissed and about 5 cases in state court dismissed. She has only ever filed recusal in 2 cases: once in state court and once here in federal court. Appellant

Scott has accepted more than one dismissal in a case without recusal, as long as the decision was in conformity with the law and rules. What the Appellant Scott will not do, is she will not sit idly by and watch a judge who exacts a course of conduct that is so glaringly prejudicial as to withhold fair ruling. If a judge does not follow the federal rules, federal law and legally binding precedents, a litigant should not be expected to sit idly by. In other cases in which Judge Jones has presided, Appellant Scott has not agreed with his decisions and sometimes curt remarks he has made toward her in writing. She let it go because it's important to "pick your battles". But glaring prejudice is a battle to pick. Refusal of a judge to follow the law and rules is a battle to pick.

Just as in *this* case before the court, a little small district court out in the boonies of Southwest Virginia also attempted to not follow the rules and deny Appellant Scott her rights. Counsel for Appellee Joshua Moon has tried to make a "pony show" out of this issue and falsely accused Appellant Scott of a lot of things. He has misrepresented the facts surrounding that case and lied by omission to the courts. In Buchanan County, in 2017, the Appellant Scott was late to a court case and when tried in her absence, the Defendant lied in court about Appellant Scott. Consequently, a judgment was issued against her. When Appellant Scott went to the clerk's office to immediately file for an appeal, the

clerks - in violation of the law (Va Code 16.01-107(B)) - attempted to extract an appeal bond from Appellant Scott. When Appellant Scott sought an injunction in federal court she was told that the federal court would not grant her relief without disclosing the identities of the judges and clerks who participated in denying her her statutory right under Va Code 16.01-107(B), yet the same federal court offered her no guarantee of protection for publicly disclosing their names. When Appellant Scott went one step higher to the Court of Appeals, she was told a Writ of Mandamus would not solve her issue. The fact still remains, that clerks and judges at Buchanan County courthouse, under "color of law" denied Appellant Scott her statutory rights under Va Code 16.01-107(B). It wasn't much unlike how the Western District Court has treated Appellant Scott in this case.

No litigant wants to be on the receiving end of prejudice, denial of their rights, judicial abuse of discretion, or a mis-trial. But the fact of the matter is, all over the US, judges do in fact at times abuse their discretion, deny basic rights, show bias and/or prejudice against a litigant, or are responsible for a mis-trial. It happens. Appellee Joshua Moon's fantasy illusion that judges never do anything wrong, is just that: an unrealistic fantasy. He refuses to believe that anyone in authority could abuse their discretion or not follow the laws and rules to which they swore an oath to uphold. He wants to copy and paste the words of a

magistrate judge - who had no authority to sign an order in the first place - citing *United States v DeTemple*. A convenient quote, but a quote unsupported by facts. It really is irrelevant if the magistrate judge accused Appellant Scott of "'unsupported, irrational, or highly tenuous speculation" because although that quotation was used to push back against Appellant Scott's assertion that Judge Jones had a judicial duty to recuse himself, not a single fact was presented to support in what way anything Appellant Scott stated in her Motion to Recuse was "unsupported, irrational, or highly tenuous speculation". No facts, whatsoever. Just a quotation pulled out of thin air to try to prevent anyone having to answer why Appellant Scott was treated in a prejudicial manner.

## CONCLUSION

Appelle Joshua Moon's Informal [Response] Brief is replete with sweeping generalizations and broad denials not based on any facts. He absurdly denies that Appellant Scott has expanded on her assignments of error when the entire expansion of them is detailed in her "Facts and Argument" section. He also attempts to fault Appellant Scott for not using case law, when the Fourth Circuit instructions for Informal Briefs is that it need not contain case law. Appellant

Scott has adequately demonstrated in her briefs to the Fourth Circuit Court of Appeals that she has an arguable basis in law for her meritorious appeal.

Page after page of Appellant Scott's Informal Opening Brief demonstrates that the district court treated Appellant Scott in a prejudicial manner and did not apply the Federal Rules of Civil Procedure and binding legal precedents, as required by law. Not on one occasion, but on *many* occasions. They ignored binding case law in briefs presented by Appellant Scott. When Appellant Scott objectively and with multiple facts demonstrated in a Motion to Recuse exactly how and why Judge Jones was acting in a prejudicial manner toward her, it was ignored.

This Court of Appeals should consider carefully how and why the district court did not follow the Federal Rules of Civil Procedure and binding case law in this case with Appellant Scott. There is absolutely no excuse or valid legal explanation for why at multiple turns they ignored binding case law and the rules. This court should look carefully at the Motion to Recuse filed March 1, 2021 (ECF/docket #58, 60) and supporting exhibits. This court should use its discretion to ascertain just how much of what John Doe 3 told Appellant Scott in email was true. In response to the submission of these Exhibits the court went silent and never once denied what John Doe 3 stated. They went silent for

months even though the Judicial Code of Ethics says that a judge should not

"permit others to convey the impression that they are in a special position to

influence the judge" (Canon 2B). This court should consider why exhibits

demonstrating John Doe 3 telling Appellant Scott that multiple defendants had

conspired against Appellant Scott with the judge were ignored instead of the

judge openly stating that anything John Doe 3 said was not true. Why was John

Doe 3 permitted to convey that certain defendants were in a special position to

influence the judge? This court should also consider *why* the district court went to

such great lengths to hide the identities of Jane Doe 1 and John Does 1-3. Who

exactly was the district court trying to protect?  This court should use its

discretion to see objectively whether or not an underlying conflict of interest

exists between counsel for Appellee Joshua Moon and Judge Jones.

Regardless of underlying motives, Judge Jones had a judicial duty to

recuse himself for treating the Appellant Scott with prejudice. That can be

observed objectively without any review of the Motion to Recuse just by the way

the case was handled. Judge Jones did not follow the Federal Rule of Civil

Procedure nor binding legal precedents in case law handed down from the US

Supreme Court and Fourth Circuit. Neither did the magistrate judge who signed

orders with no legal authority to do so. At multiple turns in the case Judge Jones

handed down prejudicial rulings against Appellant Scott. Appellant Scott's Informal Opening Brief adequately details the multiple ways in which the district court erred and did not follow the rules and binding case law. It is incumbent upon this Fourth Circuit Court of Appeals to correct that.

Further, based on all the facts and statements contained herein, and in the Appellant's Informal Opening Brief, this court should (a) permit the appeal to proceed by granting Appellant Scott a certificate of appealability and thus, grant her leave to file a Formal Brief (b) Appellee Joshua Moon's motions to dismiss should also be denied and (c) this court should not enforce the Appeal Bond Order from the district court which does not comply with federal law, federal rules and legally binding case law.

I ASK FOR THIS,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
(VA ACP address (Va Code 2.2-515.2))
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this INFORMAL REPLY BRIEF to Counsel for the

Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C.,

20006, and at matthewdhardin@gmail.com AND Counsel Chris Dadak, Counsel for the

Defendant Wise County Department of Social Services, Christopher Dadak,

Guynn & Waddell PC, 415 S College Ave, Salem, VA 24153, and at

christopherd@guynnwaddell.com, etc on this _16th_____ day of NOV., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu