IN THE FOURTH CIRCUIT
COURT OF APPEALS

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| | ) | |
| APPELLANT. | ) | |
| | ) | |
| V. | ) | Case No. 21-2006 |
| | ) | |
| WISE CO. DSS, | ) | |
| ET AL., | ) | |
| | ) | |
| APPELLEES. | ) | |

## APPELLANT'S REPLY
## TO APPELLEE JOSHUA MOON'S
## MOTION FOR ATTORNEY'S FEES

Appellee Joshua Moon, by counsel, did <u>not</u>, pursuant to Local Rule 27(a) inform Appellant Melinda Scott about his motion prior to the filing of said motion. Appellant Melinda Scott OBJECTS to the granting of the motion for attorney's fees the reasons that follow.

## I.    APPELLEE JOSHUA MOON PROJECTING HIS OWN ABUSE ONTO APPELLANT SCOTT

**Argument.** Appellee Joshua Moon and Counsel Hardin, who is counsel for Appellee Moon, would like to deceive this court into thinking that Appellee

Moon is a victim of vexatious litigation. In an absurd twist, Counsel Hardin has tried to lift and "copy cat" the Appellant's statements in prior pleadings which state that Appellee Joshua Moon is abusive toward the Appellant. Counsel Hardin attempts to turn her words back on the Appellant and falsely project it back on Appellant Scott. He absurdly believes that a litigant filing to assert their rights in court equates to "abusing" the legal system and "legal community". These conclusions of Appellee Joshua Moon, by Counsel Hardin, are delusional. The legal community of the US is composed of millions of people. In no way can Counsel Hardin present any evidence that Appellant Scott has been hostile to the entire legal community of the US.

**Asserting rights is not abuse of process.** Appellant Scott does not deny that she sent the Magistrate Judge in the district court an email objecting to the illegal proposed order Counsel Hardin emailed to the same judge. It was an illegal order in violation of 28 USC 636 (c)(1), 28 USC 636 (d)(4), Federal Rule 73, and Local Rule 72. The Order was also illegal because it was fabricated in violation of the US Supreme Court rulings and the rulings of the Fourth Circuit as well, as noted in the Appellant's filings before this court. The fact that Counsel Hardin believes that Appellant Scott should stay silent in that situation is very telling of his mindset. Appellant Scott had every right to state that if they would conspire in depriving her of her rights, she would alert the appropriate authorities. One would think that a judge and a lawyer who swore an oath to uphold the US Constitution and the law would not even need to be told that an illegal order was unbecoming and unprofessional. This court should carefully and objectively observe *why* Counsel Hardin felt so comfortable approaching a judge with an order that did not conform with federal law and the rulings of the US Supreme Court.

Appellee Joshua Moon, by counsel, seeks to make a "pony show" out of the fact that the Appellant Scott has raised valid concerns about the conduct of Judge Jones and Magistrate Judge Sargent. Every one of her concerns has been objectively argued according to facts, rules and laws, things Counsel Hardin seems to think is optional in a court of law. Counsel Hardin has tried to deceive this court into believing that Appellant Scott's objections and Motion for Recusal have anything to do with "unfavorable rulings". The laws and rules weren't followed in the district court and Appellant Scott simply pointed that out. If the laws and rules weren't followed to the point of unfavorable rulings against Appellant Scott, then that is another layer of issue. The fact still remains: Judge Jones and Magistrate Judge Sargent did not follow binding case law and rules on more than one occasion. Because Counsel Hardin and his client benefited from that, of course he will try to parade whatever information he can to make it appear as though they should be immune from accountability. No judge is immune from accountability when it comes to the appeal process.

**Legal Corruption in Southwest Virginia.** That includes the judges of Buchanan County General District Court. Counsel Hardin has repeatedly lied to the courts and stated that "In the past, when Ms. Scott hasn't gotten her way in either the state or federal trial courts, she has filed petitions for writs of mandamus or even sued the judges and clerks. See, e.g., Scott v. Lyall et al., Case No. 2:17-cv-50 (filed after the Buchanan General District Court awarded Case 2:20-cv-00014-JPJ-PMS Document 90-1 Filed 10/13/21 Page 10 of 19 Pageid#: 585 sanctions against Ms. Scott)". The reality is, that just like the Western District Court of Virginia attempted to deny Appellant Scott her appeal rights under "color of law", a little small town in Southwest Virginia did the same. In 2017, the Appellant Scott was late to a court case and when tried in her absence, the

defendant in that case lied in court about Appellant Scott, resulting in a judgment issued against her. When Appellant Scott went to the clerk's office to immediately file for an appeal, the clerks - in violation of the law (Va Code 16.01-107(B)) - attempted to extract an appeal bond from Appellant Scott. When Appellant Scott sought an injunction in federal court she was told that the federal court would not grant her relief without disclosing the identities of the judges and clerks who participated in denying her her statutory right under Va Code 16.01-107(B), yet the same federal court offered her no guarantee of protection for publicly disclosing their names. When Appellant Scott went one step higher to the Court of Appeals, she was told a Writ of Mandamus would not solve her issue. The fact still remains, that clerks and judges at Buchanan County courthouse, under "color of law" denied Appellant Scott her statutory rights under Va Code 16.01-107(B). It wasn't much unlike how Counsel for Appellee and the Western District Court has treated Appellant Scott in this case: an attorney who lies in a court of law and subsequently, a court denying appeal rights under "color of law". The cases parallel each other.

**Legal corruption a pattern of behavior in Southwest Virginia.** It's really brave of Counsel Hardin to bring up the Buchanan County case but ultimately it undermines his arguments because it shows a pattern of behavior from courts in Southwest Virginia: they don't always like to follow the rules of and laws. Just as the Western District Court of Virginia has attempted to deny Appellant Scott her appeal rights under "color of law", the same happened to her in Buchanan County GDC. This court should observe carefully that in the last 10 years of Appellant Scott having to deal with civil cases in counties throughout Virginia, the only counties where she has ever had issues with the denial of Appeal rights have been west of Roanoke, VA. In litigation in Prince William,

Fauquier, Warren and Franklin counties, Appellant Scott never once had issues like she has had with the judges and clerks west of Roanoke, VA. In each of those other counties east of Roanoke, VA Appellant Scott went to court for Divorce proceedings, Landlord/Tenant issues, and Torts. All of those judges managed to issue rulings in compliance with the law. The problem is not Appellant Scott, it is the cultural norms of Southwest Virginia that apparently bend toward corruption.

Counsel Hardin is also a graduate of Southwest Virginia and he has repeatedly dealt with Appellant Scott with impropriety. Counsel Hardin's multiple lies to the district court have been documented thoroughly by Appellant Scott in the district court (ECF/docket #75, 89, 96). He even lied again in his motion for attorney's fees filed in the Court of Appeals by stating that Andrew Carlson was Appellant Scott's "ex-boyfriend". He lied a second time in his motion by falsely stating that Appellant Scott "failed to obey Court orders by re-filing identical claims after her prior suits were dismissed, and by attempting to extort Mr. Moon into removing content from the internet under the guise of "settling" her current case". These are lies because Appellant Scott's former cases were dismissed *without prejudice,* and because Appellant Scott never attempted to extort Mr. Moon. It was Appellee Mr. Moon that emailed Appellant Scott first asking her to withdraw her Complaint. Appellant Scott said "no" and then said he always had the option to settle. Appellant Scott named reasonable terms of settlement. Of course, this point was lost on Appellee Moon because he is altogether unreasonable and unable to function civilly, as evidenced by his ownership of KiwiFarms.net and malice, further described below.

Counsel Hardin apparently finds lying behavior amusing because his lies to the courts have no end. They just keep coming and coming. His frequent

pattern of lying is the very reason Appellant Scott said she would report him to the BAR association. Somewhere in his life, Counsel Hardin learned that he could get away with lying. Counsel Hardin, as a former prosecutor in the state of Virginia, may have gotten away with this lying behavior against *pro-se* inmates who had no access to legal libraries, but now he stands toe to toe with a woman who is not going to tolerate his attempts at trying to peddle "color of law" and lies before a court. Because Appellant Scott has repeatedly pointed out his attempts at trying to circumvent the rules and case law, he began lying about her in pleadings to try to get his way. Counsel Hardin noted in his filings that he has never met in his life a litigant who has come at him as strong as Appellant Scott. Apparently, most of the people he previously came up against in court must have been unequipped with knowledge of their rights. Somewhere along the way Counsel Hardin learned that if he could lie in court, he could get his way.

**Appellee Joshua Moon lies like his attorney, even while signing under "penalty of perjury".** In his "Declaration" attachment (Fourth Circuit Court of Appeals docket #21-4) Joshua Moon submitted an Exhibit from the district court that he signed "under penalty of perjury". In that Exhibit, Joshua Moon lied to the district court and stated that Appellant Scott threatened to shoot him if he attempted to collect a judgment from her. He made this up as a lie. He also is projecting his own threats of violence back on her, as detailed below. Nowhere, in any place, at any time did Appellant Scott ever threaten to shoot Joshua Moon. Appellee Joshua Moon put on paper, under "penalty of perjury" a blatant lie that he then submitted to the district court and now he has re-submitted this lie to the court of appeals. Joshua Moon also did this because Appellant Scott reported his website user's death threats to the district court (ECF/docket #43, 98).

While Joshua Moon likely overlooked docket #43 which was filed before his attorney's "Notice of Appearance", docket #98 likely was read by his attorney. As a defense to his website's death threats being exposed, Counsel Hardin and Joshua Moon conspired to lie about Appellant Scott in the attached "Declaration". Joshua Moon is *projecting* his website users death threats back onto the Appellant in retaliation for her speaking up. This court should take note of this devious, manipulative, lying behavior of Joshua Moon and the fact that his attorney was okay with him submitting a lie to the courts.

What the Appellant actually stated online was that anyone trespassing on her property in violation of Virginia law 18.2-119 would have the cops called on them and deadly force would be used if necessary. Appellant Scott has attached Exhibits demonstrating this (ECF/docket #101, Exhibit G). These statements came *after* Joshua Moon made a YouTube video threatening violence against Appellant Scott (see footnote 5 below). These statements came *after* Joshua Moon incited and encouraged his website users to make threats about trespassing onto Appellant Scott's property, which are numerous in volume and continue to be posted daily, as Joshua Moon's website users are furious that KiwiFarms.net owner has been sued and held accountable. These statements by Appellant Scott also came after a years long history of Joshua Moon's website users threatening, stalking and harassing Appellant Scott (see page 25 below for a full list of citations of death threats and threats to do bodily injury toward Appellant Scott *and her minor children* from anonymous users of KiwiFarms.net).

**Joshua Moon is not a victim**. The reality is, the only abusers are Appellee Moon, who abuses his hand picked targets, like Appellant Scott, and his attorney, who has repeatedly gone to the extreme by employing the abusive tactic of

pathologically lying in court pleadings about the Appellant in order to gain an advantage.

Joshua Moon was warned he would be sued if he did not cease and desist the tort of Appropriation against Appellant Scott. He has been repeatedly sued by more than one targeted individual who has been victimized by his website KiwiFarms.net. He chose his course of action and took all the risks associated with using people's name and photos without their permission in order to socially abuse them by doxxing, Cyberstalking, Cyberbullying, Internet Harassment, nd public defamatory comments on his website KiwiFarms.net. He chose, by his own free will, to become the owner of a website that encourages illegal defamatory content, social abuse, Cyberstalking, and Cyberbullying. His site has repeatedly been reported to the FBI and he has had to answer to the FBI before for content on his site.

Joshua Moon falsely claims in his "Declaration" that his website is "operating legally" (ECF/docket #91-1, ¶13). His website in fact, is not operating legally. The reality is he has evaded many legal consequences because he has strategically targeted individuals who cannot afford legal representation. He has circumvented many legal consequences simply because the majority of those he targets on KiwiFarms.net have little to no ability to hire legal representation. This is why Joshua Moon will not target people with a lot of money that could afford legal representation: he would surely go bankrupt and his site would disappear because of the myriad of stalking, defamatory and abusive content that he hosts.

## II. APPELLANT SCOTT'S RESPONSE TO SOCIAL ABUSE
## PERPETUATED BY APPELLE JOSHUA MOON

**A victim's response.** Anger and rage are reactions experienced by the victims of Cyberstalking, Cyberbullying, Internet harassment, and social abuse. Nearly *all* of Joshua Moon's victims have expressed anger at him. Some of Joshua Moon's victims' anger has gone inward because of their experience. Those particular victims have committed suicide because of his website. Some of his victims have been forced to shut down their small businesses because of his website's defamatory comments against them. Other victims (not Appellant Scott) have dealt with their anger and rage at Joshua Moon by putting a knife up to Joshua Moon's throat. Still others of Joshua Moon's victims, including Appellant Scott, have chosen to sue him.

Appellant Scott is not alone as a targeted victim of KiwiFarms.net in her decision to take legal action against Joshua Moon. Appellee Moon and his counsel's lack of awareness of *why* people would feel anger and rage at Joshua Moon is very telling of their mindset of arrogance and lack of civility. Any self respecting person with the educational and financial means to do so would sue Joshua Moon for using his website to psychologically abuse them. The sheer fact that Joshua Moon wants to appear dumbfounded and victimized that Appellant Scott is suing him is a thin veil for his arrogance and entitlement that he is above others and above the law.

There's no right or wrong way for a victim to feel in these situations. There is no manual that guides the *adult* victims of Cyberbullying, Internet harassment and online social abuse. Appellee Moon, by counsel, seeks to invalidate the experience of Appellant Scott with curt accusations and gaslighting of her

experience. They also wrongly believe that Appellant Scott using KiwiFarms.net
to confront the people abusing her is somehow contradictory to her statements in
her Complaint regarding the intentional orchestrated scheme by Joshua Moon to
unleash a several years long abusive crusade against her by means of his website
(KiwiFarms.net). There is no contradiction in Appellant Scott's Complaint and
her posting on KiwiFarms.net. Appellant Scott is not legally or morally obligated
to be silent in this situation. However, after a 3 year period of silence in which
Appellant Scott ignored a lot of the content on KiwiFarms.net as beyond her
control, the Appellant elected to respond on KiwiFarms.net.

Appellant Scott's posting on KiwiFarms.net served the specific goal of:
(a) confronting the Cyberstalkers stalking her (b) to confront and correct the users
making defamatory comments about her (c) to confront the misogynistic public
statements being spread around on KiwiFarms.net about her (d) to push back
against their attempts to publicly discredit her (e) to use truthful and non-truthful
statements on KiwiFarms.net to solicit and elicit responses from these same
anonymous users in order to identify them and (f) To extract IP addresses from
users  through traffic to a third party site.. Using the *website* for protective means
does not mean that Appellant Scott  consents or condones the existence of the
socially abusive website known as KiwiFarms.net. It is not uncommon for
victims of Cyberstalking, Cyberbullying, Internet Harassment, online
Defamation, and online social abuse to confront their abusers in the very place
where it is occuring: oline. No one is legally or morally obligated to be silent in
these situations.

**A victim need not stay silent.** Appellant Scott is not legally or morally
obligated to retreat into silence and hide from those socially abusing her on
KiwiFarms.net. Yet that is what abusers like Joshua Moon, his employees and his

dedicated users want from their victims: a retreat into silence. Joshua Moon has an abuser's mentality. Abusers want their victims to hide in shame and fear. Abusers want to silence their victims and Joshua Moon is no exception. This is the core reason Appellee Moon does not want Appellant Scott to have access to courts to bring him to accountability for uncivilized and extreme behavior.

If a person would be the victim of racism in which online users went to the extreme length of socially abusing them online by repeatedly making racially derogatory remarks, no one would expect them to stay silent. America no longer tolerates flagrant displays of racism. Despite the fact that misogyny is often tolerated as a "normative dysfunction" in American society, that does not mean that Appellant Scott must retreat into silence.

A woman speaking openly about her sexuality is a one way in which she advances women's equality. A concept in gender equality theories is that if a woman shows up to "own her sexuality" by "owning her story", she pushes back against misogynistic "slut shaming" and sexism flung at her. Abuse like publicly endorsed misogyny projected at an individual should never be ignored. By speaking openly and unashamedly about her life choices, with regard to her sexuality, Appellant Scott pushes back against the flagrant misogyny which was one of the major reasons she was chosen as a target on KiwiFarms.net[1].

Appellant Scott's choice to make bold statements on KiwiFarms.net about her sexuality has nothing to do with desiring companionship with other users of the site. It doesn't enable their Cyberstalking because Appellant Scott has never once revealed any personally identifying information that would enable their

---

[1] As noted in her prior filings in the district court and Fourth Circuit Court of Appeals, the stalking obsession and attempt to publicly shame Appellant Scott has largely centered around her choices to express her sexuality outside of the norms of patriarchy. Additionally, both Appellee Joshua Moon, his "True and Honest fans" of the site and other Anonymous Trolls on KiwiFarms.net have obsessed over the fact that her children have different biological fathers.

Cyberstalking. The users of KiwiFarms.net have gathered their own Cyberstalking information all by themselves with no help from Appellant Scott, and long before she ever began posting on the site. Whatever Appellant Scott has posted on KiwiFarms.net has been done with the goal of "owning her story".

**Appellant Scott's comments on KiwiFarms.net.** The Appellant's participation in posting on KiwiFarms.net in order to solicit information from anonymous users to identify them and to correct and confront defamatory statements from its users is not an endorsement of the site. Counsel Hardin's attempt to construe her participation in the site as an endorsement of the site is unfounded and absurd. It is not uncommon for the victims of Cyberharassment, Cyberstalking and Cyberbullying to confront their abusers in the very place where it occurs. Counsel Hardin shows a grave ignorance about what constitutes a common response of victims of Cyberstalking, Cyberharassment and Cyberbullying. He also believes that the Appellant has a duty to retreat in silence in these situations, where no such moral or legal obligation exists.

Further, Appellee Joshua Moon, has wrongfully stated in his "Declaration" that comments by profile "Tamar Yael Batyah" cannot be edited. This is incorrect, because Joshua Moon and his administrative staff can indeed change Appellant Scott's profile comments. Appellee Joshua Moon, by counsel, also seeks to improperly remove Appellant Scott's statements out of their proper context. Here below the Appellant answers the inclusion in Appellee Moon's motion and attachments of statements she has made on KiwiFarms.net:

       a.   Statement #1 does not establish an "improper motive". In fact the opposite. Appellant Scott said clearly: "I'm not a Pacifist". Hence, Appellant Scott is of the mind to take legal action, not just act like nothing happened. A

litigant also saying they reap the benefit of "legal education" in the process is not a showing of an "improper motive" either. The extensive amount of legal case research required of the Appellant to engage in the case, done on her own behalf, is a learning process. Counsel Hardin's conclusion that that constitutes an "improper motive" is absurd.

b.   Statement #2 is irrelevant and establishes nothing except the fact that a litigant sued someone.

c.   Statement #3 is irrelevant. A litigant suing someone because they believe in "eye for eye" doesn't insinuate an "improper motive". This court is not a Theological Monarchy. The court can't discriminate on a litigant because of their religious beliefs that coincide with their decisions to take legal action.

d.   Statement #4 needs to be put into its proper context. Counsel Hardin seeks to remove the Appellant's statement out of the context in which it was spoken. The Appellant was stating that *verbal abuse* did not bother her, not the entire actions of Joshua Moon. There is no contradiction or inconsistency with her Complaint because the Appellant *never* alleged in her Complaint that *verbal abuse* of users of KiwiFarms.net bothered her. Appellee Moon, on his own, and by counsel seeks to deceive this court by removing a quotation of Appellant Scott out of the context in which it was said. A profile user on KiwiFarms.net asked the following question that preceded Appellant Scott's response:

    i.    "Tamar Yael BatYah" (post# 6,147): "Your theory about verbally abusive threads falls a little short. Yes, I choose to be here to debate

but I also said that **I'm not affected by your verbal abuse. So while I believe that the majority of you ARE verbally abusive it doesn't affect me emotionally or mentally because I'm not in Covenant with you"**

    ii.   "Redcent" (post#6,148) (in direct response to the above quotation): "So why the big bold letters then? Why the lawsuits then? Why did you bother filing lawsuits if you're not bothered by anyone talking about you?"

    iii.   "Tamar Yael BatYah" (post #6,149): "The reason I filed the lawsuits, even though I'm not bothered by what is said here, is because…."

e.   Statement #6 does not establish an improper motive nor is it a contradiction to anything Appellant Scott stated in her Complaint. Appellant Scott *never* stated in her Complaint that she values KiwiFarms.net users' *opinions* concerning her online. She clearly said in her Complaint other's defamatory remarks visible by *society*, their stalking, and other malicious behaviors described in paragraphs 65 through 80 in her Complaint where the issue at hand. Counsel Hardin fails to make this distinction between these facts.

f.   Statement #7 is a neutral statement that the Appellant made to elicit information from Cyberstalkers on KiwiFarms.net. The Appellant never used any adjectives in that sentence describing whether that was good or bad for her.

g.  Statement #8 was a non-truthful statement made by Appellant Scott to users of KiwiFarms.net to elicit certain information. Appellant Scott made a series of statements on KiwiFarms.net between January 5, 2020 and the present date. Some of the statements made by her on KiwiFarms.net were truthful and some were not. The non-truthful statements served a purpose, as the Appellant had a planned intent of using a mixture of truthful and non-truthful statements to users of KiwiFarms.net for the purpose of eliciting responses to gather information of the identities, motives and affiliations of the users Cyberstalking her. The Appellant is under no moral or legal obligation to tell the truth online to people Cyberstalking her. She has every legal right to protect herself from Cyberstalkers by any means necessary, including telling them non-truthful information to figure out who they are.

h.  Statement #9 is irrelevant in that it establishes nothing other than the fact that Appellant Scott's interactions with users of KiwiFarms.net resulted in her taking the notes she made on what they were saying and turned it into a paper.

i.  Statement #10 is irrelevant in that it establishes nothing other than the Appellant saying that KiwiFarms.net didn't injure her self-esteem. There is no contradiction with her Complaint.

j.  Statement #11, like statement #4, has been taken out of its context by Appellee Moon and Counsel Hardin to make it appear the Appellant is saying something she is not. The Appellant was put on the defensive

publicly by Appellee John Doe 2 ("Karl_der_Grosse") to answer to his accusation regarding her *financial credibility*. The Appellant *directly responded to* Appellee John Doe's claim that she was financially dishonest in matters of business to which the Appellant responded that her reputation regarding her financial honesty in business was not a "cause for alarm". Nowhere did the Appellant state that her reputation *in society* was not a cause for alarm, therefore, there is no inconsistency between this statement on KiwiFarms.net and her Complaint. Further the Appellant stating that she isn't "losing anything from a bunch of uneducated pagans having a bonfire around my name" directly comes after, and therefore, sequentially refers to the fact that no one has told the Appellant they believe she is dishonest in business because of her name being on KiwiFarms.net. Appellee Moon, and his counsel, seek to lift the quotation out of its context in order to falsely deceive this court into believing the Appellant said something she didn't say. The quotation in context appears below:

i.   "Karl_der_Grosse" (post #4,524): "See, when you grift in one situation...it's pretty likely that you're willing to be financially dishonest in other areas of your life, especially when it's in your clear financial interest to do so. It's called building a reputation and your reputation is pretty bad"

ii.  (Posts#4,525, 4526, 4527 and 4528 were not "TamarYaelBatyah" nor John Doe 2)

      iii.    "Tamar Yael BatYah" (post#4,528 responding directly to post #4,524): "My reputation on Kiwi Farms is scarcely a cause for alarm. I'm not losing anything from a bunch of uneducated pagans having a bonfire around my name. Big deal, I could care less. I'm not a co-dependent. And I wouldn't even care if I was the only person in the world that loved and respected myself. It's called self-partnering. But I'm not sure a moral ingrate like yourself could even fathom that concept".

    k.    Statement #12 is irrelevant because it establishes nothing other than the fact that the Appellant does not hide anonymously online to conduct illegal activities (in contrast to the Cyberstalkers she was addressing in that statement).

    l.    Statement number (13) (docket #90-1) is about the impact of self-employment and homeschooling on the Appellant's financial status, no statement was made regarding the financial impact of Kiwi Farms. From a statement about homeschooling, Counsel Hardin has reached the delusional and false conclusion that "Mr. Moon's website has no impact on her financial status and has not caused her any injury".

2.    Counsel Hardin's conclusions regarding the injuries and motives of Appellant Scott are delusional. The 13 statements he listed prove nothing except:

        1.    The Appellant publicly declared she was not a Pacifist and inclined therefore, to take legal action

2. The Appellant said she would be able to further her legal education while doing case law research for the cases

3. The Appellant's self esteem was not injured by actions of Appellee Moon

4. The Appellant is not bothered by verbal abuse aimed *directly* at her on KiwiFarms.net

5. The Appellant does not value the personal opinions of users on KiwiFarms.net about her

6. Appellant Scott used her interactions with users on KiwiFarms to lead them to click on links to capture IPs

7. The Appellant does not hide anonymously online

3. There is no inconsistency in the statements Appellant Scott has made online on KiwiFarms.net and her Complaint.

# III. APPELLEE JOSHUA MOON'S IMPROPER MOTIVE FOR REQUESTING ATTORNEY'S FEES

**Improper motive for requesting attorney's fees.** In his "Declaration", which he resubmitted as an exhibit to the appeals courts here, Joshua Moon admits that he wants to use attorney's fees as a deterrent to end Appellant Scott's access to the courts (ECF/docket #91-1, bullet 13). He falsely believes he is a victim. He laments that "Ms. Scott has repeatedly sued me since 2017". What he fails to also mention are the *actions that he did which led to being sued*. If a person does an action in 2017, they can be sued in 2017 and beyond, depending

on the statute of limitations. If a person does a new action in 2018, they can be sued again for that action in 2018 and beyond, depending on the statute of limitations. If again a person does a new action in 2019, they can be sued again for that action in 2019 and beyond, depending on the statute of limitations. A *pro-se* litigant's inability to prevail in court because of technical issues in their Complaint does not invalidate their right to access to the courts. There is on legal precedent for Joshua Moon's belief that prior dismissals equate to barring future access to the court for new claims. Joshua Moon's goal of ending the Appellant's rights of access to the courts by a punishment of attorney's fees is illegal. Stopping access to the courts is not the purpose of fee shifting of attorney's fees according to the legal standards of the US Supreme Court and the Fourth Circuit.

## IV. FEE-SHIFTING TO APPELLEE JOSHUA MOON WOULD BE UNJUST

**Unjust awards of attorney's fees barred by legal precedent**. There is no statutory law that mandates an award of attorney's fees for Appellee Moon. It is not "required" under *Teague v. Bakker* as Appellee Moon falsely claims. If anything, *Teague v Bakker* demonstrates Appellant Scott is not liable for Moon's attorney fees: "the trial judge refused to award attorney's fees to either because he considered it to have been a "relatively close and difficult" case as to their liability". Joshua Moon's intentional choices to maliciously target the Appellant make him liable for the legal consequences he risked. He assumed the risk of operating a website that endorses and promotes illegal activity.

The Appellant will share in detail below the binding case law which shows that awards of attorney's fees are barred in situations with "exceptional

circumstances" and in situations in which an award would be "unjust". This court will be briefed below on the correct legal definition of "exceptional circumstances". The Supreme Court has consistently held that an award of attorney's fees is a matter of discretion placed in the hands of judges weighing "exceptional circumstances" and what would not be "unjust". Consequently, the decision is one left to the discretion of the court.

Prior legal precedents show that Appellee Moon's willful malicious conduct toward the Appellant bars an award of attorney's fees . "...[B]ut we have held that Congress intended that the award should be made to the successful Appellant *absent exceptional circumstances [which would render such an award unjust]*" (*Alyeska Pipeline Service Co. v. Wilderness Society, et al., 421 US 240 (1975)* citing *Newman v. Piggie Park Enterprises, Inc., 390 US 400, Supreme Court, 1968:* "unless special circumstances would render such an award unjust"). In *Fairfax v CBS Corp.* the Fourth Circuit Court of Appeals upheld a district court's decision to deny a prevailing defendant's request for attorney's fees because the award of an attorney's fees would be unjust. "The D.C. Court of Appeals relied on this contrast between prevailing defendants and plaintiffs in deciding that a prevailing defendant is presumptively entitled to fees *unless special circumstances render a fee award unjust*" (emphasis added) (*Fairfax v CBS Corp. 2 F. 4th 286, Court of Appeals, Fourth Circuit 2021*). Awarding a malicious defendant with attorney's fees would "render a fee award unjust". In this case here between Appellant Scott and a malicious Appellee like Joshua Moon, an award of attorney's fees would be unjust.

**Malice of Joshua Moon.** Appellee Moon has conducted a course of action against the Appellant that is malicious, sadistic, socially deviant and abusive. Nobody in their right mind would refrain from legal action against a defendant

like Joshua Moon who encourages Cyberstalking on his website. Appellant Scott is not alone in her course of action in suing Joshua Moon. He has been sued in British courts (to the favor of the opposing party) and he has been sued in 2 other federal districts in the U.S.A because of his website KiwiFarms.net. He has never paid on the judgment against him in the British court. He has been reported numerous times to the FBI from multiple people because of the Cyberstalking and death threats that his website has hosted. Appellant Scott is not alone in her observation that Appellee Moon is a malicious, sadistic, socially deviant and abusive person.

His course of conduct toward the Appellant has not been dignified nor civilized. Multiple respected journalists have reported objectively on his character and the abusive nature of the website he owns (KiwiFarms.net). His website has been linked as part of the proximate cause of the suicide of other KiwiFarms.net victims. He and his users victimize other members of society using KiwiFarms.net as a platform to Cyberstalk, Cyberbully, harass, abuse and scapegoat. His website was partially responsible for the suicide of a young teenage girl. All of these facts were noted in Appellant Scott's prior pleadings before this court (docket #43, page 9 and 10).

The root of Appellee Moon's malicious behavior is misogyny. He has repeatedly made public comments about the Appellant trying to "slut shame" her for expressing her sexuality outside of his Patriarchal worldview[2]. He has tried to use his socially abusive website KiwiFarms.net as the host of an attempt to socially abuse and publicly scapegoat the Appellant because her children have

---

[2]

https://kiwifarms.net/threads/2018-12-12-melinda-leigh-scott-v-andrew-carlson-joshua-moon-sherod-degrippo .50975/ in which Joshua Moon says about the Appellant: "Section (e) just claims that Andrew Carlson lied about her being a SLUT WHORE even though her having like a dozen husbands by age 30 would make that statement a fact".

different biological fathers[3]. This behavior from Appellee Moon is a sexist, misogynistic crusade aimed at the Appellant in order to reinforce his and his fellow users' sexist Patriarchal worldview. Joshua Moon has a history of online posting demonstrating misogynistic leanings against anything female. Joshua Moon has posted online his belief that "you stupid living cunts need to suffer. All things with a vagina"[4].

This court has the opportunity to not turn back the hands of time on the struggle for women's rights and women's equality by denying an unjust request aimed at awarding attorney's fees to a malicious, sexist defendant. This court has the opportunity to demonstrate to society that the abuse of women on the basis of their gender and misogyny is wrong, even if the sexist defendant prevails in court. A malicious defendant does not deserve to be compensated under fee shifting of attorney's fees. Unjust awards of attorney's fees to malicious defendants is unconscionable and barred by binding legal precedent.

**Sadism in Appellee Joshua Moon.** Joshua Moon's goal of also getting the Appellant to reimburse his users for paying his legal fees is also sadistic, twisted and unconscionable. After Joshua Moon and his website users socially abused, harassed, made malicious CPS calls against the Appellant, Cyberstalked and Cyberbullied the Appellant for 5 years straight, Appellee Moon and his counsel then have the audacity and incivility to ask this court to have Appellant Scott pay Joshua Moon's abusive users back for their legal fees they paid through

---

[3] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/page-56#post-5824616: "I think a lot of guys looks turn you on, which explains why you're a cum dumpster with 6 babby daddies". https://kiwifarms.net/threads/2019-01-24-melinda-leigh-scott-scott-v-moon-mkv.52722/#post-4258391: "It was also funny to me that not once does she ever categorically deny having 8 husbands, 4 baby daddies, etc. It can't be libel if it's true".
https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/page -331#post-6404876: "By the way, your crotch monkeys have, uh, 7 ½ adult caretakers? Or is it 9 now?"
[4] http://forum.blockland.us/index.php?topic=182825.0

fundraisers to support the illegally operated and socially abusive website KiwiFarms.nent. The court should not turn a blind eye to this sick and twisted mentality within Appellee Moon's pleadings. The very request that an abused victim should pay their opposing party an award of attorney's fees is absurd, unconscionable and the antithesis of a civilized society.

Undeterred by being at knife point and by several people suing him, Joshua Moon has continued to nurture the product of his abusive and malicious mind: KiwiFarms.net. He has done this by his own choice. He could have decided to exercise common decency and change the approach of his website. Despite a public outcry from journalists and concerned citizens against his abusive, sadistic and stalking website KiwiFarms.net[5] Joshua Moon has continued to keep KiwiFarms.net alive. He lacks empathy toward those he abuses and even has laughed and mocked multiple victims of his site who have written him personal letters asking him to relent and cease his abusive behavior because they were losing their customers for their business or because they were experiencing emotional distress. Joshua Moon sadistically feeds like a blood sucking leech off of the power and control he feels over his victims. He relishes in his ability to hide his whereabouts while trying to "doxx" others in order to make them public targets. This court should not turn a blind eye to that fact: that Joshua Moon happily "doxx"s others' personal information, including their residential address, but gives himself the special treatment of hiding his whereabouts so he can be a fugitive from accountability. He is malignant and a burden on civilized society. Joshua Moon is a socially deviant, abusive, sadistic and uncivilized person who lacks the basic skill of common decency, as evident

---

[5] See Docket #43, page 9, footnotes 10, 11, and 12, for a list of journalist articles written about KiwiFarms.net.

by his ownership of KiwiFarms.net.

Common decency invites a person's mind to act civilly toward others in society. There is absolutely nothing civil about KiwiFarms.net. It encourages Appropriation, Cyberstalking, Cyberbullying, Internet harassment, Public Scapegoating, and social abuse. This case is not, as Counsel Hardin falsely puts it, a squabble over "defamatory postings". This case is not about criticism of a public figure or people simply expressing their religious and political views in respectful discourse. This case here before the court is not limited to the issue of "derogatory postings" on KiwiFarms.net, as noted in the Appellant's Informal Opening Brief before the Court of Appeals. Joshua Moon's actions go far beyond the bounds of what a civilized society considers decent behavior. His abusive and sadistic behavior has shocked many decent people.

Joshua Moon is not entitled to attorney's fees because his intentional, reckless, abusive and sadistic course of conduct is an "exceptional circumstance" which bars an award of attorney fees. It would be unjust to reward a malicious defendant an award of attorney fees, even if the opposing litigant does not prevail in court.

## V. APPELLEE JOSHUA MOON HAS THREATENED TO USE AN AWARD OF ATTORNEY'S FEES AS A MEANS TO DISGUISE UNLAWFUL TRESPASS, HARASSMENT AGAINST, AND INFLICTION OF BODILY INJURY ONTO THE APPELLANT

**Elements of injustice.** The district court may deny costs to a prevailing party "only when there would be an element of injustice in a presumptive cost award." *Cherry, 186 F.3d at 446; see also Teague v. Bakker, 35 F.3d 978, 996*

*(4th Cir. 1994).* Awarding attorney's fees to Joshua Moon has a major element of injustice involved: it is dangerous. Joshua Moon has made threats to use an award of attorney's fees to engage in discovery that would usurp the Appellant's residential information to harass her, send drunkards to her house and cause her bodily injury[6]. Multiple anonymous users of Joshua Moon's site have made threats to show up to her property under the guise of "collection efforts" in order to harass her and commit assault and battery against her. The loyal fan base users of KiwiFarms.net who are socially connected to Joshua Moon are online criminals with a history of crime and cyberstalking their victims.

Before owning KiwiFarms.net, Joshua Moon previously helped create a website called "8Chan"[7], known for its "Extremist Hate". "8Chan" was shut down by a host company called "Cloudfare" because of mass shootings orchestrated by its users[8]. When that site was shut down, the gang of socially

---

[6] Joshua Moon owns a YouTube channel called "MATI Archive". In a YouTube video published on his channel, which was entitled "The Fungus Among Us" and published September 10, 2021, Joshua Moon stated he had: (a) the intent to harass the Appellant via third parties he planned to hire and send to her house (b) the intent to cause the Appellant bodily injury through a third party he planned to hire and send to her house, (c) the intent to send drunkards, intimidating strangers and trouble makers who bring crime to the Appellant's house to take her money and property. The hyperlink to the video is https://www.youtube.com/watch?v=2BCenYWoLw0./// His statements appear on the following at timestamps: (1) Intent to send a harassing drunkard: 1:05:50: "I need aggravating white trash in the state of Virginia willing to visit this house and demand property...I need the most lickerish man that has ever lived to wear a GoPro and record himself..." (2) Intent to cause bodily injury by a third party: 1:06:34: "I need someone...who can handle himself in a physical confrontation" (3) Intent to harass the Appellant via a third party: 1:06:58: "My thought is, if she's currently being harassed by white trash incarnate, she cannot sue me anymore...". (4) Intent to engage in phone harassment 1:07:10: "being called at random hours of the day" (5) Intent to send strangers to the Appellant's residence: 1:07:15 "and being visited by a strange man..." (6) Intent to use video footage for Internet Harassment: (a) 1:07:34: "You can stream the footage" and (b) 1:07:37 "As long as I can also do whatever I want with the footage.(7) Intent to send a troublemaker who brings crime along with him to Appellant's house: "Ice Poseidon needs money, right?". "Ice Poseidon" (Paul Denino) is another toxic website owner whose followers commit crimes against people featured on his show (See https://dotesports.com/streaming/news/ice-poseidon-releases-open-letter-to-twitch-apologizes-for-past-behavior)

[7] https://wiki.bibanon.org/8chan_Chronicle

[8] https://www.usatoday.com/story/news/nation/2019/08/04/8-chan-third-mass-shooting-2019-linked-webs-darkest-reaches/1917135001/

deviant criminals and stalkers of 8Chan followed Joshua Moon over to KiwiFarms.net. KiwiFarms.net became the replacement for 8Chan. It is the new place where his users are encouraged by Joshua Moon to engage in malicious behavior against their victims.

An award of attorney's fees that would disclose identifying information about the Appellant would be dangerous for the Appellant and her minor children. Between March 13, 2017 and the present date, users of Appellee Moon's website KiwiFarms.net have engaged in Cyberstalking behaviors, including but not limited to: (a) tracking the Appellant's residential information[9] (b) tracking the Appellant's county of residence[10] (c) tracking the Appellant's whereabouts[11] (d) sharing information from their findings of bullets (a) through (c) for an international audience by posting it on the website KiwiFarms.net, (d) sent the Appellant harassing emails saying they intended to use her residential information to exploit and harm her (see ECF/district court docket #43, Exhibit A), (e) made death threats to the Appellant (ECF/district court docket #43, exhibit B) (f) made threats to do bodily injury to the Appellant[12] (g) made threats to do bodily injury to her children[13] and (h) made threats to stalk her children through "doxxing" and otherwise[14] (also docket #43, exhibit A).

Joshua Moon helped develop "8Chan" that he helped develop, and then later created "16Chan"[15]. Both sites were for extremist hate groups that also promoted child pedophilia[16]. *"The Daily Dot* wrote that the 4Chan and 8Chan

---

[9] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6902180
[10] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-10233989
[11] https://kiwifarms.net/threads/2018-12-12-melinda-leigh-scott-v-andrew-carlson-joshua-moon-sherod-degrippo.50975/post-4097481
[12] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6005455
[13] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6939700
[14] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-10278703
[15] http://archive.md/ZiCuS; http://matthewhopkinsnews.com/?p=4135
[16] https://rationalwiki.org/wiki/Online_pedophile_activism#8chan

boards existed to share sexualized images of minors in provocative poses, and that some users of those boards post links to explicit child pornography hosted elsewhere"[17]. When 8Chan was removed by Cloudfare, 16Chan became one of its replacements. KiwiFarms.net have also posted cartoon images of young children being sodomized on the site.

One can only be cautious then in wondering why Joshua Moon -- who was involved in these "Chan" sites that promoted child pedophilia -- why he is fixated on getting access to come closer to the Appellant who has minor children. Joshua Moon's real motive for seeking an award of attorney's fees is to use his lawyer as a means of document discovery in order to obtain identifying information about the Appellant and her minor children. This court should not turn a blind eye to Joshua Moon's past history of promoting child pedolphilia on websites which he helped create and also owned.

## V. A LITIGANT'S INABILITY TO PAY

**Awards of attorney's fees against the poor for participation barred by legal precedent.** "But there are countervailing considerations as well. We have observed that 'one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be *unjustly* discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel" (emphasis added) (*FD Rich Co. v United States ex. Rel. Industrial Lumber Co., 417 US 116 (1974)* citing *Fleishmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718 (1967)*. The legal standard given in *FD*

---

[17] https://www.dailydot.com/tags/pedophilia/page/7/;
https://www.dailydot.com/debug/8chan-pedophiles-child-porn-gamergate/

*Rich Co. v United States ex. Rel. Industrial Lumber Co.* is that a litigant cannot "be penalized for merely defending or prosecuting a lawsuit" nor can the poor "be unjustly discouraged from instituting actions to vindicate their rights". That is exactly what Counsel Hardin for Appellee Moon seeks to do: penalize an indigent litigant for asserting their rights. He has sent personal letters in November 2020 and September 2021 to the Appellant to try to intimidate her out of litigation by threat of attorney's fees and post-judgment collections. He has no facts to support his legal conclusions and allegations of "frivolity", "vexatious" and "bad faith", so it is clear his motive is to halt, freeze, stall and end the Appellant's rights. This course of action is barred by the legal precedents of the US Supreme Court and the Fourth Circuit, as cited above.

## VI. APPELLEE JOSHUA MOON HAS FAILED TO MEET THE LEGAL STANDARDS OF THE AMERICAN RULE

**Appellee Moon's repeated incorrect use of the words "frivolous", "vexatious" and "bad faith".** Appellee Moon, by counsel, uses the words "frivolous", "vexatious" and "bad faith" in his Motion and accompanying attachments. However, once again, as typical of his other motions, replies and pleadings, he has failed to define "frivolous", "vexatious" and "bad faith" in accordance with the definitions supplied by the Supreme Court of the US and the Fourth Circuit. The US Supreme Court has supplied the definition of "frivolous" in *Denton v Hernandez, 504 US 25 - Supreme Court 1992*. In *Denton* the Court ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional". The Court in *Denton* went on to say that a Complaint is only

considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'". Under this legal standard, Appellant Scott's Complaint and Appeal do not qualify as "frivolous". Her Complaint was approved for filing in the district court and deemed sufficient for an entry of Default "based on the pleadings and review of the record" (docket #19). This determination in the Order that her Complaint (a "pleading") should proceed to a Default and hearing demonstrates that her Complaint has "an arguable basis in law", otherwise it would have been dismissed long before Counsel Hardin's "Notice of Appearance".

Likewise, "bad faith", according to the legal precedents outlined in rulings by the US Supreme Court, is a complaint or appeal that is "frivolous", which requires going back to the ruling in *Denton*. "[I]n the absence of some *evident* improper motive, the applicant's good faith is established by the presentation of *any* issue not plainly frivolous." (emphasis added) (*Farley v United States,* 354 US 521, 77 S. Ct. 1371, 1 L. Ed. 2d 1529 - Supreme Court, 1957). *Farley* again uses the word "frivolous", which again requires going back to *Denton*. Counsel Hardin's Motion fails the test of these cases. He has failed to present any evidence or facts pointing to an improper motive on behalf of Appellant Scott. Suing someone who engaged in a malicious course of conduct is hardly "improper".

Vexatious litigants also are also not recognized as an impediment to judicial processes under Virginia state law. Virginia has no vexatious litigant clause in its laws. Virginia Code Section 8.01-271.1 mirrors Federal Rule 11 in that it gives courts discretion to declare someone a "vexatious litigant" under section "D" of the code as a form of "sanction". The sanction of declaring someone "vexatious" has been used very sparingly in the history of Virginia. It has also been used

sparingly in the US Supreme Court and the Fourth Circuit. It is used most often in extreme cases, such as one person who filed 750 lawsuits in 14 years (*Judd v Sec. of State WV, et al Fourth Circuit 2011*). Or another, who re-filed a case that was dismissed with prejudice several times (*Kim v. Progressive Northern Insurance Company Dist. Court. D. South Carolina 2017*). Or one individual that filed more than 100 motions for relief in one case that the judges described as "imaginative" (*Whitehead v Paramount Pictures Corp, Dist. Court, ED Virginia 2009*). Or a woman who filed 200 civil complaints in 3 years (*Levy v. Extended Stay America, Dist. Court. WD North Carolina 2013*). These cases do not parallel the actions of Appellant Scott in this case. As such, there is no legal basis for Counsel Hardin accusing the Appellant of being "vexatious".

**Appellee Moon's improper use of legal terms.** Counsel Hardin has repeatedly failed to use the words within their proper legal meanings. The same lack of conscience which leads Counsel Hardin to repeatedly lie without remorse in his pleadings is the same lack of conscience Counsel Hardin displays when he tries to file his pleadings under "color of law". Defining words outside of their legal definition in an attempt to accuse the Appellant is "color of law" work. Counsel Hardin doesn't care about the legal meanings of words and the law. He only cares about an outcome he wants, and he'll use any means necessary to get there.

The reality here is that there is no legal basis for Appellee Moon and his Counsel calling Appellant Scott's pleadings "meritless", "frivolous", "vexatious", "bad faith", "oppressive" or "wanton". He has not presented any facts and case law to support his legal conclusion that the Appellant has acted as any of those adjectives. He failed in using any of these terms within their proper legal meanings in their motions and other attachments and pleadings before this court.

The issue is not Appellant Scott's Complaint, motions, and previous lawsuits, all of which have an arguable basis in law.

**Appellee Moon's Motion and Attachment do not comply with legal standards.** In his Motion and accompanying attachments Counsel Hardin tries to invoke the "American Rule". He arbitrarily selects a quote from *Blue v. United States Dep't of Army* referring to someone who has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons". Once again, this use of this quotation is inappropriately selected because he doesn't support his legal conclusion with any facts. He just plops the quotation into paper without drawing any correlation to any specific fact regarding Appellant Scott. His quotation choice is just a cut and paste of a quotation with no supporting facts. Appellee Moon's counsel *cannot,* and repeatedly has *not,* cited any *findings of fact,* demonstrating that Appellant Scott has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons". He has *not* demonstrated any facts that demonstrate Appellant Scott has acted *according to the legal definitions of* "bad faith", "vexatious", "wanton" or "oppressive". He simply picked terms out of one case and slapped them on paper. He also fails to define these words according to the definitions given in the above cited case law.

**Distinguishing factors of *Blue v United States Dep't of Army.*** Appellee Moon's choice of *Blue v United States Dep't of Army* is inappropriately chosen for the case here. "This case is not one of a district court sanctioning attorneys and their clients for forwarding novel legal claims. Rather, it is a case in which a district court imposed sanctions because the parties and counsel *pressed on a massive scale insubstantial claims unsupported by any credible evidence*" (emphasis added). Here in this case, Appellant Scott has not "pressed on a massive scale insubstantial claims unsupported by any credible evidence". The

Appellant's in *Blue* received sanctions after the district court laid out a series of findings of facts "over a substantial period of time" which "mandated a finding of bad faith". "In March and April 1985, the court conducted extensive sanctions hearings to determine the reasons why plaintiffs had abandoned their claims and whether the claims were frivolous. It heard several weeks of testimony and argument by the parties" (*Blue v US Dept. of Army*). That is the legal threshold: an actual inquiry from a district court to collect findings of facts. "In an opinion dated December 28, 1987, the district court rejected as frivolous Blue's tried claims...." (*Blue v US Dept. of Army*). The findings of frivolity, required by the legal standards of the US Supreme Court, were laid out in an Opinion by the district court in *Blue*. Here, the district court in this case did not do any investigation into facts nor did it set forth any findings of facts pointing to anything that Appellant Scott has filed which demonstrates "frivolity" or "bad faith". This is why Appellee Moon's motion and accompanying attachment are completely void of any findings of fact. His sloppy use of *Blue v US Dept of Army*, which is completely different in the distinguishing factors than the Appellant's case, does not avail as an argument.

**WHEREFORE,** in consideration of the facts contained herein, and because Appellee Joshua Moon's request for attorney's fees is barred under legal precedents due to his misconduct and extremely malicious pattern of behavior toward Appellant Scott, this court should DENY his request for Attorney's fees. A fee-shifting toward a malicious litigant who has intentionally and repeatedly incited and orchestrated cyberstalking, cyberbullying and social abuse toward Appellant Scott through means of his website, would be unjust and unconscionable.

I ASK FOR THIS,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
(VA ACP address (Va Code 2.2-515.2))
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY TO MOTION FOR ATTORNEY'S FEES to

Counsel for the Appellee, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300,

Washington, D.C., 20006, and at matthewdhardin@gmail.com AND Counsel for the

Defendant Wise County Department of Social Services, Christopher Dadak,

~~Guynn & Waddell PC, 415 S College Ave, Salem, VA 24153~~, and at

christopherd@guynnwaddell.com on this __16th____ day of NOV., 2021.


SIGNED,


Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFIED

Melinda Scott
PO Box 1133
Richmond, VA 23218

7018 3090 0001

Fourth Circuit
Clerk
Lewis F. Powe
1100 E. Main
Richmond, VA



014 1125

  

UNITED STATES
POSTAL SERVICE®

1000

23219

U.S. POSTAGE PAID
FCM LG ENV
KINGSPORT, TN
37664
NOV 16, 21
AMOUNT

**$7.31**
R2304N117826-18

Court of Appeals

1 Jr. Court house & Annex
St., Ste. 501
23219