IN THE FOURTH CIRCUIT
COURT OF APPEALS

RECEIVED
2022 MAR 28 PM 2: 27
FOURTH CIRCUIT

MELINDA SCOTT, )
)
APPELLANT. )
)
V. ) Case No. 21-2006
)
WISE CO. DSS, )
ET AL., )
)
APPELLEES. )

## SUPPLEMENTAL APPEAL

*COMES NOW*, Appellant, Melinda Scott, and files this supplemental appeal pursuant to federal law and rules for recent orders signed in the Western District Court of Virginia.

## BACKGROUND

1. On October 12, 2021 and October 18, 2021 Appellant Melinda Scott filed notice to the Western District Court that she did *not* consent to magistrate judge jurisdiction in her case.

2. On November 16, 2021 the Western District Court ordered Appellee Joshua Moon's counsel, Matthew Hardin, to re-file a redacted copy of an exhibit

sealing a residential address of the Appellant Melinda Scott *and* **"any other personal identifiers"**. Counsel for Appellee Joshua Moon had previously uploaded an exhibit with residential address information *and personal identifiers of the Appellant's whereabouts and personal information*. This information was then re-uploaded to the Cyberstalking website KiwiFarms.net, which is owned and operated by Appellee Joshua Moon.

3. The "personal identifiers" Counsel Hardin were ordered to redact were listed in Appellant Scott's "Motion to Seal" (docket #104). They included: (a) county of residence, (b) place of employment, place of graduate school, (c) make, model and year of vehicles, and (d) any other identifying numbers such as social security numbers, etc.

4. Counsel for Appellee Joshua Moon did <u>not</u> redact *personal identifiers* from his re-filed version of the exhibit.

5. The original version of the exhibit was on the internet already on KiwiFarms.net by the time Counsel Hardin uploaded a new exhibit.

6. On November 19, 2021 Appellant Melinda Scott mailed to be filed a Motion to Show Cause for counsel for Appellee Joshua Moon to demonstrate to the court why he did not redact *personal identifiers* of Appellant Melinda Scott in his second filed exhibit.

7. On November 19, 2021 Appellant Melinda Scott mailed to be filed a Motion for Injunction to remove the exhibit from KiwiFarms.net. which is owned and operated by Appellee Joshua Moon.

8. On November 22, 2021 and November 29, 2021, Judge Jones of the Western District Court signed separate orders indicating that he would no longer review any filings from any party in the case because jurisdiction of the case was with the Fourth Circuit US Court of Appeals. All parties were ordered to cease filings.

9. On March 8, 2022 Appellant Scott was contacted by telephone and email by a clerk from the Western District of Virginia to notify her that magistrate judge Pamela Sargent granted her Motion for a Hearing and wanted to schedule a hearing. The dates provided allowed for only 2 weeks, effectively denying Appellant Scott proper preparation time.

10. On March 8, 2022 Appellant Scott responded to the clerk of the court via email notifying the court that: (a) she did not consent to magistrate judge jurisdiction (b) she requested an extension of time on the hearing for valid medical reasons (c) she notified the court that Judge Jones had already ordered a cease of activity on the case (d) she notified the court that she would have to request a Motion to Seal for exhibits to be exchanged in

preparation for the hearing and (e) she would have to also file a Motion for Leave to file due to the fact that Judge Jones already ordered a cease of activity on the case while jurisdiction was still in the US Court of Appeals.

11. On March 8, 2022 and March 9, 2022, while the case was still in the jurisdiction of the US Federal Court of Appeals, magistrate judge Pamela Sargent signed 2 separate orders (a) denying Appellant Scott's right to a hearing and (b) denying Appellant Scott's Motion to Show Cause.

12. The basis for the denial on the Motion to Show Cause was stated that Counsel Hardin had already complied with the court's order to redact the address and personal identifiers.

13. The basis for the denial on the Motion for Hearing was "unavailability of the parties". The order also stated that instead of a hearing being conducted, the matter would be decided upon the pleadings.

## LEGAL STANDARD

(A) Notice to litigant required for Magistrate Judge jurisdiction

Federal law US Code 28 USC 636 (c), as well as local Rule 73 requires the clerk of the court to notify a litigant of magistrate judge jurisdiction and a litigant's opportunity to consent, or deny consent.

(B) Magistrate Judge jurisdiction only by consent of parties in civil case

Federal law 28 USC 636 (b)(4) and local Rule 73 requires that a party in a civil case consent to magistrate judge jurisdiction *in writing* before the magistrate judge may exercise jurisdiction over the litigant.

(C) Retaliatory conduct by judges prohibited by law

Federal law 28 USC 636(c)(2) and local Rule 73 prohibit a judge from acting in a retaliatory manner if a litigant refuses magistrate judge jurisdiction.

(D)Supplemental Notice of Appeal

Federal legal standards permit a litigant to file an appeal on any order entered after the date of judgment.

In *Wicomico Nursing Home v. Padilla, 910 F. 3d. 739, Court of Appeals, Fourth Circuit, 2018* the Plaintiff, Wicomico Nursing Home, "timely appealed the court's order" dismissing their case. Wicomico Nursing Home also then filed a Rule 59 motion to alter or amend the order, which was also denied. They then "timely appealed the district court's order denying their Rule59(e) motion, and the two appeals were *consolidated*." (emphasis added). The Court of Appeals determined that their court "has jurisdiction over the consolidated appeal under 28 USC §1291". Likewise, Appellant Scott's sequential appeals are not barred from being under the jurisdiction of the Fourth Circuit Court of Appeals simply because they were filed in a sequential order. The Fourth Circuit Court of Appeals has jurisdiction over appeals filed sequentially, as evident in *Wicomico Nursing Home v Padilla*.

*Wicomico Nursing Home v Padilla* was not the only time multiple appeals were heard together under the jurisdiction of the Fourth Circuit. In *Kumar v. Republic of Sudan*, the defendant appealed both the default judgments and the denial of its

post-judgment motions (*Kuma v. Republic of Sudan, 880 F. 3d. 144, Court of Appeals, Fourth Circuit, 2018*). Both were accepted by the Fourth Circuit Court of Appeals and they exercised jurisdiction over the case. "[T]his court has found post-judgment orders to be 'final' for purposes of §1291 in a variety of criminal and civil contexts". (*US v Doe, 962 F. 3d. 139, Court of Appeals, 4th Circuit 2020 citing Sportmart, Inc. v. Wolverine World Wide, Inc. 601 F.2d 313, 316 (7th Cir. 1979)*). Further, in *US v Doe* the court clarified that "[M]ost post-judgment orders are final decisions within the ambit of 28 USC §1291 as long as the district court has completely disposed of the matter". The only orders not appealable are "ministerial or administrative" and an order on Motion for Hearing and Motion for Show Cause does not fall under either of those two (2) designations.

"[O]rders entered post-judgment in ordinary civil litigation...are generally appealable, unless they are ministerial or administrative, such as post-judgment discovery" (*US v Doe*). The US Supreme Court has issued similar rulings. "Although 28 USC §1291 vests the courts of appeals with jurisdiction over appeals only from "final decisions" of the district courts, "a decision 'final' within the meaning of §1291 does not necessarily mean the last order possible to made in a case" (*Mitchell v Forsyth, 472 US 511 1985 citing Gillespie v. United States Steel Corp., 379 U.S. 148, 152, (1964)*). The orders of March 8 and March 9, 2022 were

not "the last order possible to be made in a case" and is certainly still appealable, according to the legal standards of the rulings of the US Supreme Court, as noted in *Mitchell* and *Gillespie*. "Thus a decision of a district court is appealable if it falls within "that small class which finally determine claims of right, separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated" (*Gillespie citing Cohen v Beneficial Industrial Loan Corp., 337 U.S., at 546*). At the very heart of the orders are Appellant Scott's "claims of right" to a hearing and sealing of information being used for Cyberstalking, which is, "too important to be denied review". Certainly a litigant's rights are of utmost importance, "too important to be denied review".

## LEGAL ARGUMENT

The Western District Court of Virginia has once again taken a contradictory approach when handling Appellant Scott's case. On November 22 and 29, 2021 Judge Jones ordered a cease of filings in the case on the basis that the case was still in the jurisdiction of the US Court of Appeals, therefore, rendering him unable to delegate filings entered since the case was transferred to the US Court of Appeals.

In a contradictory manner, the Western District Court of Virginia then began to enter orders again in March 2022. These orders were signed by a magistrate judge although Appellant Scott gave prior ample notice that she did not consent to magistrate judge jurisdiction in the case. Further, Appellant Scott was not once given any notice of her opportunity to decline magistrate jurisdiction, as required by federal law.

In a prejudicial manner, the court, by decision of a magistrate judge, offered Appellant Scott only a 2 week window to prepare for a hearing. The dates offered to her were in between March 21 and March 24. This does not present a litigant with enough time to subpoena documents from other parties nor prepare for a hearing. Appellant Scott was offered only a 2 week window to prepare for a hearing even though she requested the hearing several months prior.

On March 8, 2022 Appellant Scott informed the court through email that (a) she did not consent to magistrate judge jurisdiction in the case and (b) she needed to request an extension of time for valid medical reasons. An attachment of Appellant Scott's email to the clerk of the court working for magistrate judge Pamela Sargent is attached. Confidential and private information which compromises the safety of Appellant Scott and her minor children has been redacted. The email address of the clerk has also been redacted for the safety and privacy of the clerk.

In response to Appellant Scott's email, the magistrate judge of the Western District Court of Virginia acted in a retaliatory manner by trying to deny Appellant Scott her right to a hearing and her right for an extension of time for the hearing based upon valid medical reasons. This was yet another prejudicial ruling against Appellant Scott, since Appellee Moon's requests for extensions of times for less severe reasons were granted on more than one occasion (docket #33, 64).

Pursuant to federal law a judge may not retaliate for a litigant's refusal to consent to magistrate judge jurisdiction. Contrary to federal law, magistrate judge Pamela Sargent has tried to strip Appellant Scott of her right to a hearing because she will not consent to magistrate judge jurisdiction.

# RELIEF SOUGHT

Appellant Scott requests that this court reverse the district court orders (a) of March 8 which effectively stripped Appellant Scott of her right to a hearing *and* (b) the district court's order of March 9th in which the district court refused to make Counsel Hardin accountable for releasing private information of Appellant Scott onto the internet to be used by Cyberstalkers. Counsel Hardin did *not* comply with the court's order to redact "any personal identifiers" of Appellant Scott's.

Appellant Scott requests that this court order Counsel Hardin to re-file an exhibit that redacts *all* personal identifiers of Appellant Scott from his exhibits, including her current or past: (a) county of residence, (b) place of employment, place of graduate school, (c) make, model and year of vehicles, and (d) any other identifying numbers such as social security numbers, etc.

Additionally, in order to protect the safety of Appellant Scott and her minor children, Appellant Scott requests that this court order an injunction against (a) Appellee Moon and (b) any third parties controlling archives of KiwiFarms.net, to (c) permanently remove the following from KiwiFarms.net and any archives of the website they control: (1) any and all documents which contain the following personal information about Appellant Scott and her minor children: (a) current or

former residential address information (b) current or former county of residence, (c) current or former place of employment, (d) current or former place of graduate school, (e) current or former make, model and year of vehicles, (f) any other identifying numbers such as social security numbers, etc. and (g) any identifying information which can be used to locate and/or track her minor children.

I ASK FOR THIS
RESPECTFULLY,

*/s/ Melinda Scott, pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342

CERTIFICATE OF SERVICE

I, Melinda Scott, Appellant, do hereby certify that I have mailed a copy of this SUPPLEMENTAL APPEAL to Counsel for Appellee, Joshua Moon, at Matthew Hardin, 1725 I St. NW, Ste. 300, Washington D.C., 20006 on this 24th day of March, 2022.

SIGNED,

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342